# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a | ) | |
| BRAZOS LICENSING AND | ) | |
| DEVELEOPMENT, | ) | Case No. 6:20-cv-497-ADA |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ZTE CORPORATION, ZTE (USA), INC., | ) | |
| AND ZTE (TX), INC., | ) | |
| | ) | |
|     Defendants | ) | |

---

## DEFENDANT ZTE (TX)'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE

---

Defendant ZTE (TX), Inc. ("ZTE TX") respectfully requests the Court dismiss Plaintiff WSOU Investments, LLC's ("WSOU's") Complaint against it under FED. R. CIV. P. 12(b)(3) for improper venue under 28 U.S.C. § 1400(b) because it is a resident of the Northern District of Texas ("Northern District") with no regular and established place of business in the State of Texas; and under FED. R. CIV. P. 12(b)(6) for failure to state a claim since ZTE TX is the wrong entity to defend this action.   In the alternative, for purposes of economy since ZTE TX is the wrong entity, if ZTE (USA) Inc. ("ZTE USA") is transferred under 28 U.S.C. § 1404(a) or § 1406(a) to its appropriate venue, which is the Northern District, then ZTE TX should be transferred with it.

## BACKGROUND

ZTE USA imports, markets, sells, and offers for sale handsets and network equipment (such as the devices accused in this case) in the United States.  ZTE TX does not.  Ex. 1, Shan Decl. at ¶¶ 8, 10.  Rather, ZTE TX is a research and development entity that conducts research unrelated to specific handsets or network equipment (such as the devices accused in this case) for its sole customer, ZTE Corporation ("ZTE Corp."), and offers technical marketing support in connection with ZTE Corp. devices.  *Id.* at ¶¶ 6-7.

ZTE TX is a Texas company with its registered agent in the Northern District. *Id.* at 18.  It has no place of business anywhere in the State of Texas—let alone the Western District of Texas ("Western District").  *Id.* at ¶¶  2, 3, 11-13.  Nonetheless, since *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1516, 197 L. Ed. 2d 816 (2017) was decided, and a series of subsequent cases established that venue in Texas against ZTE USA lies in the Northern District,[1]

---

[1] *See, e.g.*, Am. *GNC Corp. v. ZTE Corp.*, No. 4:17CV620, 2017 WL 5157700, at *1 (E.D. Tex. Nov. 7, 2017), *mandamus granted, order vacated sub nom. In re ZTE (USA) Inc.,* 890 F.3d 1008 (Fed. Cir. 2018); *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *4–5 (E.D. Tex. Sept. 28, 2018); *Fractus, S.A. v. ZTE Corporation et al.,* Order Granting Motion to Transfer to the N.D.Tex., No. 2:17-cv-00561-JRG, Dkt. No 104, E.D. Tex.

plaintiffs such as WSOU bringing cases in other districts of Texas alleging patent infringement based on ZTE devices imported, marketed, sold, and offered for sale in the US by ZTE USA often name other entities (including ZTE TX) as defendants.

Here WSOU filed 11 separate Complaints, each alleging a single count of patent infringement (one patent per Complaint), and each naming three distinct defendants (ZTE Corporation, ZTE (USA), Inc., and ZTE (TX), Inc.), on June 3, 2020.[2]  WSOU asserts venue over ZTE TX under 28 U.S.C. §1391 as well as §1400(b).  Complaint at ¶ 10.  WSOU's sole factual claim as to ZTE TX is an assertion "ZTE (TX) has maintained a place of business at 7000 N Mo-Pac Expressway 200 Austin, TX 7873 [sic]." *Id.*  But ZTE TX has not had a place of business at that location in more than two years.  Ex. 1, Shan Decl. at ¶ 14.

## VENUE IS IMPROPER AS TO ZTE TX ON ALL GROUNDS

### 1. Applicable Law

"Venue requirements exist for the benefit of defendants," *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 38 USPQ2d 1860 (Fed. Cir. 1996), and they are mandatory.  *See* 28 U.S. Code § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or… transfer such case to any district or division in which it could have been brought.") (emphasis added).  "[T]he Supreme Court has cautioned against a broad reading of the venue statute."  *In re Google*, 949 F.3d 1338 (Fed. Cir. 2020).

---

[2] *See* 6:20-cv-00487, 6:20-cv-00488, 6:20-cv-00489, 6:20-cv-00490, 6:20-cv-00491, 6:20-cv-00492, 6:20-cv-00493, 6:20-cv-00494, 6:20-cv-00495, 6:20-cv-00496, and 6:20-cv-00497.  ZTE TX is filing effectively identical venue motions in each of these cases.  On the same day it filed the new cases, without explanation, Plaintiff dismissed 11 previously-filed cases (6:20-cv-00255, 6:20-cv-00254, 6:20-cv-00242, 6:20-cv-00240, 6:20-cv-00238, 6:20-cv-00231, 6:20-cv-00229, 6:20-cv-00228, 6:20-cv-00224, 6:20-cv-00216, and 6:20-cv-211), now closed.

28 U.S.C. §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland*, 137 S. Ct. at 1519.  28 U.S.C. § 1400(b) provides that patent infringement actions "may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.*  Under the first prong of § 1400(b), "a corporate defendant shall be considered to 'reside' only in the single judicial district within that state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located." *In re BigCommerce Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018).  Under the second prong of § 1400(b), a "regular and established place of business" has three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

Patent infringement venue is a matter of Federal Circuit law.  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018).  "[T]he Plaintiff bears the burden of establishing proper venue." *Id.* at 1013.  In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant. *Magnacoustics, Inc. v. Resonance Technology Co.*, No. 97–1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997).

In assessing venue under § 1400(b), the Court must look at the facts that existed at the time the suit was filed. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017). Where venue is improper, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

**2. 28 U.S.C. §1391 Is Inapplicable to ZTE TX**

Venue must be established against ZTE TX separately. *Magnacoustics, Inc.*, No. 97–1247, 1997 WL 592863, at *1. Because 28 U.S.C. §1400(b) is the sole basis for venue in patent infringement actions against US domestic defendants, *TC Heartland,* 137 S.Ct. at 1517, and ZTE TX is a Texas corporation, Complaint at ¶ 5, 28 U.S.C. §1391 is inapplicable and does not provide a basis for venue against ZTE TX in the Western District or any other district.

**3. ZTE TX Has No Regular and Established Place of Business in This District**

28 U.S.C. §1400(b) offers two alternative bases for venue in patent infringement cases: a judicial district "where the defendant has committed acts of infringement and has a regular and established place of business," or "the judicial district where the defendant resides." *Id.*

The place-of-business prong of § 1400(b) requires a plaintiff to prove two separate elements to establish venue: that "the defendant has committed acts of infringement" *and* "has a regular and established place of business" in the district.

To show ZTE TX has a "regular and established place of business" in the Western District, WSO must identify a place of business meeting three independent requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. A "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *Google*, 949 F.3d at 1345. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Cray*, 871 F.3d at 1360.

Plaintiff's venue allegations fail to meet all three of these requirements. First, because venue is measured at the time suit is filed, *Pers. Audio*, 280 F. Supp. at 931, and the 6500 River

Place location closed more than two years ago, *see* Ex. 1, Shan Decl. at ¶ 14, it is irrelevant to the venue analysis in this case.  There is no physical location of ZTE TX in the Western District.  Second, because the identified location closed long before suit was filed, it is not "regular and established," and Plaintiff does not suggest that it is.  Complaint at ¶ 10.  Third, to the extent Plaintiff is trying to blur distinctions between locations of different ZTE entities, Plaintiff cannot show venue as to any of those entities because it cannot show any physical location belongs to a specific entity.

ZTE TX has no place of business in the Western District.  Ex. 1, Shan Decl. at ¶¶ 11-12.  ZTE TX does not market or advertise as having a place of business in the Western District of Texas.  *Id.* at ¶ 13.  ZTE TX does not conduct any business (including any banking activities) out of any location in the Western District of Texas.  *Id.* at ¶ 14.  And ZTE TX does not advertise or represent that it has any place of business, address, or telephone listing in the Western District of Texas.  *Id.* at ¶ 15.  Furthermore, no employees of ZTE TX live or work at any location within the Western District of Texas.  *Id.* at ¶ 16.

Because ZTE TX does not have a "physical, geographical location in the district," it does not have a regular and established place of business in the Western District as a matter of law, and venue is improper under Rule 12(b)(3).  *Google*, 949 F.3d at 1343.

### 4.  ZTE TX Has Not Committed Infringement in This District

35 U.S.C. § 271(a) requires, *inter alia*, that a patent infringement plaintiff show an alleged infringer "makes, uses, offers to sell, [] sells… or imports" a patented invention.  ZTE TX does not "make, offer[] to sell, or sell[]" any products at all (and therefore cannot make, offer to sell, or sell any device accused by WSOU).  Shan Decl. at ¶ 8.  ZTE TX's only use of any handsets or network devices is for internal purposes. *Id.*at  ¶¶ 9-10. Thus, any importation is only for the purpose of such internal use. *Id.* at ¶¶ 9-10.  Since ZTE TX has no place of business in the Western District,

any nonincidental use (or importation for such use) by ZTE TX occurs outside of the Western

District.  *Id.* at ¶ 10.  Consequently, venue against ZTE TX is improper here.

**5.   ZTE TX's Texas Residence Is in the Northern District**

Under the residence prong of § 1400(b), patent infringement cases may be brought only "in

the judicial district where the defendant resides."  28 U.S.C. §1400(b).   "[F]or purposes of

determining venue under §1400(b) in a state having multiple judicial districts, a corporate

defendant shall be considered to 'reside' only in the single judicial district within that state where it

maintains a principal place of business, or, failing that, the judicial district in which its registered

office is located."  *BigCommerce*, 890 F.3d at 986.

Because ZTE TX does not maintain any place of business within the State of Texas, Ex. 1,

Shan Decl. at ¶ 11, its district for infringement venue purposes is determined by its registered

office.  *BigCommerce*, 890 F.3d at 986.  ZTE TX's registered office is located at CT Systems, 1999

Bryan St. Suite 900, Dallas, TX, 75201.  *Id.* at ¶ 18.  This is in Dallas County, which is in the

Northern District.  *See* https://www.usmarshals.gov/district/navigation/tx.htm. Consequently ZTE

TX is solely a resident of the Northern District for purposes of residency-based patent venue and

venue against ZTE TX in the Western District is improper under Rule 12(b)(3).

**6.   Dismissal or Transfer is Mandatory under 28 U.S.C. § 1406**

In contrast with 28 U.S.C. § 1404(a) discussed below, the language of 28 U.S.C. § 1406 is

mandatory:  "The district court of a district in which is filed a case laying venue in the wrong

division or district shall dismiss, or… transfer such case to any district or division in which it could

have been brought.") (emphasis added).  *See, e.g.*, *Patent Holder LLC v. Lone Wolf Distributors,*

*Inc.*, No. 17-23060-CIV, 2017 WL 5032989, at *8 (S.D. Fla. Nov. 1, 2017), *citing Patent Holder,*

*LLC v. Magill, et al.*, No. 1:17-22826-Civ, Dkt. No. 32, at *5 (S.D. Fla. Oct. 10, 2017) (Ungaro,

J.)("[in] a patent case [] venue is governed by § 1400(b), which is not discretionary ... the Court must transfer venue").

Accordingly, ZTE TX respectfully requests that the case against it be dismissed; or in the alternative, transferred to the Northern District.

**THE NORTHERN DISTRICT OF TEXAS IS A CLEARLY MORE CONVENIENT VENUE**

28 U.S.C. § 1404(a) permits a matter to be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* Under this statute, the matter may be moved "to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* Thus, the first issue to be determined is whether the proposed judicial district is one in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Venue as to ZTE TX under 28 U.S.C. § 1400(b) would be proper in the district where it resides (the Northern District).[3]

The onus is on the party seeking transfer to demonstrate that the transferee venue is clearly more convenient than the venue in which the action was filed. *Tricon Precast, Ltd. v. Easi Set Industries, Inc.*, 395 F.Supp.3d 871, 878 (S.D. Tex. 2019). If the moving party meets this burden, good cause exists for the transfer to occur. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In determining whether the requisite convenience is present, the court weighs four private interest factors and four public interest factors. *Id.*[4]

---

[3] Because ZTE TX has regular and established places of business in Morristown, N.J. and San Diego, CA, venue would also be proper (but not as convenient) in the District of New Jersey or the Southern District of California.

[4] "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive . . . The public interest factors are: (1) the administrative difficulties flowing from

None of these factors are exhaustive or exclusive, neither is any factor dispositive, *Tricon Precast, Ltd. v. Easi Set Industries, Inc*. 395 F.Supp.3d at 878. In this case, because ZTE TX is an incorrect party, the factors have little bearing on venue except the various "practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315. Practical problems associated with judicial economy are a significant consideration. *Garrett v. Hanson*, 429 F.Supp.3d 311, 319 (E.D. Tex. 2019). "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *Id*.

Since ZTE TX is an incorrect party, it is clearly most convenient for its case to follow the companion case against ZTE USA, which imports, offers for sale, and sells in the United States the products accused by WSOU of infringing its U.S. Patents and which is represented by the same counsel as ZTE TX.[5] Keeping the cases together will avoid duplication of effort for the parties and the Court alike. By contrast, since the Plaintiff is the same as to all three Defendants, and the claims are identical as to all three Defendants (indeed, although improper, plaintiff's claims make no distinction among the different defendants), splitting the cases by severing the 11 cases against ZTE TX from the 11 cases against ZTE USA would be "inappropriate in this situation, as doing so would require the same case to be litigated twice in two different forums." *AGIS Software Dev., LLC v. ZTE Corp*., No. 2:17-CV-00517-JRG (ECF. No. 85), 2018 WL 4854023, at *2 (E.D. Tex. Sept. 28, 2018), citing *In re Rolls Royce Corp*., 775 F.3d 671, 680 (5th Cir. 2014) (A court "should

_____

court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. (internal citations and quotations omitted).

[5] ZTE TX's position here complements that of ZTE Corp., which is similarly situated to ZTE TX in relation to transfer under Section 1404(a).

not sever [a case] if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issue to be litigated in two cases.") (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984)); see also *B/E Aerospace, Inc. v. Zodiac Aerospace et al.*, 2018 U.S. Dist. LEXIS 220294, at *18 (E.D. Tex., 2:16-cv-01417-JRG-RSP at ECF No. 207, Nov. 29, 2018) (Payne, Mag. J.) (recommending transfer of entire case when venue was found to be improper as to certain defendants because "there is no legitimate reason to retain the action against [a single defendant] in this district. Such an outcome would result in needless inefficiencies, particularly for a defendant that appears to have little direct involvement in the manufacture and sale of the accused [products].") (adopted by 2019 U.S. Dist. LEXIS 13495, at *3 (E.D. Tex. 2:16-cv-01417-JRG-RSP at ECF No. 208, Jan. 28, 2019) (Gilstrap, J.)). Accordingly, even if venue were proper as to any of the defendants in this case, it would be clearly more convenient to transfer them all together to the Northern District.

## PRAYER

For the reasons given above, ZTE TX prays the Court dismiss this case for improper venue; or in the alternative, transfer it to the Northern District.

Dated: October 9, 2020

Respectfully submitted,
 */s/ Erick Robinson*

**Dunlap, Bennett & Ludwig PLLC**

Erick Robinson
State Bar No. 24039142
7215 Bosque Blvd., Waco, TX 76710
Telephone:  (254) 870-7302
Facsimile:  (713)583-9737
Email:   erobinson@dbllawyers.com


David R. Keesling, OK Bar No. 17881
Timothy S. Kittle, OK Bar No. 21979
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
(918) 998-9350 – Telephone
(918) 998-9360 – Facsimile
dkeesling@dbllawyers.com
tkittle@dbllawyers.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, October 9, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Erick Robinson*
Erick Robinson
Waco, TX 76710