# EXHIBIT 13

LAW OFFICES
# ANTONELLI, TERRY, STOUT & KRAUS, LLP
SUITE 1800
1300 NORTH SEVENTEENTH STREET
ARLINGTON, VIRGINIA 22209

August 30, 2001

DONALD R. ANTONELLI
MELVIN KRAUS
WILLIAM I. SOLOMON*
GREGORY E. MONTONE
RONALD J. SHORE
ALAN E. STOUT
ALAN G. SCHIAVELLI
JAMES J. DRESSER
WILLIAM J. BRUNDIDGE*
PAUL J. SKWIERAWSKI*
ROBERT M. BAUER
CARL J. S. SVIHLA
HIEU H. BUI*
CARLSON N. STEVENS*
FREDERICK D. BAILEY
DAVID C. OREN
RALPH T. WEBB*

*ADMITTED OTHER THAN VA

OF COUNSEL
DAVID T. TERRY
HENRY M. ZYKORIE*
ROBERT F. GNUSE
HAROLD A. WILLIAMSON

PATENT AGENT
LARRY N. ANAGNOS

TELEPHONE
(703) 312-6600
FACSIMILE
(703) 312-6666

WRITER'S DIRECT EMAIL
hzykorie@antonelli.com



Honorable Commissioner for Patents
Washington, D.C.  20231

Attorney Docket Number: 017.40169X00
Customer Number: 020457

Sir:

Attached please find the application papers of **Tapani LARIKKA and Jari JUOPPERI**, covering new and useful improvements in a **MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE** comprising:

Specification, (47) Claims, and Abstract of the Disclosure (19  pages)

(3) Sheets of Drawings Showing Figures 1-3

U.S. Government Filing Fee $1396.00

Declaration and Power of Attorney  (2 pgs)

Recordation of Assignment with Assignment Document - $40.00

Request for Certification

Please charge any shortage in fees due in connection with the filing of this paper, to the Deposit Account of Antonelli, Terry, Stout & Kraus, LLP Account No. 01-2135 (017.40169X00) and please credit any overpayment of fees to such deposit account.

Respectfully submitted,

ANTONELLI, TERRY, STOUT & KRAUS, LLP

By:

Henry M. Zykorie
Registration No. 27,477

HMZ:dmw

PTO/SB/35 (11-00)
Approved for use through 10/31/2002. OMB 0651-0031
U.S Patent and Trademark Office, U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

| REQUEST AND CERTIFICATION UNDER 35 U.S.C. 122(b)(2)(B)(i) | First Named Inventor | Tapani LARIKKA |
|---|---|---|
| | Title | Message Transfer From a Source Device via a Mobile Terminal Device to a Third Device |
| | Atty Docket Number | 017.40169X00 |

I hereby certify that the invention disclosed in the attached application **has not and will not be** the subject of an application filed in another country, or under a multilateral agreement, that requires publication at eighteen months after filing. I hereby request that the attached application not be published under 35 U.S.C. 122(b).

August 30, 2001
Date

Signature

Henry M. Zykorie, Reg. No. 27,47?
Typed or printed name

This request must be signed in compliance with 37 CFR 1.33(b) and submitted with the application **upon filing.**

Applicant may rescind this nonpublication request at any time. If applicant rescinds a request that an application not be published under 35 U.S.C. 122(b), the application will be scheduled for publication at eighteen months from the earliest claimed filing date for which a benefit is claimed.

If applicant subsequently files an application directed to the invention disclosed in the attached application in another country, or under a multilateral international agreement, that requires publication of applications eighteen months after filing, the applicant **must** notify the United States Patent and Trademark Office of such filing within forty-five (45) days after the date of the filing of such foreign or international application. **Failure to do so will result in abandonment of this application (35 U.S.C. 122(b)(2)(B)(iii)).**

Burden Hour Statement. This collection of information is required by 37 CFR 1.213(a). The information is used by the public to request that an application not be published under 35 U.S.C. 122(b) (and the PTO to process that request). Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This form is estimated to take 6 minutes to complete. This time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO Assistant Commissioner for Patents, Washington, DC 20231.

DONALD R. ANTONELLI
MELVIN KRAUS
WILLIAM I. SOLOMON*
GREGORY E. MONTONE
RONALD J. SHORE
~~~~~ E. STOUT
~~~~~ SCHIAVELLI
~~~~~ DRESSER
~~~~~ I. BRUNDIDGE*
~~~~~ SKWIERAWSKI*
~~~~~ M. BAUER

~~~~~ S. SVIHLA
~~~~~ BUI*
~~~~~ N. STEVENS*
FREDERICK D. BAILEY
DAVID C. OREN
RALPH T. WEBB*

*ADMITTED OTHER THAN VA

LAW OFFICES

# ANTONELLI, TERRY, STOUT & KRAUS, LLP

SUITE 1800
1300 NORTH SEVENTEENTH STREET
ARLINGTON, VIRGINIA 22209

August 30, 2001

OF COUNSEL
DAVID T. TERRY
HENRY M. ZYKORIE*
ROBERT F. GNUSE
HAROLD A. WILLIAMSON*

PATENT AGENT
LARRY N. ANAGNOS

TELEPHONE
(703) 312-6600
FACSIMILE
(703) 312-6666

WRITER'S DIRECT EMAIL
hzykorie@antonelli.com



Honorable Commissioner for Patents
Washington, D.C.  20231

Attorney Docket Number: 017.40169X00
Customer Number: 020457

Sir:

Attached please find the application papers of **Tapani LARIKKA and Jari JUOPPERI,** covering new and useful improvements in a **MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE** comprising:

Specification, (47) Claims, and Abstract of the Disclosure (19  pages)

(3) Sheets of Drawings Showing Figures 1-3

U.S. Government Filing Fee $1396.00

Declaration and Power of Attorney  (2 pgs)

Recordation of Assignment with Assignment Document - $40.00

Request for Certification

Please charge any shortage in fees due in connection with the filing of this paper, to the Deposit Account of Antonelli, Terry, Stout & Kraus, LLP Account No. 01-2135 (017.40169X00) and please credit any overpayment of fees to such deposit account.

Respectfully submitted,

ANTONELLI, TERRY, STOUT & KRAUS, LLP

By:

Henry M. Zykorie
Registration No. 27,477

HMZ:dmw

PTO/SB/35 (11-00)
Approved for use through 10/31/2002. OMB 0651-0031
U.S Patent and Trademark Office, U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

| REQUEST AND CERTIFICATION UNDER 35 U.S.C. 122(b)(2)(B)(i) | First Named Inventor | Tapani LARIKKA |
|---|---|---|
| | Title | Message Transfer From a Source Device via a Mobile Terminal Device to a Third Device |
| | Atty Docket Number | 017.40169X00 |

I hereby certify that the invention disclosed in the attached application **has not and will not be** the subject of an application filed in another country, or under a multilateral agreement, that requires publication at eighteen months after filing. I hereby request that the attached application not be published under 35 U.S.C. 122(b).

August 30, 2001

Date

Signature

Henry M. Zykorie, Reg. No. 27,477

Typed or printed name

This request must be signed in compliance with 37 CFR 1.33(b) and submitted with the application **upon filing.**

Applicant may rescind this nonpublication request at any time. If applicant rescinds a request that an application not be published under 35 U.S.C. 122(b), the application will be scheduled for publication at eighteen months from the earliest claimed filing date for which a benefit is claimed.

If applicant subsequently files an application directed to the invention disclosed in the attached application in another country, or under a multilateral international agreement, that requires publication of applications eighteen months after filing, the applicant **must** notify the United States Patent and Trademark Office of such filing within forty-five (45) days after the date of the filing of such foreign or international application. **Failure to do so will result in abandonment of this application (35 U.S.C. 122(b)(2)(B)(iii)).**

Burden Hour Statement. This collection of information is required by 37 CFR 1.213(a). The information is used by the public to request that an application not be published under 35 U.S.C. 122(b) (and the PTO to process that request). Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This form is estimated to take 6 minutes to complete. This time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO Assistant Commissioner for Patents, Washington, DC 20231.

**NC 19140**
**017.40169X00**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**Title: Message Transfer From a Source Device Via a Mobile**
**Terminal Device to a Third Device**

**Inventors:**

**Tapani LARIKKA**
**Jari JUOPPERI**

Prepared by:
Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1900 North Seventeenth Street
Arlington, VA  22209

Phone:  (703) 312-6600
Fax:     (703) 312-6666

NC 19140
017.40169X00

**Title: Message Transfer From a Source Device Via a Mobile Terminal Device to a Third Device**

## BACKGROUND OF THE INVENTION:

### Field of the Invention

[0001]     The present invention relates to transferring messages between devices. More particularly, the present invention relates to transferring SyncML (Synchronization Markup Language) messages from a source device via a mobile terminal device to a third device.

### Description of the Related Art

[0002]     Data synchronization between terminal devices is an issue in which each vendor has traditionally had their own proprietary solution.  Each vendor developed their own synchronization protocol as well as internal data representations for each application.  Due to the proprietary nature of such systems, the products of different vendors have been unable to communicate with each other without specially designed single purpose converters.

[0003]     These non-interoperable solutions have complicated the tasks of users, manufacturers, service providers, and developers.  Furthermore, the proliferation of different proprietary data synchronization protocols have placed barriers to the extended use of mobile terminals and has restricted data access and delivery and limited the mobility of the users.

[0004]     In view of the above, several mobile terminal manufacturers joined together into an organization to create a new industry initiative to develop and promote a

NC 19140

017.40169X00

single, common, data synchronization protocol, namely, SyncML, that can be used everywhere, by every device or terminal and in every application.

**[0005]**      As noted on the Web site of the above-noted organization, www.syncml.org, SyncML is a common language which has been developed for synchronizing devices and applications over any network.  SyncML leverages XML (Extensible Markup Language), that is, a SyncML message is an XML document, and with SyncML, network information can be synchronized with any mobile device or terminal and mobile information can be synchronized with any networked application or applications.  With SyncML, any personal information, such as e-mail, calendars, to-do lists, contact information and other relevant data, etc., will be consistent, accessible, and up-to-date, no matter where the information is stored.  For example, a calendar entry made to a mobile device or terminal on a business trip is equally available to a secretary in the network calendar.

**[0006]**      At present, the SyncML standard contains three different transport alternatives for sending SyncML messages.  These alternatives are HTTP (Hyper-Text Transfer Protocol), WSP (Web System Protocol), and OBEX (Object Exchange Protocol).

**[0007]**      While each of these alternatives are usable, they all have the same defect, namely, all of these alternatives require the use of a continuous data connection between the mobile device or terminal and the network.

**[0008]**      Furthermore, there are personal portable server devices presently available which only have short range connection capabilities, such as IR (Infrared) or Bluetooth.  Accordingly, at present, they are unable to synchronize data with remotely located terminals which are out of their limited communication range.

2

NC 19140

017.40169X00

## Summary of the Invention

**[0009]**     Modern-day mobile terminals, such as mobile telephones, have been provided with the SMS (Short Message Service) capability.  SMS allows a single short message of up to one hundred sixty characters of text in length to be sent from a sender to a recipient.  However, rather than requiring a continuous data connection, the SMS is a store and forward service, that is, short messages are not sent directly from sender to recipient but rather are sent via an intermediary SMS center instead.  Each mobile telephone network that supports SMS, for example, has one or more SMS messaging centers to handle and manage SMS messages.  Many such modern-day mobile terminals include IR or Bluetooth capability which allows them to communicate with the aforementioned personal portable servers.

**[0010]**     Accordingly, it is an object of the present invention to utilize the short range communication capability capability of a mobile device or terminal device as a transport mechanism to forward SyncML messages from a source device or terminal device to another terminal device.

## Brief Description of the Drawings

**[0011]**     The foregoing and a better understanding of the present invention will become apparent from the following detailed description of example embodiments and the claims when read in connection with the accompanying drawings, all forming a part of the disclosure of this invention.  While the foregoing and following written and illustrated disclosure focuses on disclosing example embodiments of the invention, it should be clearly understood that the same as by way of illustration and example only and that the invention is not limited thereto.  The spirit and scope of the present invention are limited only by the terms of the appended claims.

3

NC 19140

017.40169X00

[0012]     The following represents brief descriptions of the drawings, wherein:

[0013]     Figure 1 is a block diagram illustrating an example of a system to which the present invention may be applied.

[0014]     Figure 2 illustrates a SyncML message being inserted into an SMS message in accordance with an example embodiment of the present invention.

[0015]     Figure 3 illustrates a SyncML message being split up and inserted into a plurality of SMS messages in accordance with an example embodiment of the present invention.

## Detailed Description

[0016]     Before beginning a detailed description of the subject invention, mention of the following is in order.  When appropriate, like reference numerals and characters may be used to designate identical, corresponding, or similar components in differing drawing figures.  Furthermore, in the detailed description to follow, example sizes/model/values/ranges may be given, although the present invention is not limited thereto.  Where specific details are set forth in order to describe example embodiments of the invention, it should be apparent to one skilled in the art that the invention can be practiced without, or with variations of, these specific details.  Finally, it should be apparent that differing combinations of hard-wired circuitry and software instructions can be used to implement embodiments of the present invention, that is, the present invention is not limited to any specific combination of hardware and software.

[0017]     Figure 1 is a block diagram illustrating an example of a system to which the present invention can be applied.  As illustrated in Figure 1, a mobile terminal 100, such as a cell phone, is connected to a mobile network 120 such that data in various

4

NC 19140

017.40169X00

formats, e.g.-SMS, GPRS, WAP, may be transmitted therebetween. The mobile network 120 is connected to a gateway 130 which is in turn connected via the Internet 140 to a remote server 150. Accordingly, the mobile terminal 100 may communicate with the remote server 150 bidirectionally via the mobile network 120, gateway 130, and Internet 140. A personal server 160, for example, is connected to the mobile terminal 100 via a short range connection such as Bluetooth or IR.

[0018]     Thus, the mobile terminal 100 in effect operates as a modem for the personal server 160 so so as to allow the personal server 160 to forward messages, such as data to be synchronized, to the remote server 150 via the mobile network 120 and gateway 130 and Internet 140.

[0019]     As mentioned previously, the widespread use of mobile terminal devices has increased demand for a technique for synchronizing such mobile terminal devices with both other mobile terminal devices and fixed terminal devices. For example, a salesman who is away from his office may wish to update his calendar and business contacts address book on his mobile terminal device and to then update, that is, synchronize, his calendar and business contacts address book on his office computer. He may also wish to synchronize his calendar on his office network so that his secretary and his supervisor can be aware of his schedule.

[0020]     As also mentioned previously, modern-day mobile terminals are now being provided with SMS capability. SMS allows a sender to send a short message to a recipient via an SMS center. To use the SMS service a user needs a subscription to a mobile telephone network that supports SMS. In addition, the use of SMS must been enabled for that user, for example, automatic access to the SMS is provided by some mobile network operators while others charge a monthly subscription to use the service. The user would require a mobile terminal that supports SMS and a knowledge of how to

NC 19140

017.40169X00

send or receive an SMS message on that mobile terminal.  Lastly, the user must know a destination to send the SMS message to or to receive the SMS message from.  The destination may be another mobile terminal or a PC or an Internet address.

[0021]      As noted above, the SyncML standard presently contains three different transport alternatives for sending SyncML messages, namely, HTTP, WSP, and OBEX.  All these alternatives require the use of a continuous data connection between the mobile terminal and the telephone network.

[0022]      On the other hand, in the present invention, it is proposed that a fourth transport alternative to be provided for sending SyncML messages namely, the SMS network.  As shown in Figure 2, it is proposed that the SyncML message of a user be inserted into an SMS message and sent to a recipient via the SMS network.  Since modern-day mobile terminals already include SMS capability and since SMS centers are already in place and operating, no new technology or equipment is needed to send SyncML messages via the SMS network.

[0023]      Furthermore, since SMS is a store and forward service, short messages are not sent directly from the sender to the recipient via a continuous data connection but rather are sent via an SMS center instead.  This increases the reliability and reduces the operating costs.

[0024]      The only disadvantage of using SMS is that a single SyncML message is limited to one hundred and sixty characters.  However, the use of WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoding allows for a compact binary representation of XML (Extensible Markup Language), allowing more effective use of XML data on narrowband communication channels, thereby allowing a SyncML message to possibly be reduced in size so as to fit within the size limitation of

6

NC 19140

017.40169X00

the SMS message.  Furthermore, other data compression techniques could also be used to reduce the size of a SyncML message.

**[0025]**     Furthermore, should it be impossible to limit the SyncML message to one hundred and sixty characters, as illustrated in Figure 3, it is possible to split a SyncML message into two or more portions and transmit the SyncML message using two or more SMS messages.  It is noted that SMS standards provide for sending multiple short messages which are to be combined by the recipient.

**[0026]**     It is also to be noted that the SyncML standard includes two different mandatory MIME (Multipurpose Internet Mail Extensions) types, namely, vcal, a format for synchronizing calendars and vcard, a format for synchronizing business cards (that is, a business contact address book).  This allows for further standardization between terminals of different manufacturers.  Other MIME types are presently not supported nor requested, thus basically reducing the use of SyncML for only these two MIME types.  More information about MIME can be found in RFC2045-RFC2049.  These RFCs may be found on the Web site: www.nacs.uci.edu/indiv/ehood/MIME/MIME.html, among others.

**[0027]**     As noted above, provision is made for sending SyncML messages in excess of the one hundred and sixty character limitation of single SMS messages.  This may be automatically provided for by the SMS programming in the mobile terminal.  Alternatively, the SyncML message may be transmitted by one of the other three available transport alternatives, namely, HTTP, WSP, and OBEX, or any other available transport alternative.

**[0028]**     This concludes the description of the example embodiments.  Although the present invention has been described with reference to a number of illustrative embodiments thereof, should be understood that numerous other modifications and

7

NC 19140

017.40169X00

embodiments can be devised by those skilled in the art that will fall within the spirit and scope of the principles of this invention.  More particularly, reasonable variations and modifications are possible in the component parts and/or arrangements of the subject combination arrangement within the scope of the foregoing disclosure, the drawings, and the appended claims without departing from the spirit of the invention.  In addition to variations and modifications in the component parts and/or arrangements, alternative uses will also be apparent to those skilled in the art.

[0029]      Furthermore, the specific details of the SMS protocol, SyncML protocol, WBXML, and MIME protocol have not been included in the present specification for the sake of brevity.  It is understood that these industrywide protocols are readily available and the details thereof are incorporated by reference herein in their entirety.

What is claimed is:

8

NC 19140

017.40169X00

Claims:

1.      A method of transferring a data message between a first terminal device and a second terminal device via an intermediate terminal device, the method comprising:

entering a data message into the first terminal device;

transmitting the data message from the first terminal device to the intermediate terminal device;

formatting the data to be synchronized into at least one SMS (Short Message Service) message in the intermediate terminal device; and

transmitting the at least one SMS message from the intermediate terminal device to the second terminal device.

2.      The method of claim 1, wherein formatting the data message comprises formatting the data in a SyncML format.

3.      The method of claim 1, wherein the intermediate terminal device comprises a mobile terminal device.

4.      The method of claim 3, wherein the at least one SMS message is transmitted via a mobile network including an SMS message center.

5.      The method of claim 4, wherein the at least one SMS message is transmitted from the intermediate terminal device to the second terminal device via the mobile network and a gateway and the Internet.

9

NC 19140

017.40169X00

6.   The method of claim 1, wherein the at least one SMS message comprises a compressed SMS message.

7.   The method of claim 6, wherein the compressed SMS message comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

8.   The method of claim 2, wherein the data formatted in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

9.   The method of claim 8, wherein the two MIME formats comprise vcal and vcard formats.

10.   The method of claim 1, wherein the data message comprises one of a calendar, a to-do list, personal information, and contact information.

11.   The method of claim 1, wherein the data message is transferred from the first terminal device to the intermediate terminal device via a short range communication link.

12.   The method of claim 11, wherein the short range communication link comprises one of an IR (Infrared) or Bluetooth communication link.

NC 19140

017.40169X00

13.    A mobile terminal device comprising:

a data message receiver to receive a data message from a first terminal device via a short range communication link;

a formatter to format the received data message into at least one SMS (Short Message Service) message; and

a transmitter to transmit the at least one SMS message to another terminal device.


14.    The device of claim 13, wherein the formatter formats the data in a SyncML format.


15.    The device of claim 13, wherein the at least one SMS message formatted by the formatter comprises a compressed SMS message.


16.    The device of claim 15, wherein the compressed SMS message formatted by the formatter comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.


17.    The device of claim 13, wherein the data formatted by the formatter in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.


18.    The device of claim 17, wherein the two MIME formats formatted by the formatter comprise vcal and vcard.


11

NC 19140

017.40169X00

19.     The device of claim 13, wherein the data comprises one of a calendar, a to-do list, personal information, and contact information.


20.     The device of claim 13, wherein the data receiver receives data messages via one of an IR (Infrared) or Bluetooth communication link.


21.     A program storage device, readable by machine, tangibly embodying a program of instructions executable by machine to perform a method of transferring a data message between a first terminal device and a second terminal device via an intermediate terminal device, the method comprising:

        entering a data message into the first terminal device;

        transmitting the data message from the first terminal device to the intermediate terminal device;

        formatting the data to be synchronized into at least one SMS (Short Message Service) message in the intermediate terminal device; and

        transmitting the at least one SMS message from the intermediate terminal device to the second terminal device.


22.     The device of claim 21, wherein formatting the data message comprises formatting the data in a SyncML format.


23.     The device of claim 21, wherein the intermediate terminal device comprises a mobile terminal device.

NC 19140

017.40169X00

24.    The device of claim 23, wherein the at least one SMS message is transmitted via a mobile network including an SMS message center.

25.    The device of claim 24, wherein the at least one SMS message is transmitted from the intermediate terminal device to the second terminal device via the mobile network and a gateway and the Internet.

26.    The device of claim 21, wherein the at least one SMS message comprises a compressed SMS message.

27.    The device of claim 26, wherein the compressed SMS message comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

28.    The device of claim 22, wherein the data formatted in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

29.    The device of claim 28, wherein the two MIME formats comprise vcal and vcard formats.

30.    The device of claim 21, wherein the data message comprises one of a calendar, a to-do list, personal information, and contact information.

13

NC 19140

017.40169X00

31.   The device of claim 21, wherein the data message is transferred from the first terminal device to the intermediate terminal device via a short range communication link.

32.   The device of claim 31, wherein the short range communication link comprises one of an IR (Infrared) or Bluetooth communication link.

33.   A method of transferring data between a first terminal device and a second terminal device via an intermediate terminal device, the method comprising:

entering data into the first terminal device;

transmitting the data from the first terminal device to the intermediate terminal device;

formatting the data into at least one message in the intermediate terminal device;

transmitting the least one message from the intermediate terminal device to a message center; and

transmitting the at least one message from the message center to the second terminal device.

34.   The method of claim 33, wherein formatting the data into at least one message comprises formatting the data into at least one SMS (Short Message Service) message.

35.   The method of claim 34, wherein the message center comprises an SMS message center.

14

NC 19140

017.40169X00

36.     The method of claim 33, wherein the data is transmitted from the first terminal device to the intermediate terminal device via a short range communication link.

37.     The method of claim 34, wherein the short range communication link comprises one of either an IR (Infrared) or Bluetooth communication link.

38.     A program storage device, readable by machine, tangibly embodying a program of instructions executable by machine to perform a method of transferring data between first and second terminal devices via an intermediate terminal device, the method comprising:

        entering data into the first terminal device;

        transmitting the data from the first terminal device to the intermediate terminal device;

        formatting the data into at least one message in the intermediate terminal device;

        transmitting the least one message from the intermediate terminal device to a message center; and

        transmitting the at least one message from the message center to the second terminal device.

39.     The device of claim 38, wherein formatting the data into at least one message comprises formatting the data into at least one SMS (Short Message Service) message.

NC 19140

017.40169X00

40.    The device of claim 38, wherein the message center comprises an SMS message center.

41.    The device of claim 38, wherein the data is transmitted from the first terminal device to the intermediate terminal device via a short range communication link.

42.    The device of claim 39, wherein the short range communication link comprises one of either an IR (Infrared) or Bluetooth communication link.

43.    The method of claim 1, further comprising transmitting at least one other SMS message from the second terminal device to the first terminal device via the intermediate terminal device.

44.    The device of claim 13, further comprising a receiver to receive at least one other SMS message from the another terminal device and a data message transmitter to transmit the at least one other SMS message to the first terminal device.

45.    The device of claim 21, further comprising transmitting at least one other SMS message from the second terminal device to the first terminal device via the intermediate terminal device.

46.    The method of claim 33, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

16

NC 19140

017.40169X00

47.    The device of claim 38, further comprising transmitting other data from the

second terminal device to the first terminal device via the intermediate terminal device.

NC 19140

017.40169X00

Abstract of the Disclosure

A technique for transferring a data message between a first terminal device and a second terminal device via an intermediate terminal device includes: entering a data message into the first terminal device; transmitting the data message from the first terminal device to the intermediate terminal device; formatting the data message into at least one SMS (Short Message Service) message in the intermediate terminal device; and transmitting the at least one SMS message from the intermediate terminal device to the second terminal device. Formatting the data message may include formatting the data in a SyncML format. The intermediate terminal device may include a mobile terminal and the data message may be transferred from the first terminal device to the intermediate terminal device via a short range communication link which may include an IR or Bluetooth communication link



GATEWAY
130

INTERNET
140

REMOTE SERVER
150

TCP/IP

MOBILE NETWORK
120

Figure 1

SMS, GPRS,
WAP, Data

MOBILE TERMINAL
100

Bluetooth/IR
connection

PERSONAL SERVER
160

Figure 2

SyncML message is inserted into SMS message





Figure 3

NC-19140
017.40169X00

## DECLARATION AND POWER OF ATTORNEY - PATENT APPLICATION

As a below named inventor, I hereby declare: that my citizenship,  residence and post office address are as stated below; that I verily believe I am the original, first and sole inventor (if only one is named below) or a joint inventor (if plural inventors are named below) of the invention entitled:

## MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE

the specification of which  __X__   is attached hereto

___   was filed on _____ as Application Serial No. _____ and was amended on _____.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any provisional application(s) and any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the foreign application(s) on which priority is claimed:

Provisional and/or Foreign Application(s)                    Priority Claimed

_____  _____  _____  ___  ___  (Number)
   (Country)      (Day/Month/Year Filed)        Yes   No

_____  _____  _____  ___  ___
(Number)    (Country)       (Day/Month/Year Filed)       Yes   No

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application;

_____  _____  _____
(Application Serial No.)    (Filing Date)        (Status-patented, pending

or abandoned.)

I hereby appoint as principal attorneys: Donald R. Antonelli, Reg. No. 20,296; David T. Terry, Reg. No. 20,178; Melvin Kraus, Reg. No. 22,466; William I. Solomon, Reg. No. 28,565; Gregory E. Montone, Reg. No. 28,141; Ronald J. Shore, Reg. No. 28,577; Donald E. Stout, Reg. No. 26,422; Alan E. Schiavelli, Reg. No. 32,087; James N. Dresser, Reg. No. 22,973, Carl I. Brundidge, Reg. No. 29,621; Paul J. Skwierawski, Reg. No. 32,173; and Robert M. Bauer, Reg. No. 34,487, to prosecute and transact all business in the Patent and Trademark Office connected with this application and any related United States and international applications.

| Please Direct all Communications to: | Direct Telephone Calls To: |
|---|---|
| Antonelli, Terry, Stout & Kraus, LLP<br>Suite 1800<br>1300 North Seventeenth Street<br>Arlington, Virginia 22209 | (703) 312-6600 |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

(Full Name)                                    (Signature)

Date Aug. 6, 2001  Inventor _____ **Tapani LARIKKA**
Residence **Vesilahti, Finland** _____Citizenship **Finnish**
Post Office Address **Katajarinne 2, 37470 Vesilahti, FINLAND**


(Full Name)                                    (Signature)

Date Aug. 6, 2001  Inventor _____ **Jari JUOPPERI**
Residence **Helsinki, Finland** _____Citizenship: **Finnish**
Post Office Address **Bronintie 6 D 18, 02400 Kirkkonummi, FINLAND**

# United States Patent & Trademark Office
## Office of Initial Patent Examination -- Scanning Division



Application deficiencies found during scanning:

☐ Page(s)_____ of_____ were not present
for scanning.                          (Document title)

☐ Page(s)_____ of_____ were not present
for scanning.                          (Document title)

☐ *Scanned copy is best available.* Drawings pag 2 and 3 are very dark.



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov



Bib Data Sheet

**CONFIRMATION NO. 7553**

| SERIAL NUMBER 09/941,851 | FILING DATE 08/30/2001 RULE | CLASS 455 | GROUP ART UNIT 2681 | ATTORNEY DOCKET NO. 017.40169X00 |
|---|---|---|---|---|

**APPLICANTS**

Tapani Larikka, Vesilahti, FINLAND;
Jari Juopperi, Helsinki, FINLAND;

** CONTINUING DATA *************************** No ⒲

** FOREIGN APPLICATIONS ****************** No ⒲

**IF REQUIRED, FOREIGN FILING LICENSE GRANTED**
** 10/01/2001

| Foreign Priority claimed ☐ yes ☒ no | | STATE OR COUNTRY FINLAND | SHEETS DRAWING 3 | TOTAL CLAIMS 47 | INDEPENDENT CLAIMS 5 |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met ☐ yes ☒ no ☐ Met after Allowance | | | | | |
| Verified and Acknowledged       Examiner's Signature          Initials | | | | | |

**ADDRESS**

Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1300 North Seventeenth Street
Arlington ,VA 22209

**TITLE**

Message transfer from a source device via a mobile terminal device to a third device

| FILING FEE RECEIVED 1356 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

09/04/2001 NMOHAMM1 00000026 09941851

01 FC:101          710.00 OP
02 FC:103          486.00 OP
03 FC:102           80.00 OP


10/01/2001 SDUOWG   00000054 012135   09941851

01 FC:102      80.00 CH

PTO-1556
(5/87)
*U.S. GPO: 2000-468-987/39595

# PATENT APPLICATION FEE DETERMINATION RECORD
## Effective October 1, 2000

**Application or Docket Number**

*017.40169X00*

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | *47* | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | *47* minus 20= | * *27* |
| INDEPENDENT CLAIMS | *5* minus 3 = | *2* |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

* If the difference in column 1 is less than zero, enter "0" in column 2

**SMALL ENTITY TYPE** ☐  OR  **OTHER THAN SMALL ENTITY**

| RATE | FEE | | RATE | FEE |
|---|---|---|---|---|
| BASIC FEE | 355.00 | OR | BASIC FEE | 710.00 |
| X$ 9= | | OR | X$18= | *486* |
| X40= | | OR | X80= | *160* |
| +135= | | OR | +270= | |
| TOTAL | | OR | TOTAL | *1356* |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | ☐ |

**SMALL ENTITY**  OR  **OTHER THAN SMALL ENTITY**

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | ☐ |

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | ☐ |

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
  The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

BEST AVAILABLE COPY

| CLAIMS ONLY | SERIAL NO. 09941851 | FILING DATE |
|---|---|---|
| | APPLICANT(S) | |

**CLAIMS**

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | / | | | | | |
| 2 | | / | | | | |
| 3 | | / | | | | |
| 4 | | / | | | | |
| 5 | | / | | | | |
| 6 | | / | | | | |
| 7 | | / | | | | |
| 8 | | / | | | | |
| 9 | | / | | | | |
| 10 | | / | | | | |
| 11 | | / | | | | |
| 12 | | / | | | | |
| 13 | / | | | | | |
| 14 | | i | | | | |
| 15 | | l | | | | |
| 16 | | l | | | | |
| 17 | | / | | | | |
| 18 | | l | | | | |
| 19 | | t | | | | |
| 20 | | l | | | | |
| 21 | / | | | | | |
| 22 | | / | | | | |
| 23 | | / | | | | |
| 24 | | i | | | | |
| 25 | | l | | | | |
| 26 | | l | | | | |
| 27 | | / | | | | |
| 28 | | / | | | | |
| 29 | | / | | | | |
| 30 | | / | | | | |
| 31 | | t | | | | |
| 32 | | l | | | | |
| 33 | / | | | | | |
| 34 | | i | | | | |
| 35 | | / | | | | |
| 36 | | l | | | | |
| 37 | | / | | | | |
| 38 | | | | | | |
| 39 | | / | | | | |
| 40 | | / | | | | |
| 41 | | l | | | | |
| 42 | | l | | | | |
| 43 | | / | | | | |
| 44 | | / | | | | |
| 45 | | / | | | | |
| 46 | | / | | | | |
| 47 | | / | | | | |
| 48 | | | | | | |
| 49 | | | | | | |
| 50 | | | | | | |
| TOTAL IND. | 5 | | | | | |
| TOTAL DEP. | 42 | | | | | |
| TOTAL CLAIMS | 47 | | | | | |

| | * | | * | | * | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 51 | | | | | | |
| 52 | | | | | | |
| 53 | | | | | | |
| 54 | | | | | | |
| 55 | | | | | | |
| 56 | | | | | | |
| 57 | | | | | | |
| 58 | | | | | | |
| 59 | | | | | | |
| 60 | | | | | | |
| 61 | | | | | | |
| 62 | | | | | | |
| 63 | | | | | | |
| 64 | | | | | | |
| 65 | | | | | | |
| 66 | | | | | | |
| 67 | | | | | | |
| 68 | | | | | | |
| 69 | | | | | | |
| 70 | | | | | | |
| 71 | | | | | | |
| 72 | | | | | | |
| 73 | | | | | | |
| 74 | | | | | | |
| 75 | | | | | | |
| 76 | | | | | | |
| 77 | | | | | | |
| 78 | | | | | | |
| 79 | | | | | | |
| 80 | | | | | | |
| 81 | | | | | | |
| 82 | | | | | | |
| 83 | | | | | | |
| 84 | | | | | | |
| 85 | | | | | | |
| 86 | | | | | | |
| 87 | | | | | | |
| 88 | | | | | | |
| 89 | | | | | | |
| 90 | | | | | | |
| 91 | | | | | | |
| 92 | | | | | | |
| 93 | | | | | | |
| 94 | | | | | | |
| 95 | | | | | | |
| 96 | | | | | | |
| 97 | | | | | | |
| 98 | | | | | | |
| 99 | | | | | | |
| 100 | | | | | | |
| TOTAL IND. | | | | | | |
| TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | | | | | | |

*MAY BE USED FOR ADDITIONAL CLAIMS OR ADMENDMENTS*

BEST AVAILABLE COPY

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

FORM PTO-2022 (1-98)

*U.S. Government Printing Office: 1998 - 433-214/70303



# UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 |

**CONFIRMATION NO. 7553**

**FORMALITIES LETTER**

Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1300 North Seventeenth Street
Arlington, VA 22209

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
*OC000000006828530*

Date Mailed: 10/02/2001

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Filing Date Granted*

This application has been accorded an Application Number and Filing Date. The application, however, is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given **TWO MONTHS** from the date of this Notice within which to correct the informalities indicated below. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a)

The required item(s) identified below must be timely submitted to avoid abandonment:

- Substitute drawings in compliance with 37 CFR 1.84 because:

  - drawing sheets do not have the appropriate margin(s) (see 37 CFR 1.84(g)). Each sheet must include a top margin of at least 2.5 cm. (1 inch), a left side margin of at least 2.5 cm. (1 inch), a right side margin of at least 1.5 cm. ( 5/8 inch), and a bottom margin of at least 1.0 cm. (3/8 inch);

---

### *A copy of this notice MUST be returned with the reply.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

PART 3 - OFFICE COPY

017.40169X00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicants | : | Tapani LARIKKA, ET AL |
| Serial No. | : | 09/941,851 |
| Filed | : | August 30, 2001 |
| For | : | MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE |

### SUBMISSION OF FORMAL DRAWINGS

Assistant Commissioner of Patents                    November 1, 2001
Washington, D.C.  20231

Sir:

Applicants, through their attorney, submit **three (3)** sheets of formal

drawing illustrating Figs. 1-3 in connection with the above-identified application.

Respectfully submitted,

ANTONELLI, TERRY, STOUT & KRAUS, LLP

By:_____
Robert F. Gnuse
Registration No. 27,295

RFG:HMZ:dmw

Phone: (703) 312-6600
Fax: (703) 312-6666
E-mail hzykorie@antonelli.com

ANTONELLI, TERRY, STOUT & KRAUS, LLP   703-312-6600
U.S. Application No. 09/941,851 of T. LARIKKA, ET AL. filed August 30, 2001
Title:  MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE
TERMINAL DEVICE TO A THIRD DEVICE
Attorney Docket No.   017.40169X00



FIG. 1

ANTONELLI, TERRY, STOUT & KRAUS, LLP   703-312-6600
U.S. Application No. 09/941,851 of T. LARIKKA, ET AL. filed August 30, 2001
Title:  MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE
TERMINAL DEVICE TO A THIRD DEVICE
Attorney Docket No.   017.40169X00

# FIG. 2

SyncML message is inserted into SMS message



ANTONELLI, TERRY, STOUT & KRAUS, LLP   703-312-6600
U.S. Application No. 09/941,851 of T. LARIKKA, ET AL. filed August 30, 2001
Title:  MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE
TERMINAL DEVICE TO A THIRD DEVICE
Attorney Docket No.   017.40169X00



FIG. 3

13441851

# PATENT APPLICATION FEE DETERMINATION RECORD
## Effective October 1, 2000

| Application or Docket Number |
|---|
| 017.40169X00 |

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY TYPE ☐ | OR | OTHER THAN SMALL ENTITY |
|---|---|---|---|---|---|

| | | | RATE | FEE | | RATE | FEE |
|---|---|---|---|---|---|---|---|
| TOTAL CLAIMS | 47 | | BASIC FEE | 355.00 | OR | BASIC FEE | 710.00 |
| FOR | NUMBER FILED | NUMBER EXTRA | | | | | |
| TOTAL CHARGEABLE CLAIMS | 47 minus 20= | * 27 | X$ 9= | | OR | X$18= | 486 |
| INDEPENDENT CLAIMS | 5 minus 3 = | * 2 | X40= | | OR | X80= | 160 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ | +135= | | OR | +270= | |
| | | | TOTAL | | OR | TOTAL | 1356 |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

3/16/06

| | | (Column 1) | (Column 2) | (Column 3) | | | OTHER THAN SMALL ENTITY |
|---|---|---|---|---|---|---|---|
| | | | | | SMALL ENTITY | OR | |

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | • 47 | Minus •• 47 | = | X$ 9= | | OR | X$18= | |
| Independent | • 5 | Minus ••• 5 | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR | +270= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | • | Minus •• | = | X$ 9= | | OR | X$18= | |
| Independent | • | Minus ••• | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR | +270= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | • | Minus •• | = | X$ 9= | | OR | X$18= | |
| Independent | • | Minus ••• | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR | +270= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

BEST AVAILABLE COPY

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 8/00)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

2681

0171.40169X00

#4
S.F.
01-05.04

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Applicants:   T. LARIKKA, et al.

Serial No.:   09/941,851

Filed:        August 30, 2001

For:          MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A
              MOBILE TERMINAL DEVICE TO A THIRD DEVICE

Group:        2681

RECEIVED

AUG 1 9 2003

Technology Center 2600

**INFORMATION DISCLOSURE STATEMENT
UNDER 37 CFR 1.97 & 1.98**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

August 18, 2003

Sir:

In the matter of the above-identified application, applicants are submitting herewith for the Examiner's consideration copies of documents cited in a communication from a foreign patent office in a counterpart foreign application.  The documents are listed on the attached form equivalent to Form PTO-1449.

The documents listed in this Information Disclosure Statement were first cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this Information Disclosure Statement.

Each of the documents listed on the attached form equivalent to Form PTO-1449 is in the English language.

1

It is respectfully requested that this information disclosure statement be considered by the Examiner.

Please charge any shortage in the fees due in connection with the filing of this paper, including extension of time fees, to the deposit account of Antonelli, Terry, Stout & Kraus, LLP, Deposit Account No. 01-2135 (Case: 0171.40169X00), and please credit any excess fees to such deposit account.

Respectfully submitted,

ANTONELLI, TERRY, STOUT & KRAUS, LLP

James N. Dresser
Registration No. 22,973

JND/kmh
(703) 312-6600
Attachments

2

Sheet 1 of 1

| Form PTO-1449 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DKT. NO. | SERIAL NO. |
|---|---|---|---|
| | | 0171.40169X00 | 09/941,851 |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT |
|---|---|
| | T. LARIKKA, et al. |

| (Use several sheets if necessary) | FILING DATE | GROUP |
|---|---|---|
| | August 30, 2001 | 2681 |

**U.S. PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Name | Class | Subclass | Filing Date |
|---|---|---|---|---|---|---|---|
| | AA | 6,301,471 | 10/09/01 | Dahm et al. | | | 11/02/98 |
| | AB | 6,275,575 | 08/14/01 | Wu | | | 01/12/00 |
| | AC | 6,501,956 | 12/31/02 | Weeren et al. | | | 10/17/00 |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |
| | AL | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Country | Class | Subclass | Translation /Abstract Yes | No |
|---|---|---|---|---|---|---|---|---|
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |
| | AQ | | | | | | | |
| | AR | | | | | | | |
| | AS | | | | | | | |
| | AT | | | | | | | |

RECEIVED

AUG 19 2003

Technology Center 2600

**OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| AU | | |
| AV | | |
| AW | | |
| AX | | |
| AY | | |
| AZ | | |

| Examiner | Date Considered |
|---|---|
| | |



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

7590          12/16/2004

Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1300 North Seventeenth Street
Arlington, VA   22209

| EXAMINER |
|---|
| CHOW, MING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

DATE MAILED: 12/16/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

| **Office Action Summary** | **Application No.** | **Applicant(s)** |
|---|---|---|
| | 09/941,851 | LARIKKA ET AL. |
| | **Examiner** | **Art Unit** | |
| | Ming Chow | 2645 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>30 August 2001</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-47</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-47</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☒ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☒ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 09/941,851                                          Page 2
Art Unit: 2645

*Specification*

1.     The disclosure is objected to because it contains an embedded hyperlink and/or other form of browser-executable code on section [0005] page 2. Applicant is required to delete the embedded hyperlink and/or other form of browser-executable code. See MPEP § 608.01.

*Drawings*

2.     The drawings are objected to because proper legends were missing, for example (not intend to be a complete listing), arrows on Fig. 3.  A proposed drawing correction or corrected drawings are required in reply to the Office Action to avoid abandonment of the application. The objection to the drawings will not be held in abeyance.

*Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 09/941,851                                    Page 3
Art Unit: 2645

3.       Claims 1, 3, 13, 21, 23, 33, 34, 38, 39, 11, 12, 20, 31, 32, 36, 37, 41, 42, 43-47 are

rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi (US: 6633759), and in

view of Jokimies (US: 5353328).

 Regarding claims 1, 3, 13, 21, 23, 33, 34, 38, 39, Kobayashi teaches on column 13 line 62

to column 14 line 6 message data is entered in the PC (claimed "first terminal device") and send

the message data to the cellular phone (claimed "intermediate terminal device").

 Kobayashi failed to teach "formatting the data to be synchronized into at least one SMS

message in the intermediate terminal device". However, Jokimies teaches on Abstract – an

adapter for a mobile phone to convert received data into SMS for transmitting.

 Kobayashi teaches on column 14 line 26-32 transmit the received data from the

intermediate terminal to a third terminal (claimed "second terminal device").

 It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi to have the formatting the data to be synchronized into at least one SMS message in

the intermediate terminal device as taught by Jokimies such that the modified intermediate

terminal of Kobayashi would be able to support the formatting data message into SMS to the

system users.


 Regarding claims 11, 12, 20, 31, 32, 36, 37, 41, 42, Kobayashi teaches on column 4 line

55-64 the PC (claimed "first terminal device") and the cellular phone (claimed "intermediate

terminal") are connected via bluetooth interface (claimed "a short range communication link").

Application/Control Number: 09/941,851                                   Page 4
Art Unit: 2645

Regarding claims 43-47, Kobayashi teaches on column 14 line 25-31 the data can be

transmitted and received among multiple devices (reads on claimed "from the second terminal

device to the first terminal device").

4.      Claims 2, 14, 22 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Sutinen et al (US: 2002/0161769).

Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "formatting the

data message comprises formatting the data in a SyncML format". However, Sutinen et al teach

on Fig. 3 and section [0005] – data in SyncML format for synchronization.

It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies to have the formatting the data message comprises formatting the data in a

SyncML format as taught by Sutinen et al such that the modified system of Kobayashi, Jokimies

would be able to support the SyncML format data to the system users.

5.      Claims 4, 24, 35, 40 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Lohtia et al (US: 6560456).

Regarding claim 4, 24, 35, 40, 5, 25, Kobayashi in view of Jokimies as stated in claim 1

above failed to teach "SMS message center". However, Lohtia et al teach on item 16 Fig. 1 and

column 12 line 20 a SMS message center.

It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies to have the SMS message center as taught by Lohtia et al such that the

Application/Control Number: 09/941,851                                                   Page 5
Art Unit: 2645

modified system of Kobayashi, Jokimies would be able to support the SMS message center to the
system users.


Regarding claims 5, 25, Kobayashi in view of Jokimies, Lohtia et al as stated in claim 4
above failed to teach "the at least one…..and the internet". However, Lohtia et al teach on item
304 Fig. 3 MSC (claimed "mobile network")., item 302 Fig. 3 WWIS Gateway, item 303 Fig. 3
Internet.

It would have been obvious to one skilled at the time the invention was made to modify
Kobayashi, Jokimies, Johtia et al to have the at least one…..and the internet as taught by Lohtia
et al such that the modified system of Kobayashi, Jokimies, Lohtia et al would be able to support
the mobile network, gateway, and Internet for transmitting SMS messages to the system users.


6.      Claims 6, 15, 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Kobayashi, and in view of Jokimies, Alanara et al (US: 6097961).

Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "the at
least…..SMS message". However, Alanara et al teach on column 15 line 24-25 a controller on
the mobile station to compress SMS messages.

It would have been obvious to one skilled at the time the invention was made to modify
Kobayashi, Jokimies to have the at least…..SMS message as taught by Alanara et al such that the
modified system of Kobayashi, Jokimies would be able to support the compressed SMS message
to the system users.

Application/Control Number: 09/941,851                                    Page 6
Art Unit: 2645

7.      Claims 7, 16, 27 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Alanara et al, Corneliussen et al (US: 2004/0048603).

        Kobayashi in view of Jokimies, Alanara et al as stated in claim 6 above failed to teach

"the compressed SMS.....encoded message". However, Corneliussen et al teach on section

[0041} SMS server builds WBXML messages.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies, Alanara et al to have the "the compressed SMS.....encoded message" as

taught by Corneliussen et al such that the modified system of Kobayashi, Jokimies, Alanara et al

would be able to support the WBXML encoded message to the system users.


8.      Claims 8, 17, 28 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Sutinen et al, Schmidt et al (US: 2003/0078890).

        Kobayashi in view of Jokimies, Sutinen et al as stated in claim 2 above failed to teach

"the data formatted.....formats". However, Schmidt et al teach on section [0298] SyncML MIME

data format.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies, Sutinen et al to have the "the data formatted.....formats" as taught by

Schmidt et al such that the modified system of Kobayashi, Jokimies, Sutinen et al would be able

to support the SyncML MIME data format to the system users.


9.      Claims 9, 18, 29 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Sutinen et al, Schmidt et al, Winarski (US: 2002/0123307).

Application/Control Number: 09/941,851                                    Page 7
Art Unit: 2645

Kobayashi in view of Jokimies, Sutinen et al, Schmidt et al as stated in claim 8 above

failed to teach "the two.....vcard formats". However, Winarski teaches on section [0035] vcal

and vcard formats of information.

It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies, Sutinen et al, Schmidt et al to have the "the two.....vcard formats" as

taught by Winarski such that the modified system of Kobayashi, Jokimies, Sutinen et al, Schmidt

et al would be able to support the vcal and vcard data formats to the system users.


10.     Claims 10, 19, 30 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies.

Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "the data

message.....contact information". However, "Official Notice" is taken that content of data

message is a decide choice.

It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies to have the "the data message.....contact information" such that the

modified system of Kobayashi, Jokimies would be able to support the calendar, to-do list,

personal information, or contact information to the system users.


*Conclusion*


11.     The prior art made of record and not replied upon is considered pertinent to applicant's

disclosure.

Application/Control Number: 09/941,851                                      Page 8
Art Unit: 2645

- Chen et al (US: 2002/0177453) teach mobile device server.


12.     Any inquiry concerning this application and office action should be directed to the

examiner Ming Chow whose telephone number is (703) 305-4817. The examiner can normally

be reached on Monday through Friday from 8:30 am to 5 pm. If attempts to reach the examiner

by telephone are unsuccessful, the examiner's supervisor, Fan Tsang, can be reached on (703)

305-4895. Any inquiry of a general mature or relating to the status of this application or

proceeding should be directed to the Customer Service whose telephone number is (703) 306-

0377. Any response to this action should be mailed to:


   **Commissioner of Patents and Trademarks**

   **Washington, D.C. 20231**

   **Or faxed to Central FAX Number 703-872-9306.**




Patent Examiner

Art Unit 2645

Ming Chow

FAN TSANG
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

Sheet 1 of 1

| Form PTO-1449 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DKT. NO. 0171.40169X00 | SERIAL NO. 09/941,851 |
|---|---|---|---|

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**

(Use several sheets if necessary)

| APPLICANT | | |
|---|---|---|
| T. LARIKKA, et al. | | |
| FILING DATE | GROUP | |
| August 30, 2001 | 2681 | |

**U.S. PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Name | Class | Subclass | Filing Date |
|---|---|---|---|---|---|---|---|
| | AA | 6,301,471 | 10/09/01 | Dahm et al. | | | 11/02/98 |
| | AB | 6,275,575 | 08/14/01 | Wu | | | 01/12/00 |
| | AC | 6,501,956 | 12/31/02 | Weeren et al. | | | 10/17/00 |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |
| | AL | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Country | Class | Subclass | Translation /Abstract Yes | No |
|---|---|---|---|---|---|---|---|---|
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |
| | AQ | | | | | | | |
| | AR | | | | | | | |
| | AS | | | | | | | |
| | AT | | | | | | | |

**RECEIVED**

AUG 19 2003

Technology Center 2600

**OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| AU | |
| AV | |
| AW | |
| AX | |
| AY | |
| AZ | |

| Examiner | Date Considered |
|---|---|
| | 12-3-04 |

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 09/941,851 | LARIKKA ET AL. |
| | | Examiner | Art Unit | |
| | | Ming  Chow | 2645 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,633,759 | 10-2003 | Kobayashi, Koichi | 455/419 |
| | B | US-5,353,328 | 10-1994 | Jokimies, Matti | 455/558 |
| | C | US-6,560,456 | 05-2003 | Lohtia et al. | 455/445 |
| | D | US-6,097,961 | 08-2000 | Alanara et al. | 455/466 |
| | E | US-2002/0161769 | 10-2002 | Sutinen et al. | 707/10 |
| | F | US-2004/0048603 | 03-2004 | Corneliussen et al. | 455/414.1 |
| | G | US-2003/0078890 | 04-2003 | Schmidt et al. | 705/51 |
| | H | US-2002/0123307 | 09-2002 | Winarski, Tyson | 455/41 |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 5




# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## *BIBDATASHEET*

Bib Data Sheet

**CONFIRMATION NO. 7553**

| SERIAL NUMBER 09/941,851 | FILING DATE 08/30/2001 RULE | CLASS 455 | GROUP ART UNIT 2645 | ATTORNEY DOCKET NO. 017.40169X00 |
|---|---|---|---|---|

**APPLICANTS**

Tapani Larikka, Vesilahti, FINLAND;

Jari Juopperi, Helsinki, FINLAND;

** CONTINUING DATA *************************

** FOREIGN APPLICATIONS ********************

IF REQUIRED, FOREIGN FILING LICENSE GRANTED
** 10/01/2001

Foreign Priority claimed ☐ yes ☐ no
35 USC 119 (a-d) conditions met ☐ yes ☐ no ☐ Met after Allowance
Verified and Acknowledged    Examiner's Signature    Initials

| STATE OR COUNTRY FINLAND | SHEETS DRAWING 3 | TOTAL CLAIMS 47 | INDEPENDENT CLAIMS 5 |
|---|---|---|---|

**ADDRESS**
Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1300 North Seventeenth Street
Arlington , VA
22209

**TITLE**
Message transfer from a source device via a mobile terminal device to a third device

| FILING FEE RECEIVED 1356 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees ☐ 1.16 Fees ( Filing ) ☐ 1.17 Fees ( Processing Ext. of time ) ☐ 1.18 Fees ( Issue ) ☐ Other _____ |
|---|---|---|

Credit

## Index of Claims

| | |
|---|---|
| Application No. | Applicant(s) |
| 09/941,851 | LARIKKA ET AL. |
| Examiner | Art Unit |
| Ming  Chow | 2645 |

| | | | | | | |
|---|---|---|---|---|---|---|
| √ | Rejected | — | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| Final | Original | Date | Final | Original | Date | Final | Original | Date |
|---|---|---|---|---|---|---|---|---|
| | 1 | √ | | 51 | | | 101 | |
| | 2 | √ | | 52 | | | 102 | |
| | 3 | √ | | 53 | | | 103 | |
| | 4 | √ | | 54 | | | 104 | |
| | 5 | √ | | 55 | | | 105 | |
| | 6 | √ | | 56 | | | 106 | |
| | 7 | √ | | 57 | | | 107 | |
| | 8 | √ | | 58 | | | 108 | |
| | 9 | √ | | 59 | | | 109 | |
| | 10 | √ | | 60 | | | 110 | |
| | 11 | √ | | 61 | | | 111 | |
| | 12 | √ | | 62 | | | 112 | |
| | 13 | √ | | 63 | | | 113 | |
| | 14 | √ | | 64 | | | 114 | |
| | 15 | √ | | 65 | | | 115 | |
| | 16 | √ | | 66 | | | 116 | |
| | 17 | √ | | 67 | | | 117 | |
| | 18 | √ | | 68 | | | 118 | |
| | 19 | √ | | 69 | | | 119 | |
| | 20 | √ | | 70 | | | 120 | |
| | 21 | √ | | 71 | | | 121 | |
| | 22 | √ | | 72 | | | 122 | |
| | 23 | √ | | 73 | | | 123 | |
| | 24 | √ | | 74 | | | 124 | |
| | 25 | √ | | 75 | | | 125 | |
| | 26 | √ | | 76 | | | 126 | |
| | 27 | √ | | 77 | | | 127 | |
| | 28 | √ | | 78 | | | 128 | |
| | 29 | √ | | 79 | | | 129 | |
| | 30 | √ | | 80 | | | 130 | |
| | 31 | √ | | 81 | | | 131 | |
| | 32 | √ | | 82 | | | 132 | |
| | 33 | √ | | 83 | | | 133 | |
| | 34 | √ | | 84 | | | 134 | |
| | 35 | √ | | 85 | | | 135 | |
| | 36 | √ | | 86 | | | 136 | |
| | 37 | √ | | 87 | | | 137 | |
| | 38 | √ | | 88 | | | 138 | |
| | 39 | √ | | 89 | | | 139 | |
| | 40 | √ | | 90 | | | 140 | |
| | 41 | √ | | 91 | | | 141 | |
| | 42 | √ | | 92 | | | 142 | |
| | 43 | √ | | 93 | | | 143 | |
| | 44 | √ | | 94 | | | 144 | |
| | 45 | √ | | 95 | | | 145 | |
| | 46 | √ | | 96 | | | 146 | |
| | 47 | √ | | 97 | | | 147 | |
| | 48 | | | 98 | | | 148 | |
| | 49 | | | 99 | | | 149 | |
| | 50 | | | 100 | | | 150 | |

Part of Paper No.  5

*Search Notes*

| Application No. | Applicant(s) |
|---|---|
| 09/941,851 | LARIKKA ET AL. |
| Examiner | Art Unit |
| Ming  Chow | 2645 |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 455 | 419 418 566 557 | 12-3-04 | CHOW |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

U.S. Patent and Trademark Office

Part of Paper No.  5



0171.40169X00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicants: | T. LARIKKA et al |
| Application No.: | 09/941,851 |
| Filed: | August 30, 2001 |
| For: | MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE |
| Art Unit: | 2645 |
| Examiner: | C. MING |

## AMENDMENT

**MS: AMENDMENTS**
Commissioner for Patents                                May 16, 2005
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action dated December 16, 2004, the period of response for which extension is requested by the attached Petition for Extension of Time, please amend the above-identified application as listed below and as set forth on the following pages:

**Amendments to the Specification;**

**Amendments to the Claims;**

**Amendments to the Drawings describing changes to the drawings shown in the Appendix;**

**Remarks are included following the amendments; and**

**Appendix A including an amended drawing figure follows the remarks.**

## AMENDMENTS TO THE SPECIFICATION

**Please replace paragraph [0005] with the following amended paragraph:**

[0005]        ~~As noted on the Web site of the above-noted organization,~~ ~~www.syncml.org,~~ SyncML is a common language which has been developed for synchronizing devices and applications over any network.  SyncML leverages XML (Extensible Markup Language), that is, a SyncML message is an XML document, and with SyncML, network information can be synchronized with any mobile device or terminal and mobile information can be synchronized with any networked application or applications.  With SyncML, any personal information, such as e-mail, calendars, to-do lists, contact information and other relevant data, etc., will be consistent, accessible, and up-to-date, no matter where the information is stored.  For example, a calendar entry made to a mobile device or terminal on a business trip is equally available to a secretary in the network calendar.

**Please replace paragraph [0010] with the following amended paragraph:**

[0010] Accordingly, it is an object of the present invention to utilize the short range communication capability ~~capability~~ of a mobile device or terminal device as a transport mechanism to forward SyncML messages from a source device or terminal device to another terminal device.

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application.

## Listing of Claims:

1. (Currently Amended)    A method of ~~transferring a data message~~ synchronization between a first terminal device and a second, remotely located, terminal device via an intermediate terminal device, the method comprising:

~~entering a data message into~~ obtaining, at the first terminal device, data to be synchronized with the second remotely located terminal device;

transmitting the data ~~message~~ from the first terminal device to the intermediate terminal device through a short-range connection;

formatting the data to be synchronized into at least one SMS (Short Message Service) message in the intermediate terminal device; and

transmitting the at least one SMS message from the intermediate terminal device to the second remotely located terminal device through a cellular network connection.

2. (Original)   The method of claim 1, wherein formatting the data message comprises formatting the data in a SyncML format.

3. (Original)   The method of claim 1, wherein the intermediate terminal device comprises a mobile terminal device.

Application No.: 09/341,851                                    Dkt. 0171.40169X00
Art Unit:  2645                                                      Page 4 of 18

4. (Original)   The method of claim 3, wherein the at least one SMS message is transmitted via a mobile network including an SMS message center.

5. (Currently Amended)     The method of claim 4, wherein the at least one SMS message is transmitted from the intermediate terminal device to the second, remotely located, terminal device via the mobile network and a gateway and the Internet.

6. (Original)   The method of claim 1, wherein the at least one SMS message comprises a compressed SMS message.

7. (Original)   The method of claim 6, wherein the compressed SMS message comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

8. (Original)   The method of claim 2, wherein the data formatted in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

9. (Original)   The method of claim 8, wherein the two MIME formats comprise vcal and vcard formats.

10. (Original) The method of claim 1, wherein the data message comprises one of a calendar, a to-do list, personal information, and contact information.

11. (Original) The method of claim 1, wherein the data message is transferred from the first terminal device to the intermediate terminal device via a short range communication link.

12. (Original) The method of claim 11, wherein the short range communication link comprises one of an IR (Infrared) or Bluetooth communication link.

13. (Currently Amended)   A mobile terminal device comprising:

a data message receiver to receive ~~a data message~~ data from a first terminal device, which data is to be synchronized with a second, remotely located, terminal device via a short range communication link;

a formatter to format the received data ~~message~~ into at least one SMS (Short Message Service) message; and

a transmitter to transmit the at least one SMS message to ~~another~~ the second, remotely located, terminal device through a cellular network connection.

14. (Original) The device of claim 13, wherein the formatter formats the data in a SyncML format.

15. (Original) The device of claim 13, wherein the at least one SMS message formatted by the formatter comprises a compressed SMS message.

16. (Original) The device of claim 15, wherein the compressed SMS message formatted by the formatter comprises a WBXML (Wireless Application Protocol

Binary Extensible Markup Language) encoded message.

17. (Original) The device of claim 13, wherein the data formatted by the formatter in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

18. (Original) The device of claim 17, wherein the two MIME formats formatted by the formatter comprise vcal and vcard.

19. (Original) The device of claim 13, wherein the data comprises one of a calendar, a to-do list, personal information, and contact information.

20. (Original) The device of claim 13, wherein the data receiver receives data messages via one of an IR (Infrared) or Bluetooth communication link.

21. (Currently Amended)   A program storage device, readable by machine, tangibly embodying a program of instructions executable by machine to perform a method of ~~transferring a data~~ ~~message~~ synchronization between a first terminal device and a second, remotely located, terminal device via an intermediate terminal device, the method comprising:

entering a data message into obtaining, at the first terminal device, data to be synchronized with the second remotely located terminal device;

transmitting the data ~~message~~ from the first terminal device to the intermediate terminal device through a short-range connection;

formatting the data to be synchronized into at least one SMS (Short Message Service) message in the intermediate terminal device; and

transmitting the at least one SMS message from the intermediate terminal device to the second remotely located terminal device through a cellular network connection.

22. (Original)  The device of claim 21, wherein formatting the data message comprises formatting the data in a SyncML format.

23. (Original)   The device of claim 21, wherein the intermediate terminal device comprises a mobile terminal device.

24. (Original)  The device of claim 23, wherein the at least one SMS message is transmitted via a mobile network including an SMS message center.

25. (Currently Amended)    The device of claim 24, wherein the at least one SMS message is transmitted from the intermediate terminal device to the second remotely located terminal device via the mobile network and a gateway and the Internet.

26. (Original) The device of claim 21, wherein the at least one SMS message comprises a compressed SMS message.

27. (Original) The device of claim 26, wherein the compressed SMS message comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

28. (Original) The device of claim 22, wherein the data formatted in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

29. (Original) The device of claim 28, wherein the two MIME formats comprise vcal and vcard formats.

30. (Original) The device of claim 21, wherein the data message comprises one of a calendar, a to-do list, personal information, and contact information.

31. (Original) The device of claim 21, wherein the data message is transferred from the first terminal device to the intermediate terminal device via a short range communication link.

32. (Original) The device of claim 31, wherein the short range communication link comprises one of an IR (Infrared) or Bluetooth communication link.

33. (Currently Amended)   A method of transferring data synchronization between a first terminal device and a, remotely located, second terminal device via an intermediate terminal device, the method comprising:

entering data into obtaining, at the first terminal device , data to be

Application No.: 09/341,851                    Dkt. 0171.40169X00
Art Unit: 2645                                        Page 9 of 18

synchronized with the second remotely located terminal device;

transmitting the data from the first terminal device to the intermediate

terminal device through a short-range connection;

formatting the data into at least one SMS (Short Message Service)

message in the intermediate terminal device;

transmitting the least one SMS message from the intermediate terminal

device to a message center; and

transmitting the at least one message from the message center to the

second remotely located terminal device through a cellular network connection.


**Claim 34.  (Canceled without prejudice or disclaimer)**


35. (Original)  The method of claim 34, wherein the message center

comprises an SMS message center.


36. (Original) The method of claim 33, wherein the data is transmitted from the

first terminal device to the intermediate terminal device via a short range

communication link.


37. (Original)  The method of claim 34, wherein the short range

communication link comprises one of either an IR (Infrared) or Bluetooth

communication link.

38. (Currently Amended)    A program storage device, readable by machine, tangibly embodying a program of instructions executable by machine to perform a method of ~~transferring~~ data synchronization between first and second remotely located terminal devices via an intermediate terminal device, the method comprising:

entering data into obtaining, at the first terminal device , data to be synchronized with the second remotely located terminal device;

transmitting the data from the first terminal device to the intermediate terminal device through short-range connection;

formatting the data into at least one SMS (Short Message Service) message in the intermediate terminal device;

transmitting the least one message from the intermediate terminal device to a message center; and

transmitting the at least one message from the message center to the second remotely located terminal device through a cellular or network connection.


**Claim 39. (Canceled without prejudice or disclaimer.)**


40. (Original) The device of claim 38, wherein the message center comprises an SMS message center.


41. (Original) The device of claim 38, wherein the data is transmitted from the first terminal device to the intermediate terminal device via a short range communication link.

42. (Original) The device of claim 39, wherein the short range communication link comprises one of either an IR (Infrared) or Bluetooth communication link.

43. (Original) The method of claim 1, further comprising transmitting at least one other SMS message from the second terminal device to the first terminal device via the intermediate terminal device.

44. (Original) The device of claim 13, further comprising a receiver to receive at least one other SMS message from the another terminal device and a data message transmitter to transmit the at least one other SMS message to the first terminal device.

45. (Original) The device of claim 21, further comprising transmitting at least one other SMS message from the second terminal device to the first terminal device via the intermediate terminal device.

46. (Original) The method of claim 33, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

47. (Original) The device of claim 38, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

Application No.: 09/341,851                                        Dkt. 0171.40169X00
Art Unit:  2645                                                    Page 13 of 18

## REMARKS

Reconsideration and allowance of this application, as amended, is respectfully requested.

This Amendment is in response to the Office Action dated December 16, 2004.  By the present Amendment, the Specification has been amended to delete the reference to the embedded hyperlink, as required in paragraph 1 of the Office Action.  Also, the drawing has been amended to show that Fig. 3 includes all of the elements, as indicated by a bracket in the amended Fig. 3.  Regarding this, it is noted that Fig. 3 illustrates how a SyncML message is split up and inserted into a plurality of SMS messages in accordance with the invention (e.g., see paragraph [0015]).  As such, the arrows shown in Fig. 3 art necessary for illustrating how the different portions of the SyncML message are split up to place into individual SMS messages.  This is described, for example, in paragraph [0025].  Accordingly, entry of the replacement drawing to illustrate the concepts discussed in paragraph [0015] and [0025] , and removal of the objection to the drawings is respectfully requested.

Also by the present Amendment, the claims have been amended to clarify the invention as will be discussed below.

Briefly, the present invention is directed to an arrangement which allows for the synchronization of data using an arrangement such as SyncML between two terminals (e,g., such as 160 and 150 in Fig. 1) which are remote from each other, particularly when one of the terminals only has short-range communication capabilities (such as the personal server 160 shown in Fig. 1).  As noted in paragraph [0006] of the Specification, previous systems synchronizing remote terminals using SyncML have typically used three different transport alternatives for

Application No.: 09/341,851
Art Unit:  2645

Dkt. 0171.40169X00
Page 12 of 18

## AMENDMENTS TO THE DRAWINGS

The attached sheet includes changes to Fig. 3.  This sheet replaces the original sheet showing Fig. 3.  By the present amendment, Fig. 3 has been amended in response to the objection to the drawings set forth in the Office Action.

sending the SynchML messages.  These alternatives are HTTP, WFD or OBEX.
However, as noted in paragraph [0007]:

> "while each of these alternatives are usable, they all have the same defect,
> namely, all of these alternatives require the use of a continuous data
> connection between the mobile device or terminal and the network."

This has been a problem in many instances.  In addition, as noted in paragraph
[0008], current portable personal servers often only have short range communication
capabilities, such as IR, or Bluetooth.  As such, present personal portable servers
typically are unable to synchronize data with remotely located terminals.
Accordingly, the present invention is directed to overcoming this problem.

In particular, the present invention utilizes a terminal, such as the mobile
terminal 100 in Fig. 1, which has SMS (Short Message Service) as an intermediary
terminal between the terminal having only a short range communication capability
(e.g., the personal server 160 of Fig. 1) and the remote terminal (e.g., 150 in Fig. 1).
This is discussed, for example, in paragraph [0010] which states:

> "Accordingly, it is an object of the present invention to utilize the short range
> communication capability of a mobile device or terminal device as a transport
> mechanism to forward SyncML messages from a source device or terminal
> device to another terminal device. "

Further, as noted in paragraph [0009], the use of SMS allows for a store and forward
service,  thus  eliminating  the  requirement  for  a  continuous  data  connection.
Therefore, the present invention does not suffer from the drawbacks of requiring a
continuous data connection for synchronization between terminals using, for
example SyncML, which has been required in the past.

Reconsideration and allowance of claims 1 to 33, 35 to 38 and 40 to 47, as
amended, over the various prior art rejections set forth in the Office Action based on
the combination of Kobayashi (USP 6,633,759) and Jokimies (USP 5,353,328) is

respectfully requested, whether considered alone or in combination with one another or the various other cited references to Sutinen (US2002/0161769), Lohtia et al (USP 6,560,456), Alanara et al (USP 6,097,961), Corneliussen et al (US 2004/0048603), Schmidt et al (US2003/0078890) or Winarski (US 2002/0123307). In regard to this, by the present Amendment, <u>each of the independent claims has been amended to clarify the features of the present invention in providing data synchronization between remotely located devices, using the intermediate terminal to convert the data synchronization information into SMS, wherein the communication between the first terminal and the intermediate terminal is done through a short range connection, and wherein the communication between the intermediate terminal and the second terminal is done through a cellular network connection.</u> It is respectfully requested that neither Kobayashi nor Jokimies, whether considered alone or in combination with one another or any of the other cited references, teach or suggest these specific claimed features. Incidentally, it is noted that the secondary reference to Sutinen et al is assigned to the same assignee Nokia Corporation, as the present application (and was commonly assigned at the time of filing of the present application). Inasmuch as the Sutinen et al reference is being used based on the combination of 35 USC §102(e)/103, this document is unavailable as a reference due to the common assignment of the Sutinen et al document and the present application.

With regard to the primary reference to Kobayashi, as recognized in the Office Action, this reference fails to teach the formatting of data to be synchronized into an SMS message and an intermediate terminal device. As such, Kobayashi lacks a fundamental feature of the present invention, that is, the reformatting of the

Application No.: 09/341,851
Art Unit:  2645

Dkt. 0171.40169X00
Page 16 of 18

synchronization data into an SMS message.  In addition, Kobayashi fails to teach or suggest the synchronization between two remotely located data terminals, wherein one of the data terminals transmits to an intermediate device through a short range connection while the intermediate device transfers to the second remotely located terminal through a cellular network connection.

In the Office Action, the reference to Jokimies is used for teaching the use of a mobile phone for converting received data into SMS for transmitting.  Jokimies is directed to a data adapted for   a mobile phone which provides an arrangement to convert received data into the SMS format to enable the phone to be used for receiving/transmitting data messages other than normal SMS messages.  However, again, Jokimies gives no suggestion whatsoever for an arrangement to provide data synchronization between a first terminal having only a short-range communication link and a remote terminal using an intermediate terminal to convert the data to be synchronized into an SMS message.  Therefore, it is respectfully submitted that, even if Jokimies and Kobayashi were combined , the resulting combination would still fail to teach or suggest the present claimed invention.

With regard to the various secondary references, although these are of general interest to various isolated features, it is noted that none of them teach or suggest anything that would overcome the basic shortcomings in Kobayashi and Jokimies, or the combination thereof, discussed above.  Therefore, it is respectfully submitted that the amended claims clearly define over the cited prior art, and reconsideration and allowance of the claims, as amended, is respectfully requested.

If the Examiner believes that there are any other points which may be clarified or otherwise disposed of either by telephone discussion or by personal interview, the

Application No.: 09/341,851                    Dkt. 0171.40169X00
Art Unit:  2645                                Page 17 of 18

Examiner is invited to contact Applicants' undersigned attorney at the number

indicated below.

     To the extent necessary, Applicants petition for an extension of time under 37

CFR 1.136.  Please charge any shortage in fees due in connection with the filing of

this paper, including extension of time fees, to the Antonelli, Terry, Stout & Kraus,

LLP Deposit Account No. 01-2135 (Docket No. 0171.40169X00), and please credit

any excess fees to such deposit account.

                       Respectfully submitted,
                       **ANTONELLI, TERRY, STOUT & KRAUS, LLP**

                       By _____
                            Gregory E. Montone
                            Reg. No. 28,141

GEM/dks

N:\0171\40169X00\AMD\BU7782.DOC      1300 North Seventeenth Street, Suite 1800
                       Arlington, Virginia 22209
                       Telephone:  (703) 312-6600
                       Facsimile:   (703) 312-6666

Application No.: 09/341,851
Art Unit:  2645

Dkt. 0171.40169X00
Page 18 of 18

# Appendix A

Replacement Sheet



**FIG. 3**

| SMS MESSAGE | SMS MESSAGE |
|---|---|
| SMS MESSAGE | SMS MESSAGE |

SyncML MESSAGE PORTION 1

SyncML MESSAGE PORTION 2

SyncML MESSAGE PORTION 3

SyncML MESSAGE PORTION 4

2645/8
cc

0171.40169X00

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:          T. LARIKKA et al

Application No.:     09/941,851

Filed:               August 30, 2001

For:                 MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A
                     MOBILE TERMINAL DEVICE TO A THIRD DEVICE

Art Unit:            2645

Examiner:            C. MING

### PETITION FOR EXTENSION OF TIME

Commissioner For Patents                                    May 16, 2005
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

  In the matter of the above-identified application, Applicants hereby respectfully petition for an extension of time to permit filing a response within a two-month time period subsequent to expiration of the shortened statutory period set in the outstanding Office Action mailed December 16, 2004.  A credit card payment form in the amount of $450.00 to cover the required fee for the requested extension of time is attached hereto.

  It is respectfully requested that any shortage in the fee be charged to the deposit account of Antonelli, Terry, Stout & Kraus, LLP, Account No. 01-2135 (Docket No. 0171.40169X00) and any excess fees credited to that account.

Respectfully submitted,
**ANTONELLI, TERRY, STOUT & KRAUS, LLP**

By

Gregory E. Montone
Reg. No. 28,141

GEM/dks
N:\0171\40169X00\EOT\BU7993.DOC

05/17/2005 HALI11   00000089 09941851
01 FC:1252                450.00 OP

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 2000

Application or Docket Number

*017.40169X00*

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 47 | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 47 minus 20= | * 27 |
| INDEPENDENT CLAIMS | 5 minus 3 = | 2 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

SMALL ENTITY TYPE ☐   OR   OTHER THAN SMALL ENTITY

| RATE | FEE | | RATE | FEE |
|---|---|---|---|---|
| BASIC FEE | 355.00 | OR | BASIC FEE | 710.00 |
| X$9= | | OR | X$18= | 486 |
| X40= | | OR | X80= | 160 |
| +135= | | OR | +270= | |
| TOTAL | | OR | TOTAL | 1356 |

* If the difference in column 1 is less than zero, enter "0" in column 2

Sml
8/6/05

## CLAIMS AS AMENDED - PART II

SMALL ENTITY   OR   OTHER THAN SMALL ENTITY

**AMENDMENT A**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | • 45 | Minus ** 47 | = | X$ 9= | | OR | X$18= | |
| Independent | • 5 | Minus *** 5 | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR | +270= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | • | Minus •• | = | X$ 9= | | OR | X$18= | |
| Independent | • | Minus ••• | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR | +270= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | • | Minus •• | = | X$ 9= | | OR | X$18= | |
| Independent | • | Minus ••• | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | +135= | | OR | +270= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

BEST AVAILABLE COPY

FORM PTO-875
(Rev. 8/00)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE





# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

7590          07/15/2005

Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1300 North Seventeenth Street
Arlington, VA 22209

| EXAMINER |
|---|
| CHOW, MING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

DATE MAILED: 07/15/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 09/941,851 | LARIKKA ET AL. |
| | **Examiner** | **Art Unit** |
| | Ming Chow | 2645 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *16 May 2005*.

2a) ☒ This action is **FINAL**.      2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-33,35-38 and 40-47* is/are pending in the application.

　　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-33,35-38 and 40-47* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

　　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a) ☐ All   b) ☐ Some * c) ☐ None of:

　　　1. ☐ Certified copies of the priority documents have been received.

　　　2. ☐ Certified copies of the priority documents have been received in Application No. _____.

　　　3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
　　Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413)
　　Paper No(s)/Mail. Date. _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____.

Application/Control Number: 09/941,851                                    Page 2
Art Unit: 2645

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

1.      Claims 1, 3, 13, 21, 23, 33, 38, 11, 12, 20, 31, 32, 36, 37, 41, 42, 43-47 are rejected under

35 U.S.C. 103(a) as being unpatentable over Kobayashi (US: 6633759), and in view of Jokimies

(US: 5353328).

Regarding claims 1, 3, 13, 21, 23, 33, 38, Kobayashi teaches on column 13 line 62 to

column 14 line 6, message data is entered in the PC (claimed "first terminal device") and send

the message data to the cellular phone (claimed "intermediate terminal device"). The sending of

same message data from the PC to the cellular phone is a synchronization. Kobayashi teaches

Fig. 9, short-range wireless communication between the PC and the cellular phone (reads on

claimed "remotely located").

Kobayashi failed to teach "formatting the data to be synchronized into at least one SMS

message in the intermediate terminal device". However, Jokimies teaches on Abstract – an

adapter for a mobile phone to convert received data into SMS for transmitting.

Kobayashi teaches on column 14 line 26-32, transmit the received data from the

intermediate terminal to a third terminal (claimed "second terminal device"). Kobayashi teaches

the intermediate terminal is a cellular phone (reads on claimed "through a cellular network connection").

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi to have the formatting the data to be synchronized into at least one SMS message in the intermediate terminal device as taught by Jokimies such that the modified intermediate terminal of Kobayashi would be able to support the formatting data message into SMS to the system users.

Regarding claims 11, 12, 20, 31, 32, 36, 37, 41, 42, Kobayashi teaches on column 4 line 55-64 the PC (claimed "first terminal device") and the cellular phone (claimed "intermediate terminal") are connected via bluetooth interface (claimed "a short range communication link").

Regarding claims 43-47, Kobayashi teaches on column 14 line 25-31 the data can be transmitted and received among multiple devices (reads on claimed "from the second terminal device to the first terminal device").

2.     Claims 2, 14, 22 are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi, and in view of Jokimies, Sutinen et al (US: 2002/0161769).

Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "formatting the data message comprises formatting the data in a SyncML format". However, Sutinen et al teach on Fig. 3 and section [0005] – data in SyncML format for synchronization.

Application/Control Number: 09/941,851                                      Page 4
Art Unit: 2645

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi, Jokimies to have the formatting the data message comprises formatting the data in a SyncML format as taught by Sutinen et al such that the modified system of Kobayashi, Jokimies would be able to support the SyncML format data to the system users.

3.      Claims 4, 24, 35, 40 are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi, and in view of Jokimies, Lohtia et al (US: 6560456).

Regarding claim 4, 24, 35, 40, 5, 25, Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "SMS message center". However, Lohtia et al teach on item 16 Fig. 1 and column 12 line 20 a SMS message center.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi, Jokimies to have the SMS message center as taught by Lohtia et al such that the modified system of Kobayashi, Jokimies would be able to support the SMS message center to the system users.

Regarding claims 5, 25, Kobayashi in view of Jokimies, Lohtia et al as stated in claim 4 above failed to teach "the at least one…..and the internet". However, Lohtia et al teach on item 304 Fig. 3 MSC (claimed "mobile network")., item 302 Fig. 3 WWIS Gateway, item 303 Fig. 3 Internet.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi, Jokimies, Lohtia et al to have the at least one…..and the internet as taught by Lohtia

Application/Control Number: 09/941,851                                Page 5
Art Unit: 2645

et al such that the modified system of Kobayashi, Jokimies, Lohtia et al would be able to support

the mobile network, gateway, and Internet for transmitting SMS messages to the system users.


4.      Claims 6, 15, 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Alanara et al (US: 6097961).

        Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "the at

least.....SMS message". However, Alanara et al teach on column 15 line 24-25 a controller on

the mobile station to compress SMS messages.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies to have the at least.....SMS message as taught by Alanara et al such that the

modified system of Kobayashi, Jokimies would be able to support the compressed SMS message

to the system users.


5.      Claims 7, 16, 27 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Alanara et al, Corneliussen et al (US: 2004/0048603).

        Kobayashi in view of Jokimies, Alanara et al as stated in claim 6 above failed to teach

"the compressed SMS.....encoded message". However, Corneliussen et al teach on section

[0041} SMS server builds WBXML messages.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies, Alanara et al to have the "the compressed SMS.....encoded message" as

taught by Corneliussen et al such that the modified system of Kobayashi, Jokimies, Alanara et al

would be able to support the WBXML encoded message to the system users.

6.      Claims 8, 17, 28 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Sutinen et al, Schmidt et al (US: 2003/0078890).

        Kobayashi in view of Jokimies, Sutinen et al as stated in claim 2 above failed to teach

"the data formatted…..formats". However, Schmidt et al teach on section [0298] SyncML MIME

data format.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies, Sutinen et al to have the "the data formatted…..formats" as taught by

Schmidt et al such that the modified system of Kobayashi, Jokimies, Sutinen et al would be able

to support the SyncML MIME data format to the system users.


7.      Claims 9, 18, 29 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies, Sutinen et al, Schmidt et al, Winarski (US: 2002/0123307).

        Kobayashi in view of Jokimies, Sutinen et al, Schmidt et al as stated in claim 8 above

failed to teach "the two…..vcard formats". However, Winarski teaches on section [0035] vcal

and vcard formats of information.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies, Sutinen et al, Schmidt et al to have the "the two…..vcard formats" as

taught by Winarski such that the modified system of Kobayashi, Jokimies, Sutinen et al, Schmidt

et al would be able to support the vcal and vcard data formats to the system users.

Application/Control Number: 09/941,851                                                 Page 7
Art Unit: 2645

8.      Claims 10, 19, 30 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies.

        Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "the data

message.....contact information". However, "Official Notice" is taken that content of data

message is a decide choice.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies to have the "the data message.....contact information" such that the

modified system of Kobayashi, Jokimies would be able to support the calendar, to-do list,

personal information, or contact information to the system users.

*Response to Arguments*

9.      Applicant's arguments filed on 5/16/05 have been fully considered but they are not

persuasive.

        i)      Applicant argues, on page 15, regarding new amendments. New grounds of rejections

                necessitated by the amendments have been stated above.

### *Conclusion*

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

10.     Any inquiry concerning this application and office action should be directed to the examiner Ming Chow whose telephone number is (571) 272-7535. The examiner can normally be reached on Monday through Friday from 8:30 am to 5 pm. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Fan Tsang, can be reached on (571) 272-7547. Any inquiry of a general mature or relating to the status of this application or

Application/Control Number: 09/941,851                                    Page 9
Art Unit: 2645

proceeding should be directed to the Customer Service whose telephone number is (571) 272-

2600. Any response to this action should be mailed to:

   **Commissioner of Patents and Trademarks**

   **Washington, D.C. 20231**

   **Or faxed to Central FAX Number 571-273-8300.**

Patent Examiner

Art Unit 2645

Ming Chow

FAN TSANG
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

| *Search Notes*  | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 09/941,851 | LARIKKA ET AL. |
| | Examiner | Art Unit |
| | Ming Chow | 2645 |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| update search | 7-11-06 | CHOW |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| (barcode) | 09/941,851 | LARIKKA ET AL. |
| | Examiner | Art Unit |
| | Ming Chow | 2645 |

| √ | Rejected | | – | (Through numeral) Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | ÷ | Restricted | | I | Interference | | O | Objected |

| Final | Original | √ | Date | | | | | | | Final | Original | | Date | | | | | | | Final | Original | | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | √ | | | | | | | | | 51 | | | | | | | | | | 101 | | | | | | | | |
| | 2 | √ | | | | | | | | | 52 | | | | | | | | | | 102 | | | | | | | | |
| | 3 | √ | | | | | | | | | 53 | | | | | | | | | | 103 | | | | | | | | |
| | 4 | √ | | | | | | | | | 54 | | | | | | | | | | 104 | | | | | | | | |
| | 5 | √ | | | | | | | | | 55 | | | | | | | | | | 105 | | | | | | | | |
| | 6 | √ | | | | | | | | | 56 | | | | | | | | | | 106 | | | | | | | | |
| | 7 | √ | | | | | | | | | 57 | | | | | | | | | | 107 | | | | | | | | |
| | 8 | √ | | | | | | | | | 58 | | | | | | | | | | 108 | | | | | | | | |
| | 9 | √ | | | | | | | | | 59 | | | | | | | | | | 109 | | | | | | | | |
| | 10 | √ | | | | | | | | | 60 | | | | | | | | | | 110 | | | | | | | | |
| | 11 | √ | | | | | | | | | 61 | | | | | | | | | | 111 | | | | | | | | |
| | 12 | √ | | | | | | | | | 62 | | | | | | | | | | 112 | | | | | | | | |
| | 13 | √ | | | | | | | | | 63 | | | | | | | | | | 113 | | | | | | | | |
| | 14 | √ | | | | | | | | | 64 | | | | | | | | | | 114 | | | | | | | | |
| | 15 | √ | | | | | | | | | 65 | | | | | | | | | | 115 | | | | | | | | |
| | 16 | √ | | | | | | | | | 66 | | | | | | | | | | 116 | | | | | | | | |
| | 17 | √ | | | | | | | | | 67 | | | | | | | | | | 117 | | | | | | | | |
| | 18 | √ | | | | | | | | | 68 | | | | | | | | | | 118 | | | | | | | | |
| | 19 | √ | | | | | | | | | 69 | | | | | | | | | | 119 | | | | | | | | |
| | 20 | √ | | | | | | | | | 70 | | | | | | | | | | 120 | | | | | | | | |
| | 21 | √ | | | | | | | | | 71 | | | | | | | | | | 121 | | | | | | | | |
| | 22 | √ | | | | | | | | | 72 | | | | | | | | | | 122 | | | | | | | | |
| | 23 | √ | | | | | | | | | 73 | | | | | | | | | | 123 | | | | | | | | |
| | 24 | √ | | | | | | | | | 74 | | | | | | | | | | 124 | | | | | | | | |
| | 25 | √ | | | | | | | | | 75 | | | | | | | | | | 125 | | | | | | | | |
| | 26 | √ | | | | | | | | | 76 | | | | | | | | | | 126 | | | | | | | | |
| | 27 | √ | | | | | | | | | 77 | | | | | | | | | | 127 | | | | | | | | |
| | 28 | √ | | | | | | | | | 78 | | | | | | | | | | 128 | | | | | | | | |
| | 29 | √ | | | | | | | | | 79 | | | | | | | | | | 129 | | | | | | | | |
| | 30 | √ | | | | | | | | | 80 | | | | | | | | | | 130 | | | | | | | | |
| | 31 | √ | | | | | | | | | 81 | | | | | | | | | | 131 | | | | | | | | |
| | 32 | √ | | | | | | | | | 82 | | | | | | | | | | 132 | | | | | | | | |
| | 33 | √ | | | | | | | | | 83 | | | | | | | | | | 133 | | | | | | | | |
| | 34 | | | | | | | | | | 84 | | | | | | | | | | 134 | | | | | | | | |
| | 35 | √ | | | | | | | | | 85 | | | | | | | | | | 135 | | | | | | | | |
| | 36 | √ | | | | | | | | | 86 | | | | | | | | | | 136 | | | | | | | | |
| | 37 | √ | | | | | | | | | 87 | | | | | | | | | | 137 | | | | | | | | |
| | 38 | √ | | | | | | | | | 88 | | | | | | | | | | 138 | | | | | | | | |
| | 39 | | | | | | | | | | 89 | | | | | | | | | | 139 | | | | | | | | |
| | 40 | √ | | | | | | | | | 90 | | | | | | | | | | 140 | | | | | | | | |
| | 41 | √ | | | | | | | | | 91 | | | | | | | | | | 141 | | | | | | | | |
| | 42 | √ | | | | | | | | | 92 | | | | | | | | | | 142 | | | | | | | | |
| | 43 | √ | | | | | | | | | 93 | | | | | | | | | | 143 | | | | | | | | |
| | 44 | √ | | | | | | | | | 94 | | | | | | | | | | 144 | | | | | | | | |
| | 45 | √ | | | | | | | | | 95 | | | | | | | | | | 145 | | | | | | | | |
| | 46 | √ | | | | | | | | | 96 | | | | | | | | | | 146 | | | | | | | | |
| | 47 | √ | | | | | | | | | 97 | | | | | | | | | | 147 | | | | | | | | |
| | 48 | | | | | | | | | | 98 | | | | | | | | | | 148 | | | | | | | | |
| | 49 | | | | | | | | | | 99 | | | | | | | | | | 149 | | | | | | | | |
| | 50 | | | | | | | | | | 100 | | | | | | | | | | 150 | | | | | | | | |

12028243001          10/14/2005 11:30    PAGE 001/003    Fax Server    RECEIVED
                                                                    CENTRAL FAX CENTER

OCT 1 4 2005

1001 G. STREET N.W, ELEVENTH FLOOR
WASHINGTON, D.C. 20001

# BANNER & WITCOFF, LTD.
INTELLECTUAL PROPERTY LAW

TEL: 202.824.3000
FAX: 202.824.3001

www.bannerwitcoff.com

| To: | **Central Fax** |
| Company: | USPTO |
| Fax: | 15712738300 |
| Phone: | |

| From: | **Ross Dannenberg** |
| Fax: | |
| Phone: | |

Re:

I hereby certify that the following documents are being facsimile
transmitted to the Patent and Trademark Office on October 14, 2005,
to (571) 273-8300:
*Power of Attorney
*Statement under 37 CFR 3.73(b)

Signature: /Ross Dannenberg/
Ross A. Dannenberg, Reg. No. 49,024

**Date Of Transmission: 10/14/2005 11:30:08 AM**
**Number Of Pages Including This Cover Sheet: 3**

**Important/Confidential:** This message is intended only for the use of the individual or entity to whom it is addressed.  This message contains information from the law firm of Banner & Witcoff, Ltd. which may be privileged, confidential or exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify us immediately at our telephone number listed above.  We will be happy to arrange for the return of this message to our offices at no cost to you.

| CHICAGO | WASHINGTON, D.C. | BOSTON | PORTLAND, OR |

PTO/SB/96 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

RECEIVED
CENTRAL FAX CENTER

OCT 1 4 2005

Applicant/Patent Owner:  Nokia Corporation

Application No./Patent No.:  09/941,851        Filed/Issue Date:  Filed 30-Aug-2001

Entitled:  Message Transfer From a Source Device Via a Mobile Terminal Device to a Third Device

Nokia Corporation_____, a ___Corporation_____
(Name of Assignee)                              (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1. [✓]  the assignee of the entire right, title, and interest; or

2. [ ]  an assignee of less than the entire right, title and interest.
       The extent (by percentage) of its ownership interest is_____ %

in the patent application/patent identified above by virtue of either:

A.[✓]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded
       in the United States Patent and Trademark Office at Reel 012130_____, Frame 0651_____, or for which a copy
       thereof is attached.

OR

B.[ ]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as shown
       below:

   1. From: _____    To: _____
      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

   2. From: _____    To: _____
      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

   3. From: _____    To: _____
      The document was recorded in the United States Patent and Trademark Office at
      Reel _____, Frame _____, or for which a copy thereof is attached.

   [ ] Additional documents in the chain of title are listed on a supplemental sheet.

[ ] Copies of assignments or other documents in the chain of title are attached.
   [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment
   Division in accordance with 37 CFR Part 3, if the assignment is to be recorded in the records of the USPTO. See
   MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

/Ross Dannenberg/_____      14-Oct-2005_____
Signature                                        Date

Ross A. Dannenberg, Reg. No. 49,024_____      202-824-3000_____
Printed or Typed Name                            Telephone Number

Counsel of Record_____
Title

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

12028243001            10/14/2005 11:30    PAGE 003/003    Fax Server

RECEIVED
CENTRAL FAX CENTER

OCT 1 4 2005

PTO/SB/80 (04-05)
Approved for use through 11/30/2005. OMB 0651-0036
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(b).

I hereby appoint:

[X]   Practitioners associated with the Customer Number:      22907

OR

[ ]   Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | Name | Registration Number |
|------|---------------------|------|---------------------|
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |

as attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned only to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(b).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(b) to:

[X]   The address associated with Customer Number:      22907

OR

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

Assignee Name and Address:   **Nokia Corporation**
**Keilalahdentie 4**
**FIN-02150, Espoo**
**FINLAND**

A copy of this form, together with a statement under 37 CFR 3.73(b) (Form PTO/SB/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(b) may be completed by one of the practitioners appointed in this form if the appointed practitioner is authorized to act on behalf of the assignee, and must identify the application in which this Power of Attorney is to be filed.

### SIGNATURE of Assignee of Record
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature | | Date | 14 October 2005 |
|---|---|---|---|
| Name | Sami Saru | Telephone | +358 50 486 7688 |
| Title | IPR External Associates Manager | | |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

12028243001          10/17/2005 4:44   PAGE 001/006   Fax Server

RECEIVED
CENTRAL FAX CENTER

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

OCT 17 2005

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re the Application of (first named inventor): | Atty. Docket No.: | (Amended) 004770.00538 |
| **Tapani Larikka** | | |
| Serial No.: 09/941,851 | Group Art Unit: | 2645 |
| Filed: August 30, 2001 | Examiner: | Chow, Ming |
| For: Message Transfer From A Source Device Via A Mobile Terminal Device To A Third Device | Confirmation No.: | 7553 |

## RESPONSE TO FINAL OFFICE ACTION

**Mail Stop AF**
U.S. Patent and Trademark Office
Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

I hereby certify that this correspondence is being facsimile transmitted to the Patent and Trademark Office on October 17, 2005, to (571) 273-8300.
Signature:____/Ross Dannenberg/____
Ross A. Dannenberg, Reg. No. 49,024

Sir:

In response to the Office Action mailed July 15, 2005, please amend the instant application as follows:

**Remarks/Arguments** begin on page 2 of this paper.

If any fees are required or if an overpayment is made, the Commissioner is authorized to debit or credit our Deposit Account No. 19-0733, accordingly.

Page 1 of 6

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

## REMARKS/ARGUMENTS

The Office Action of July 15, 2005 has been carefully reviewed and these remarks are responsive thereto. Reconsideration and allowance of the instant application are respectfully requested.

### Summary of Telephonic Interview

As new counsel of record, Applicant's undersigned representative thanks the examiner for the telephonic interview of October 14, 2005, in which the examiner and Applicant's undersigned representative discussed the pending issues in this case in an attempt to further prosecution of this application.

During the interview, Applicant's undersigned representative and the examiner discussed, without agreement, the rejection of claim 1. Applicant's undersigned representative pointed out that the Office Action of July 15, 2005, in rejecting claim 1, relies on the Kobayashi reference (U.S. Pat. No. 6,633,759) for all features of claim 1 except the step of formatting the data to be synchronized into at least one SMS message. Applicant's undersigned representative further pointed out that every connection in Kobayashi is between two devices, without passing data through a third device. That is, Kobayashi describes technology whereby one device is used as a viewer for a second device. The first device and second device are connected via a short-range connection, e.g., Bluetooth. See, e.g., Kobayashi, col. 13-14.

While the Office Action relies on col. 14, lines 26-32 of Kobayshi as allegedly describing an intermediate (i.e., third) device, Kobayashi instead merely indicates that the connection between two devices can be created multiple times. Each connection, however, is still only between two devices at a time. In Kobayashi, data is never transferred from a first device, through an intermediate (i.e., third) device, to a second device.

In response, the examiner indicated for the first time that the adapter of the Jokimies reference might be considered a terminal device. Applicant respectfully disagrees. Terminal devices are well known in the art. A terminal device is generally known in the art as a point at which a telephone call can end, i.e., terminate. See, e.g., *Newton's Telecom Dictionary, 17th Ed.*, CMP Books, 2001, p. 692 ("Terminal: 1. The point at which a telephone line ends."); p. 693

Page 2 of 6

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

("Terminal Equipment: …telephones and other equipment at the end of telephone lines."). In addition, Jokimies does not teach or suggest that the adapter connects to anything via a wireless connection as claimed, but rather has a cable 5 to connect to a mobile telephone 1, and a data connector (input/output) for connection to a PC. See Jokimies, col. 2, lines 28-57. Therefore, Jokimies does not teach an intermediate terminal device, and claims 1, 13, 21, 33, and 38 are not obvious over Kobayashi and Jokimies.

### Statement of Common Ownership

The present application and the Sutinen (US 2002/0161769), Schmidt (US 2003/0078890 A1), and Corneliussen (US 2004/0048603 A1) references were, at the time the invention was made, owned by, or subject to an obligation of assignment to, Nokia Corporation.

### Rejections Under 35 U.S.C. § 103

Claims 1, 3, 13, 21, 23, 33, 38, 11, 12, 20, 31, 32, 36, 37, 41, 42, and 43-47 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi (U.S. Pat. No. 6,633,759) in view of Jokimies (U.S. Pat. No. 5,353,328).

In order to establish a *prima facie* case of obviousness under § 103(a), three criteria must exist: 1) there must be some suggestion or motivation, either in the references themselves or in the knowledge generally available to one of ordinary skill in the art, to modify the reference or to combine the reference teachings; 2) there must be a reasonable expectation of success; and 3) the prior art reference(s) must teach or suggest all the claim limitations. *See* MPEP § 706.02 (j); *In re Vaeck*, 947 F.2d 488 (Fed. Cir. 1991).

As argued in the above summary of the telephonic interview, Kobayashi and Jokimies, even if combined, do not teach or suggest sending data for synchronization through an intermediate terminal device. Jokimies does not teach or suggest an intermediate terminal device, as newly argued by the examiner, because the adapter 2 of Jokimies is not the same as the claimed intermediate terminal device, as already discussed above. The Office has thus failed to establish a *prima facie* case of obviousness.

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

Additionally, there is no motivation to combine or expectation of success in the combination of Kobayashi with Jokimies. Kobayshi describes a short range connection between a mobile telephone and a PC. Even assuming that Jokimies taught that which the examiner proffers, which Applicant maintains it does not, Jokimies would introduce an extra level of complexity into Kobayashi in that the connection would be relayed through an adapter coupled to a mobile terminal. This would necessarily require additional configuration and programming, and thus there is no expectation of success in the combination by one of ordinary skill in the art. Thus, the Office Action fails to establish a *prima facie* case of obviousness for this additional reason.

Claims 2, 14, and 22 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Sutinen (U.S. 2002/0161769). The above Statement of Common Ownership removes Sutinen as an applicable reference for a rejection under 35 U.S.C. § 103(a), and this rejection is therefore respectfully traversed.

Claims 4, 24, 35, and 40 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Lohtia (U.S. Pat. No. 6,560,456). These claims are allowable based on the allowability of their respective base claims, because Lohtia does not cure the above-noted deficiencies of Kobayashi and Jokimies, and further in view of the additional features recited in each claim.

Claims 6, 15, and 26 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Alanara (U.S. Pat. No. 6,097,961). These claims are allowable based on the allowability of their respective base claims, because Alanara does not cure the above-noted deficiencies of Kobayashi and Jokimies, and further in view of the additional features recited in each claim.

Claims 7, 16, and 27 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Alanara and Corneliussen (U.S.

PAGE 4/6 * RCVD AT 10/17/2005 4:46:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/24 * DNIS:2738300 * CSID:12028243001 * DURATION (mm-ss):02-16

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

2004/0048603). The above Statement of Common Ownership removes Corneliussen as an applicable reference for a rejection under 35 U.S.C. § 103(a), and this rejection is therefore respectfully traversed.

Claims 8, 17, and 28 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Sutinen and Schmidt (U.S. 2003/0078890). The above Statement of Common Ownership removes Sutinen and Schmidt as applicable references for a rejection under 35 U.S.C. § 103(a), and this rejection is therefore respectfully traversed.

Claims 9, 18, and 29 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Sutinen, Schmidt, and Winarski (U.S. 2002/0123307). The above Statement of Common Ownership removes Sutinen and Schmidt as applicable references for a rejection under 35 U.S.C. § 103(a), and this rejection is therefore respectfully traversed.

Claims 10, 19, and 30 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies. These claims are allowable based on the allowability of their respective base claims, and further in view of the additional novel and nonobvious features recited in each claim.

Applicant reserves the right to further attack the motivation to combine any or all of the cited references, but believes this is not necessary at this time based on the above-noted features lacking from each reference.

## CONCLUSION

All rejections having been addressed, Applicant respectfully submits that the instant application is in condition for allowance, and respectfully solicits prompt notification of the same. However, if for any reason the Examiner believes the application is not in condition for

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

allowance or there are any questions, the Examiner is requested to contact the undersigned at

(202) 824-3153.

Respectfully submitted,

BANNER & WITCOFF, LTD.

Dated this 17th day of October, 2005          By:          /Ross Dannenberg/

Ross Dannenberg, Registration No. 49,024
1001 G Street, N.W.
Washington, D.C. 20001-4597
Tel:    (202) 824-3000
Fax:    (202) 824-3001

RAD/mmd

PAGE 6/6 * RCVD AT 10/17/2005 4:46:04 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/24 * DNIS:2738300 * CSID:12028243001 * DURATION (mm-ss):02-16



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

22907      7590      10/20/2005

BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON, DC  20001

| EXAMINER |
|---|
| CHOW, MING |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2645 | |

DATE MAILED: 10/20/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C  (Rev. 10/03)

| ***Interview Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 09/941,851 | LARIKKA ET AL. |
| | **Examiner** | **Art Unit** | |
| | Ming Chow | 2645 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Ming Chow*.                                    (3)_____.

(2) *Ross Dannenberg*.                          (4)_____.

Date of Interview: *14 October 2005*.

Type:   a)☒  Telephonic   b)☐  Video Conference
          c)☐  Personal [copy given to:  1)☐ applicant     2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes    e)☒ No.
    If Yes, brief description: _____.

Claim(s) discussed: *1*.

Identification of prior art discussed: _____.

Agreement with respect to the claims f)☐ was reached.   g)☒ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *General discussions regarding Applicant's arguments. Examiner requested Applicant to document all arguments and agreed to consider those arguments when next response is received.*

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

## Chow, Ming

**From:** Ross Dannenberg [RDannenberg@bannerwitcoff.com]
**Sent:** Friday, October 14, 2005 11:38 AM
**To:** Chow, Ming
**Subject:** Application 09/941,851 (our ref 004770.00538)

Examiner Chow,
    Today we faxed in our new Power of Attorney for this case, a courtesy copy of which is attached for your reference.  If you are still available today at 3pm to discuss this case, please let me know and I will call you at that time.  Otherwise, please let me know your availability on Thursday or Friday of next week.  I look forward to hearing from you.

Sincerely,

Ross

Ross Dannenberg
Banner & Witcoff, Ltd.
1001 G Street, NW
Washington, DC 20001-4597
Direct Tel: (202) 824-3153
Direct Fax: (202) 824-3753
rdannenberg@bannerwitcoff.com

**CONFIDENTIALITY NOTICE**: *This message contains information from the law firm of Banner & Witcoff, Ltd. which may be privileged, confidential, or exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by return e-mail, telephone, or facsimile.*

10/14/05



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

1001 G. STREET N.W, ELEVENTH FLOOR
WASHINGTON, D.C.  20001

TEL:  202.824.3000
FAX:  202.824.3001

www.bannerwitcoff.com

| | |
|---|---|
| **To:** | **Central Fax** |
| Company: | USPTO |
| Fax: | 15712738300 |
| Phone: | |

| | |
|---|---|
| **From:** | **Ross Dannenberg** |
| Fax: | |
| Phone: | |

**Re:**

I hereby certify that the following documents are being facsimile
transmitted to the Patent and Trademark Office on October 14, 2005,
to (571) 273-8300:
*Power of Attorney
*Statement under 37 CFR 3.73(b)

Signature: /Ross Dannenberg/
Ross A. Dannenberg, Reg. No. 49,024

**Date Of Transmission: 10/14/2005 11:30:08 AM**
**Number Of Pages Including This Cover Sheet: 3**

**Important/Confidential:** This message is intended only for the use of the individual or entity to whom it is addressed. This message contains information from the law firm of Banner & Witcoff, Ltd. which may be privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately at our telephone number listed above. We will be happy to arrange for the return of this message to our offices at no cost to you.

| **CHICAGO** | **WASHINGTON, D.C.** | **BOSTON** | **PORTLAND, OR** |
|---|---|---|---|

PTO/SB/80 (04-05)
Approved for use through 11/30/2005. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(b).

I hereby appoint:

[X] Practitioners associated with the Customer Number:  | 22907

OR

[ ] Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | Name | Registration Number |
|------|---------------------|------|---------------------|
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |
|      |                     |      |                     |

as attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned only to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(b).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(b) to:

[X] The address associated with Customer Number:  | 22907

OR

| [ ] Firm or Individual Name | |
|------|------|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

Assignee Name and Address:

Nokia Corporation
Keilalahdentie 4
FIN-02150, Espoo
FINLAND

A copy of this form, together with a statement under 37 CFR 3.73(b) (Form PTO/SB/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(b) may be completed by one of the practitioners appointed in this form if the appointed practitioner is authorized to act on behalf of the assignee, and must identify the application in which this Power of Attorney is to be filed.

**SIGNATURE of Assignee of Record**
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee

| Signature |  | Date | 14 October 2005 |
|-----------|--|------|------|
| Name | Sami Saru | Telephone | 358 50 486 7688 |
| Title | IPR External Associates Manager | | |

This collection of information is required by 37 CFR 1.31, 1.32 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/96 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner: Nokia Corporation

Application No./Patent No.: 09/941,851                     Filed/Issue Date: Filed 30-Aug-2001

Entitled: Message Transfer From a Source Device Via a Mobile Terminal Device to a Third Device

Nokia Corporation                                  , a   Corporation
(Name of Assignee)                                       (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1. [✓] the assignee of the entire right, title, and interest; or

2. [ ] an assignee of less than the entire right, title and interest.
       The extent (by percentage) of its ownership interest is_____ %

in the patent application/patent identified above by virtue of either:

A. [✓] An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded
       in the United States Patent and Trademark Office at Reel 012130           , Frame 0651           , or for which a copy
       thereof is attached.

OR

B. [ ] A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as shown
       below:

       1. From: _____     To: _____
          The document was recorded in the United States Patent and Trademark Office at
          Reel _____, Frame _____, or for which a copy thereof is attached.

       2. From: _____     To: _____
          The document was recorded in the United States Patent and Trademark Office at
          Reel _____, Frame _____, or for which a copy thereof is attached.

       3. From: _____     To: _____
          The document was recorded in the United States Patent and Trademark Office at
          Reel _____, Frame _____, or for which a copy thereof is attached.

       [ ] Additional documents in the chain of title are listed on a supplemental sheet.

[ ] Copies of assignments or other documents in the chain of title are attached.
    [NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment
    Division in accordance with 37 CFR Part 3, if the assignment is to be recorded in the records of the USPTO. See
    MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

/Ross Dannenberg/                                        14-Oct-2005
Signature                                                Date

Ross A. Dannenberg, Reg. No. 49,024                      202-824-3000
Printed or Typed Name                                    Telephone Number

Counsel of Record
Title

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
| --- | --- | --- | --- |
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 |

**CONFIRMATION NO. 7553**

22907
BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON, DC 20001

*OC000000017298436*

Date Mailed: 10/20/2005

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 10/14/2005.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

SYED AREEBUDDIN
PTOSS (703) 308-9150

OFFICE COPY



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 |

**CONFIRMATION NO. 7553**

Antonelli, Terry, Stout & Kraus, LLP
Suite 1800
1300 North Seventeenth Street
Arlington, VA 22209

*OC000000017298374*

Date Mailed: 10/20/2005

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 10/14/2005.

● The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

SYED AREEBUDDIN
PTOSS (703) 308-9150

OFFICE COPY



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

| 22907        7590        12/16/2005 | EXAMINER |
|---|---|
| BANNER & WITCOFF | CHOW, MING |
| 1001 G STREET N W | |
| SUITE 1100 | ART UNIT / PAPER NUMBER |
| WASHINGTON, DC  20001 | 2645 |

DATE MAILED: 12/16/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/941,851 | LARIKKA ET AL. |
| | Examiner | Art Unit | |
| | Ming Chow | 2645 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>20 October 2005</u>.

2a)☐ This action is **FINAL**.        2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-33,35-38 and 40-47</u> is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1,3-6,10-13,15,19-21,23-26,30-33,35-38,40-47</u> is/are rejected.

7)☒ Claim(s) <u>2,7-9,14,16-18,22 and 27-29</u> is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All   b)☐ Some * c)☐ None of:

   1.☐ Certified copies of the priority documents have been received.

   2.☐ Certified copies of the priority documents have been received in Application No. _____.

   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 09/941,851                                          Page 2
Art Unit: 2645

*Response to Amendment*

1.      Applicant's request for reconsideration of the finality of the rejection of the last Office

action is persuasive and, therefore, the finality of that action is withdrawn.

*ALLOWABLE SUBJECT MATTER*

1.      Claims 2, 7-9, 14, 16-18, 22, 27-29 are allowed.

2.      The following is an examiner's statement of reasons for allowance:

Upon close review of the claims, the prior art and applicant's remarks it appears that the

allowance of claims 2, 7-9, 14, 16-18, 22, 27-29 are appropriate. The prior art does not teach

formatting the data message comprising formatting the data in a SyncML format wherein the

data formatted in a SyncML format comprises one of two MIME formats. The two MIME

formats comprise vcal and vcard formats. The compressed SMS message comprises a WBXML

encoded message.

Application/Control Number: 09/941,851                                    Page 3

Art Unit: 2645

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

2.      Claims 1, 3, 13, 21, 23, 33, 38, 11, 12, 20, 31, 32, 36, 37, 41, 42, 43-47 are rejected under

35 U.S.C. 103(a) as being unpatentable over Kobayashi (US: 6633759), and in view of Jokimies

(US: 5353328).

Regarding claims 1, 3, 13, 21, 23, 33, 38, Kobayashi teaches on column 13 line 62 to

column 14 line 6, message data is entered in the PC (claimed "first terminal device") and send

the message data to the cellular phone (claimed "intermediate terminal device"). The sending of

same message data from the PC to the cellular phone is a synchronization. Kobayashi teaches

Fig. 9, short-range wireless communication between the PC and the cellular phone (reads on

claimed "remotely located").

Kobayashi failed to teach "formatting the data to be synchronized into at least one SMS

message in the intermediate terminal device". However, Jokimies teaches on Abstract – an

adapter for a mobile phone to convert received data into SMS for transmitting.

Kobayashi teaches on column 14 line 26-32, transmit the received data from the

intermediate terminal to a third terminal (claimed "second terminal device"). Kobayashi teaches

the intermediate terminal is a cellular phone (reads on claimed "through a cellular network

connection").

Application/Control Number: 09/941,851                                    Page 4
Art Unit: 2645

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi to have the formatting the data to be synchronized into at least one SMS message in the intermediate terminal device as taught by Jokimies such that the modified intermediate terminal of Kobayashi would be able to support the formatting data message into SMS to the system users.

Regarding claims 11, 12, 20, 31, 32, 36, 37, 41, 42, Kobayashi teaches on column 4 line 55-64 the PC (claimed "first terminal device") and the cellular phone (claimed "intermediate terminal") are connected via bluetooth interface (claimed "a short range communication link").

Regarding claims 43-47, Kobayashi teaches on column 14 line 25-31 the data can be transmitted and received among multiple devices (reads on claimed "from the second terminal device to the first terminal device").

3.      Claims 4, 24, 35, 40, 5, 25 are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi, and in view of Jokimies, Lohtia et al (US: 6560456).

Regarding claim 4, 24, 35, 40, Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "SMS message center". However, Lohtia et al teach on item 16 Fig. 1 and column 12 line 20 a SMS message center.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi, Jokimies to have the SMS message center as taught by Lohtia et al such that the

modified system of Kobayashi, Jokimies would be able to support the SMS message center to the system users.

Regarding claims 5, 25, Kobayashi in view of Jokimies, Lohtia et al as stated in claim 4 above failed to teach "the at least one.....and the internet". However, Lohtia et al teach on item 304 Fig. 3 MSC (claimed "mobile network")., item 302 Fig. 3 WWIS Gateway, item 303 Fig. 3 Internet.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi, Jokimies, Lohtia et al to have the at least one.....and the internet as taught by Lohtia et al such that the modified system of Kobayashi, Jokimies, Lohtia et al would be able to support the mobile network, gateway, and Internet for transmitting SMS messages to the system users.

4.      Claims 6, 15, 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi, and in view of Jokimies, Alanara et al (US: 6097961).

Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "the at least.....SMS message". However, Alanara et al teach on column 15 line 24-25 a controller on the mobile station to compress SMS messages.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi, Jokimies to have the at least.....SMS message as taught by Alanara et al such that the modified system of Kobayashi, Jokimies would be able to support the compressed SMS message to the system users.

Application/Control Number: 09/941,851                                    Page 6
Art Unit: 2645

5.      Claims 10, 19, 30 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kobayashi, and in view of Jokimies.

        Kobayashi in view of Jokimies as stated in claim 1 above failed to teach "the data

message.....contact information". However, "Official Notice" is taken that content of data

message is a decide choice.

        It would have been obvious to one skilled at the time the invention was made to modify

Kobayashi, Jokimies to have the "the data message.....contact information" such that the

modified system of Kobayashi, Jokimies would be able to support the calendar, to-do list,

personal information, or contact information to the system users.

### *Response to Arguments*

6.      Applicant's arguments filed on 10/17/05 have been fully considered.

    i)      Applicant argues, on page 2, regarding claimed "intermediate device". As rejections

            clearly stated in the Office Action, Kobayashi teaches on column 13 line 62 to column

            14 line 6, message data is entered in the PC (claimed "first terminal device") and send

            the message data to the cellular phone (claimed "intermediate terminal device").

            Kobayashi also teaches on column 14 line 26-32, transmit the received data from the

            intermediate terminal to a third terminal (claimed "second terminal device").

Application/Control Number: 09/941,851                                        Page 7
Art Unit: 2645

Kobayashi teaches the intermediate terminal is a cellular phone (reads on claimed

"through a cellular network connection"). In particular, Kobayashi teaches on column

14 line 26-29, data can be transmitted/received among more than two devices (reads on

claimed "from the intermediate terminal to the second terminal device").

### *Conclusion*

7.      The prior art made of record and not replied upon is considered pertinent to applicant's
disclosure.

   •   US: 4593379.

8.      Any inquiry concerning this application and office action should be directed to the

examiner Ming Chow whose telephone number is (571) 272-7535. The examiner can normally

be reached on Monday through Friday from 8:30 am to 5 pm. If attempts to reach the examiner

by telephone are unsuccessful, the examiner's supervisor, Fan Tsang, can be reached on (571)

272-7547. Any inquiry of a general mature or relating to the status of this application or

proceeding should be directed to the Customer Service whose telephone number is (571) 272-

2600. Any response to this action should be mailed to:

Application/Control Number: 09/941,851                                    Page 8
Art Unit: 2645

**Commissioner of Patents and Trademarks**

**Washington, D.C. 20231**

**Or faxed to Central FAX Number 571-273-8300.**

Patent Examiner

Art Unit 2645

Ming Chow

FAN TSANG
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

| Index of Claims | | |
|---|---|---|
| **Application/Control No.** | | **Applicant(s)/Patent under Reexamination** |
| 09/941,851 | | LARIKKA ET AL. |
| **Examiner** | | **Art Unit** | |
| Ming Chow | | 2645 | |

| | | | |
|---|---|---|---|
| √ | Rejected | — | (Through numeral) Cancelled |
| = | Allowed | ÷ | Restricted |

| | |
|---|---|
| N | Non-Elected |
| I | Interference |

| | |
|---|---|
| A | Appeal |
| O | Objected |

| Final | Original | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1 | √ | | | | | | |
| | 2 | o | | | | | | |
| | 3 | √ | | | | | | |
| | 4 | √ | | | | | | |
| | 5 | √ | | | | | | |
| | 6 | √ | | | | | | |
| | 7 | o | | | | | | |
| | 8 | o | | | | | | |
| | 9 | o | | | | | | |
| | 10 | √ | | | | | | |
| | 11 | √ | | | | | | |
| | 12 | √ | | | | | | |
| | 13 | √ | | | | | | |
| | 14 | o | | | | | | |
| | 15 | v | | | | | | |
| | 16 | o | | | | | | |
| | 17 | o | | | | | | |
| | 18 | o | | | | | | |
| | 19 | v | | | | | | |
| | 20 | √ | | | | | | |
| | 21 | √ | | | | | | |
| | 22 | o | | | | | | |
| | 23 | v | | | | | | |
| | 24 | v | | | | | | |
| | 25 | v | | | | | | |
| | 26 | √ | | | | | | |
| | 27 | o | | | | | | |
| | 28 | o | | | | | | |
| | 29 | o | | | | | | |
| | 30 | v | | | | | | |
| | 31 | √ | | | | | | |
| | 32 | √ | | | | | | |
| | 33 | v | | | | | | |
| | 34 | — | | | | | | |
| | 35 | v | | | | | | |
| | 36 | √ | | | | | | |
| | 37 | √ | | | | | | |
| | 38 | √ | | | | | | |
| | 39 | — | | | | | | |
| | 40 | √ | | | | | | |
| | 41 | √ | | | | | | |
| | 42 | √ | | | | | | |
| | 43 | v | | | | | | |
| | 44 | √ | | | | | | |
| | 45 | √ | | | | | | |
| | 46 | √ | | | | | | |
| | 47 | √ | | | | | | |
| | 48 | | | | | | | |
| | 49 | | | | | | | |
| | 50 | | | | | | | |

| Final | Original | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | |
| | 52 | | | | | | | |
| | 53 | | | | | | | |
| | 54 | | | | | | | |
| | 55 | | | | | | | |
| | 56 | | | | | | | |
| | 57 | | | | | | | |
| | 58 | | | | | | | |
| | 59 | | | | | | | |
| | 60 | | | | | | | |
| | 61 | | | | | | | |
| | 62 | | | | | | | |
| | 63 | | | | | | | |
| | 64 | | | | | | | |
| | 65 | | | | | | | |
| | 66 | | | | | | | |
| | 67 | | | | | | | |
| | 68 | | | | | | | |
| | 69 | | | | | | | |
| | 70 | | | | | | | |
| | 71 | | | | | | | |
| | 72 | | | | | | | |
| | 73 | | | | | | | |
| | 74 | | | | | | | |
| | 75 | | | | | | | |
| | 76 | | | | | | | |
| | 77 | | | | | | | |
| | 78 | | | | | | | |
| | 79 | | | | | | | |
| | 80 | | | | | | | |
| | 81 | | | | | | | |
| | 82 | | | | | | | |
| | 83 | | | | | | | |
| | 84 | | | | | | | |
| | 85 | | | | | | | |
| | 86 | | | | | | | |
| | 87 | | | | | | | |
| | 88 | | | | | | | |
| | 89 | | | | | | | |
| | 90 | | | | | | | |
| | 91 | | | | | | | |
| | 92 | | | | | | | |
| | 93 | | | | | | | |
| | 94 | | | | | | | |
| | 95 | | | | | | | |
| | 96 | | | | | | | |
| | 97 | | | | | | | |
| | 98 | | | | | | | |
| | 99 | | | | | | | |
| | 100 | | | | | | | |

| Final | Original | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 101 | | | | | | | |
| | 102 | | | | | | | |
| | 103 | | | | | | | |
| | 104 | | | | | | | |
| | 105 | | | | | | | |
| | 106 | | | | | | | |
| | 107 | | | | | | | |
| | 108 | | | | | | | |
| | 109 | | | | | | | |
| | 110 | | | | | | | |
| | 111 | | | | | | | |
| | 112 | | | | | | | |
| | 113 | | | | | | | |
| | 114 | | | | | | | |
| | 115 | | | | | | | |
| | 116 | | | | | | | |
| | 117 | | | | | | | |
| | 118 | | | | | | | |
| | 119 | | | | | | | |
| | 120 | | | | | | | |
| | 121 | | | | | | | |
| | 122 | | | | | | | |
| | 123 | | | | | | | |
| | 124 | | | | | | | |
| | 125 | | | | | | | |
| | 126 | | | | | | | |
| | 127 | | | | | | | |
| | 128 | | | | | | | |
| | 129 | | | | | | | |
| | 130 | | | | | | | |
| | 131 | | | | | | | |
| | 132 | | | | | | | |
| | 133 | | | | | | | |
| | 134 | | | | | | | |
| | 135 | | | | | | | |
| | 136 | | | | | | | |
| | 137 | | | | | | | |
| | 138 | | | | | | | |
| | 139 | | | | | | | |
| | 140 | | | | | | | |
| | 141 | | | | | | | |
| | 142 | | | | | | | |
| | 143 | | | | | | | |
| | 144 | | | | | | | |
| | 145 | | | | | | | |
| | 146 | | | | | | | |
| | 147 | | | | | | | |
| | 148 | | | | | | | |
| | 149 | | | | | | | |
| | 150 | | | | | | | |



***Search Notes***

| Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|
| 09/941,851 | LARIKKA ET AL. |
| Examiner | Art Unit | |
| Ming Chow | 2645 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| update search | 12-18-05 | CHOW |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

Part of Paper No.  111805

RECEIVED
CENTRAL FAX CENTER

OCT 17 2005

Appln. No.: 09/941,851
Amendment dated October 17, 2005
Reply to Office Action of July 15, 2005

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| In re the Application of (first named inventor): | Atty. Docket No.: | (Amended) 004770.00538 |
|---|---|---|
| **Tapani Larikka** | | |
| Serial No.: 09/941,851 | Group Art Unit: | 2645 |
| Filed: August 30, 2001 | Examiner: | Chow, Ming |
| For: Message Transfer From A Source Device Via A Mobile Terminal Device To A Third Device | Confirmation No.: | 7553 |

*O.K. to Enter*
*(m)  11-28-05*

## RESPONSE TO FINAL OFFICE ACTION

Mail Stop AF
U.S. Patent and Trademark Office
Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

I hereby certify that this correspondence is being
facsimile transmitted to the Patent and Trademark
Office on October 17, 2005, to (571) 273-8300.
Signature:      /Ross Dannenberg/
Ross A. Dannenberg, Reg. No. 49,024

Sir:

    In response to the Office Action mailed July 15, 2005, please amend the instant application as follows:

**Remarks/Arguments** begin on page 2 of this paper.

    If any fees are required or if an overpayment is made, the Commissioner is authorized to debit or credit our Deposit Account No. 19-0733, accordingly.

Page 1 of 6

*TFW*

PTO/SB/21 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 09/941,851 |
| Filing Date | August 30, 2001 |
| First Named Inventor | Tapani LARIKKA |
| Art Unit | 2645 |
| Examiner Name | CHOW, Ming |
| Total Number of Pages in This Submission   6 | Attorney Docket Number   004770.00538 |

*(stamp: IPE IAP13 MAR 16 2006 PATENT & TRADEMARK OFFICE)*

## ENCLOSURES (check all that apply)

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [x] Amendment / Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [ ] Other Enclosure(s) (please identify below):

Remarks

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm | Banner & Witcoff, LTD. |
|---|---|
| Signature | *(signature)* |
| Printed Name | Chunhsi Andy Mu |
| Date | March 16, 2006 | Reg. No. | 58,216 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below.

| Signature | |
|---|---|
| Typed or printed name | Date |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Appln. No.: 09/941,851
Amendment dated March 16, 2006
Reply to Office Action of December 16, 2005

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In re the Application of (first named inventor): | Atty. Docket No.:    004770.00538 |
| **Tapani Larikka** | |
| Serial No.:    09/941,851 | Group Art Unit:    2645 |
| Filed:    August 30, 2001 | Examiner:    Chow, Ming |
| For:    Message Transfer From A Source Device Via A Mobile Terminal Device To A Third Device | Confirmation No.:    7553 |

**RESPONSE TO OFFICE ACTION**

U.S. Patent and Trademark Office
Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

Sir:

In response to the Office Action mailed December 16, 2005, please consider the following remarks:

**Remarks/Arguments** begin on page 2 of this paper.

If any fees are required or if an overpayment is made, the Commissioner is authorized to debit or credit our Deposit Account No. 19-0733, accordingly.

Appln. No.: 09/941,851
Amendment dated March 16, 2006
Reply to Office Action of December 16, 2005

## REMARKS/ARGUMENTS

The Office Action of December 16, 2005, has been carefully reviewed and these remarks are responsive thereto. Reconsideration and allowance of the instant application are respectfully requested.

### Rejections Under 35 U.S.C. § 103

Claims 1, 3, 13, 21, 23, 33, 38, 11, 12, 20, 31, 32, 36, 37, 41, 42, and 43-47 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi (U.S. Pat. No. 6,633,759) in view of Jokimies (U.S. Pat. No. 5,353,328).

Independent claims 1, 13, 21, 33 and 38 all relate to, *inter alia*, transmitting data, for synchronization with a second device, from a first device to the second device via an intermediate device. Contrary to the Office Action's assertions, Kobayashi does not teach or suggest such a feature. The passage relied upon by the Office Action states "data can be transmitted/received among more than two devices to display data on desired software installed in another device on its own display screen." Col. 14, ll. 26-32. Nowhere in this or any passage does Kobayashi teach or suggest an intermediate device through which a first device transmits data to a second device. The Office Action alleges that Kobayashi discloses a cellular phone constituting an intermediate terminal device and that the "another device" of Kobayashi is equivalent to the second device. Applicants disagree. The cited passage merely discloses that the PC may make connections with multiple devices (one with each of the multiple devices) so that data may be displayed on the desired software of each of the multiple devices. Even assuming, *arguendo*, the cellular phone does transmit data to a third terminal, nowhere does Kobayashi teach or suggest that the cellular phone transmits the data to be synchronized received from the PC to the third terminal. Jokimies also does not teach or suggest an intermediate terminal device and thus, fails to cure this deficiency of Kobayashi. As such claims 1, 13, 21, 33 and 38 are allowable for at least this reason.

Additionally and as argued in the Applicants' previous response, there is no motivation to combine Kobayashi with Jokimies. Kobayshi describes a short range connection between a mobile telephone and a PC that requires establishing a dedicated and continuous wireless link between the mobile telephone and the PC. Col. 2, ll. 31-40. Jokimies, on the other hand,

Appln. No.: 09/941,851
Amendment dated March 16, 2006
Reply to Office Action of December 16, 2005

discloses a SMS messaging adapter. Abstract. SMS messaging is a store and forward service, wherein the short messages are not sent directly from the sender to the recipient via a continuous data connection. Applicant's Specification, ¶¶ [0007] & [0023]. Even assuming that Jokimies taught that which the examiner proffers, which Applicant maintains it does not, the suggested combination of Jokimies with Kobayashi would render Kobayashi unsatisfactory for its intended purpose. For example, Kobayashi relies upon the continuous direct wireless link to allow manipulation of software on one device by another and for the transmission of data (e.g., screen data as the result of a job) in *real time*. Col. 8, ll. 64-67; Col. 12, ll. 27-32; Col. 13, ll. 14-17. As such, using a SMS service, whereby the messages are stored and forwarded with no establishment of a dedicated wireless link, would interfere with the real time manipulation and transmission methods of Kobayashi. In other words, SMS service would not guarantee real time service, which, as evidenced above, is a critical component of Kobayashi. Significantly, the Federal Circuit has clearly held that if a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification. *In re Gordon,* 221 U.S.P.Q. 1125 (Fed. Cir. 1984). Thus, there is no motivation or suggestion to make the proposed modification.

In addition, whereas Kobayashi is dedicated to a short-range wireless communication link, Jokimies is related to a cellular network, which is long-range. Kobayashi even stresses the short-range wireless communication requirement by disclosing, at Col. 14, ll. 26-32, that data can be transmitted/received among more than two devices "*if* the device is provided with a similar wireless communication function (*a wireless LAN or Bluetooth System in 2.45 Ghz*)." (emphasis added). Bluetooth and wireless LAN's are both known to be short-range wireless communication protocols. Thus, one of skill in the art would not be motivated to combine the teachings of Jokimies and Kobayashi in the manner suggested by the Office Action. As such, the Office Action fails to establish a *prima facie* case of obviousness at least these additional reasons.

Claims 3, 11, 12, 20, 23, 31, 32, 36, 37, 41, 42, and 43-47 are dependent on their respective base independent claims and are thus allowable for at least the same reasons as those claims and further in view of the novel and non-obvious features recited therein.

Appln. No.: 09/941,851
Amendment dated March 16, 2006
Reply to Office Action of December 16, 2005

Claims 4, 5, 24, 25, 35, and 40 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Lohtia (U.S. Pat. No. 6,560,456). These claims are allowable based on the allowability of their respective base claims, because Lohtia does not cure the above-noted deficiencies of Kobayashi and Jokimies, and further in view of the novel and non-obvious features recited in each of the claims.

Claims 6, 15, and 26 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies and further in view of Alanara (U.S. Pat. No. 6,097,961). These claims are allowable based on the allowability of their respective base claims, because Alanara does not cure the above-noted deficiencies of Kobayashi and Jokimies, and further in view of the additional features recited in each claim.

Claims 10, 19, and 30 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi in view of Jokimies. These claims are allowable based on the allowability of their respective base claims, and further in view of the additional novel and non-obvious features recited in each claim.

Applicant reserves the right to further attack the motivation to combine any or all of the cited references, but believes this is not necessary at this time based on the above-noted features lacking from each reference.

Page 4 of 5

Appln. No.:  09/941,851
Amendment dated March 16, 2006
Reply to Office Action of December 16, 2005

## **CONCLUSION**

All rejections having been addressed, Applicant respectfully submits that the instant application is in condition for allowance, and respectfully solicits prompt notification of the same.  However, if for any reason the Examiner believes the application is not in condition for allowance or there are any questions, the Examiner is requested to contact the undersigned at (202) 824-3156.

Respectfully submitted,

BANNER & WITCOFF, LTD.

Dated this _16_ day of _March_ , 2006      By:  _____

Chunhsi Andy Mu, Registration No. 58,216
1001 G Street, N.W.
Washington, D.C.  20001-4597
Tel:    (202) 824-3000
Fax:    (202) 824-3001

PTO/SB/08a (08-03 )
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| | Application Number | 09941851 |
| | Filing Date | 2001-08-30 |
| | First Named Inventor | Tapani Larikka |
| | Art Unit | 2645 |
| | Examiner Name | Chow, Ming |
| | Attorney Docket  Number | 004770.00538 |

**U.S.PATENTS** Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button. Add

**U.S.PATENT APPLICATION PUBLICATIONS** Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button. Add

**FOREIGN PATENT DOCUMENTS** Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | WO9857507 | WO | | 1998-12-17 | Telia AB | | ☐ |
| | 2 | WO9847270 | WO | | 1998-10-22 | Nokia Telecommunications | | ☐ |
| | 3 | WO9961984 | WO | | 1999-12-02 | 3COM Corporation | | ☐ |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 09941851 |
|---|---|---|
| | Filing Date | 2001-08-30 |
| | First Named Inventor | Tapani Larikka |
| | Art Unit | 2645 |
| | Examiner Name | Chow, Ming |
| | Attorney Docket Number | 004770.00538 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4 | WO0057339 | WO | | 2000-09-28 | Koninklijke Philips Electronics | | ☐ |
| 5 | EP1039768 | EP | | 2000-09-27 | Samsung Electronics | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button [ Add ]

[ Remove ]

### NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T⁵ |
|---|---|---|---|
| | 1 | Supplementary European Search Report (02770138.2 dated 3/27/06) | ☐ |
| | 2 | SyncML Sync Protocol, version 1.0, 12/7/00, pages 1-60 | ☐ |
| | 3 | SyncML Representation Protocol, version 1.0, 12/7/00, pages 1-104 | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button [ Add ]

### EXAMINER SIGNATURE

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

| | |
|---|---|
| Application Number | 09941851 |
| Filing Date | 2001-08-30 |
| First Named Inventor | Tapani Larikka |
| Art Unit | 2645 |
| Examiner Name | Chow, Ming |
| Attorney Docket Number | 004770.00538 |

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( **Not for submission under 37 CFR 1.99** )

---

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement.

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement.

☑ See attached certification statement.

☐ Fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☐ None

### SIGNATURE
A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Ross Dannenberg/ | Date (YYYY-MM-DD) | 2006-04-24 |
|---|---|---|---|
| Name/Print | Ross A. Dannenberg | Registration Number | 49024 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

<div align="right">

**PATENT APPLICATION**

</div>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of:<br><br>    Tapani Larikka et al.<br><br>Serial No.:    09/941,851<br><br>Filed:        August 30, 2001<br><br>For:        Message Transfer From A Source Device Via A Mobile Terminal Device To A Third Device | Group Art Unit:        2645<br><br>Examiner:        Chow, Ming<br><br>Atty. Dkt. No. 004770.00538<br><br><br>Confirmation No.: 7553 |

## IDS CERTIFICATION STATEMENT

U.S. Patent and Trademark Office
Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

Sir:

This Certification Statement is being filed concurrently with an Information Disclosure Statement via EFS-Web.  The concurrently filed IDS is not intended as an admission that any submitted document or reference constitutes prior art against the claims of the present application. Applicant(s) do not waive any right to take any action that would be appropriate to antedate or otherwise remove any listed document as a competent reference against the claims of the present application.

Applicant(s) provide the following certification(s) for the concurrently filed IDS, if checked:

☐    Pursuant to 37 C.F.R. § 1.97 (b) (1), the undersigned states that the present information disclosure statement is being filed within three months of the filing date of a national application other than a continued prosecution application under 37 C.F.R. § 1.53 (d).

☐    Pursuant to 37 C.F.R. § 1.97 (b) (2), the undersigned states that the present information disclosure statement is being filed within three months of the date of

<div align="center">

1 of 3

</div>

entry of a national stage as set forth in 37 C.F.R. § 1.491 in an international application.

☐ Pursuant to 37 C.F.R. § 1.97 (b) (3), the undersigned states that the present information disclosure statement is being filed before the mailing of a first Office action.

☐ Pursuant to 37 C.F.R. § 1.97 (b) (4), the undersigned states that the present information disclosure statement is being filed before the mailing of a first Office action after the filing of a request for continued examination under 37 C.F.R. § 1.114.

☒ Pursuant to 37 C.F.R. § 1.97 (e) (1), the undersigned states that each item of information contained in the information disclosure statement was first cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of this information disclosure statement.

☐ Pursuant to 37 C.F.R. § 1.97 (e) (2), the undersigned states that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and to the knowledge of the undersigned, upon reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in §1.56(c) more than three months prior to the filing of the information disclosure statement.

☒ Pursuant to 37 C.F.R. § 1.704 (d), the undersigned states that each item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application and that the communication was not received by any individual designated in § 1.56 (c) more than thirty days prior to the filing of this information disclosure statement.

☐ The undersigned hereby authorizes the Office to charge the fee pursuant to 37 C.F.R. § 1.17 (p) to our Deposit Account 19-0733.

☐ OTHER REMARKS:_____

_____

_____

_____

Consideration of the information identified in the concurrently filed IDS is respectfully requested, with citation thereto on the face of the issued patent as applicable.

Respectfully submitted,

**BANNER & WITCOFF, LTD.**

Dated: _____April 24, 2006_____     By: _____/Ross Dannenberg/_____
                                              Ross A. Dannenberg
                                              Registration No. 49,024
                                              1001 G. Street, N.W.
                                              Washington, D.C.  20001-4597
                                              (202) 824-3000

RAD/mmd

3 of 3



P.B.5818 - Patentlaan 2
2280 HV Rijswijk (ZH)
☎ (070) 3 40 20 40
FAX (070) 3 40 30 16

**Europäisches Patentamt**

**European Patent Office**

**Office européen des brevets**

Generaldirektion 1          Directorate General 1          Direction générale 1

Piotrowicz, Pawel Jan Andrzej
Venner Shipley LLP
20 Little Britain
London EC1A 7DH
GRANDE BRETAGNE





**EPO Customer Services**

Tel.: +31 (0)70 340 45 00

| Date | |
|------|--|
| | 27.03.06 |

| Reference | Application No./Patent No. | |
|-----------|---------------------------|--|
| PJP/45528EP1 | 02770138.2 - 2412 | PCT/IB0203440 |

| Applicant/Proprietor | |
|----------------------|--|
| Nokia Corporation | |

## COMMUNICATION

The European Patent Office herewith transmits as an enclosure the supplementary European search report under Article 157(2)(a) EPC for the above-mentioned European patent application.

If applicable, copies of the documents cited in the European search report are attached.

☑   Additional set(s) of copies of the documents cited in the European search report is (are) enclosed as well.

**Refund of the search fee**

If applicable under Article 10 Rules relating to fees, a separate communication from the Receiving Section on the refund of the search fee will be sent later.





**European Patent Office**

**SUPPLEMENTARY EUROPEAN SEARCH REPORT**

**Application Number**

EP 02 77 0138

## DOCUMENTS CONSIDERED TO BE RELEVANT

| Category | Citation of document with indication, where appropriate, of relevant passages | Relevant to claim | CLASSIFICATION OF THE APPLICATION (IPC) |
|---|---|---|---|
| Y | WO 98/57507 A (TELIA AB) 17 December 1998 (1998-12-17) * abstract; figure 1 * ───── | 1-50 | H04Q7/00 G06F17/30 |
| Y | SYNCML CONSORTIUM: "SyncML Sync Protocol, version 1.0" 7 December 2000 (2000-12-07), , XP002217356 * page 7, paragraph 1.1 – page 9, paragraph 1.4 * * page 16, paragraph 2.9 * * page 33, paragraph 5 – page 35, paragraph 5.1.1 * * page 45, paragraph 7 – page 46, paragraph 7.6 * ───── | 1-50 | |
| Y | "SyncML Representation Protocol, version 1.0" 7 December 2000 (2000-12-07), SYNCML REPRESENTATION PROTOCOL, PAGE(S) 1-104 , XP002217062 * page 11, paragraph 4.1 – page 15, paragraph 4.7 * * page 18, paragraph 4.14 – page 22, paragraph 4.18 * ───── | 1,27,33, 50 | TECHNICAL FIELDS SEARCHED (IPC) H04L G06F H04M |
| Y | WO 98/47270 A (NOKIA TELECOMMUNICATIONS OY; TUOMINEN, JOONAS) 22 October 1998 (1998-10-22) * abstract; figures 1,4 * * page 11, line 3 – line 31 * ───── | 1,27,33, 50 | |
| A | EP 1 039 768 A (SAMSUNG ELECTRONICS CO., LTD) 27 September 2000 (2000-09-27) * abstract; figures 2,3 * * column 8, line 14 – line 25 * ───── -/-- | 1-50 | |

The supplementary search report has been based on the last set of claims valid and available at the start of the search.

| Place of search | Date of completion of the search | Examiner |
|---|---|---|
| Berlin | 20 March 2006 | Danielidis, S |

CATEGORY OF CITED DOCUMENTS

X : particularly relevant if taken alone
Y : particularly relevant if combined with another document of the same category
A : technological background
O : non-written disclosure
P : intermediate document

T : theory or principle underlying the invention
E : earlier patent document, but published on, or after the filing date
D : document cited in the application
L : document cited for other reasons
& : member of the same patent family, corresponding document

2

EPO FORM 1503 03.82 (P04C04)

page 1 of 2



**European Patent Office**

**SUPPLEMENTARY EUROPEAN SEARCH REPORT**

Application Number

EP 02 77 0138

## DOCUMENTS CONSIDERED TO BE RELEVANT

| Category | Citation of document with indication, where appropriate, of relevant passages | Relevant to claim | CLASSIFICATION OF THE APPLICATION (IPC) |
|---|---|---|---|
| A | WO 99/61984 A (3COM CORPORATION) 2 December 1999 (1999-12-02) * abstract; figures 1-5 * * page 129, line 1 – line 22 * ----- | 1-50 | |
| A | WO 00/57339 A (KONINKLIJKE PHILIPS ELECTRONICS N.V) 28 September 2000 (2000-09-28) * abstract; claims 1,9; figures 1a-3 * ----- | 1-50 | |

TECHNICAL FIELDS
SEARCHED        (IPC)

The supplementary search report has been based on the last set of claims valid and available at the start of the search.

2

| Place of search | Date of completion of the search | Examiner |
|---|---|---|
| Berlin | 20 March 2006 | Danielidis, S |

EPO FORM 1503 03.82 (P04C04)

CATEGORY OF CITED DOCUMENTS

X : particularly relevant if taken alone
Y : particularly relevant if combined with another document of the same category
A : technological background
O : non-written disclosure
P : intermediate document

T : theory or principle underlying the invention
E : earlier patent document, but published on, or after the filing date
D : document cited in the application
L : document cited for other reasons
--------------------------------------------------------
& : member of the same patent family, corresponding document

## ANNEX TO THE EUROPEAN SEARCH REPORT
## ON EUROPEAN PATENT APPLICATION NO.

EP 02 77 0138

This annex lists the patent family members relating to the patent documents cited in the above–mentioned European search report.
The members are as contained in the European Patent Office EDP file on
The European Patent Office is in no way liable for these particulars which are merely given for the purpose of information.

20-03-2006

| Patent document cited in search report | | Publication date | Patent family member(s) | | Publication date |
|---|---|---|---|---|---|
| WO 9857507 | A | 17-12-1998 | SE | 514259 C2 | 29-01-2001 |
| | | | SE | 9702192 A | 10-12-1998 |
| WO 9847270 | A | 22-10-1998 | AT | 308209 T | 15-11-2005 |
| | | | AU | 6836598 A | 11-11-1998 |
| | | | CA | 2287002 A1 | 22-10-1998 |
| | | | CN | 1256847 A | 14-06-2000 |
| | | | DE | 69832057 D1 | 01-12-2005 |
| | | | EP | 0976270 A2 | 02-02-2000 |
| | | | FI | 971615 A | 17-10-1998 |
| | | | JP | 2001519982 T | 23-10-2001 |
| | | | ZA | 9803145 A | 22-10-1998 |
| EP 1039768 | A | 27-09-2000 | CN | 1283938 A | 14-02-2001 |
| | | | KR | 2000060815 A | 16-10-2000 |
| | | | US | 2005215271 A1 | 29-09-2005 |
| | | | US | 6920331 B1 | 19-07-2005 |
| WO 9961984 | A | 02-12-1999 | AU | 4210099 A | 13-12-1999 |
| | | | AU | 4407899 A | 13-12-1999 |
| | | | CA | 2333033 A1 | 02-12-1999 |
| | | | CA | 2333055 A1 | 02-12-1999 |
| | | | EP | 1088421 A2 | 04-04-2001 |
| | | | EP | 1092186 A1 | 18-04-2001 |
| | | | GB | 2353923 A | 07-03-2001 |
| | | | GB | 2357222 A | 13-06-2001 |
| | | | WO | 9962268 A2 | 02-12-1999 |
| WO 0057339 | A | 28-09-2000 | EP | 1145179 A2 | 17-10-2001 |
| | | | JP | 2003526136 T | 02-09-2003 |

For more details about this annex : see Official Journal of the European Patent Office, No. 12/82

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1029602 |
| **Application Number:** | 09941851 |
| **Confirmation Number:** | 7553 |
| **Title of Invention:** | Message transfer from a source device via a mobile terminal device to a third device |
| **First Named Inventor:** | Tapani  Larikka |
| **Customer Number:** | 22907 |
| **Filer:** | Ross Alan Dannenberg/Marilyn Davis |
| **Filer Authorized By:** | Ross Alan Dannenberg |
| **Attorney Docket Number:** | 017.40169X00 |
| **Receipt Date:** | 24-APR-2006 |
| **Filing Date:** | 30-AUG-2001 |
| **Time Stamp:** | 15:51:45 |
| **Application Type:** | Utility |
| **International Application Number:** | |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part | Pages |
|---|---|---|---|---|---|
| 1 | Information Disclosure Statement (IDS) Filed | 538-IDS.pdf | 964760 | no | 4 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| **Information:** | | | | | |
| A U.S. Patent Number Citation or a U.S. Publication Number Citation is required in the Information Disclosure Statement (IDS) form for autoloading of data into USPTO systems. You may remove the form to add the required data in order to correct the Informational Message if you are citing U.S. References. If you chose not to include U.S. References, the image of the form will be processed and be made available within the Image File Wrapper (IFW) system. However, no data will be extracted from this form. Any additional data such as Foreign Patent Documents or Non Patent Literature will be manually reviewed and keyed into USPTO systems. | | | | | |
| 2 | Miscellaneous Incoming Letter | 00538-IDSCertificationStatement.pdf | 75311 | no | 3 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Miscellaneous Incoming Letter | SearchReport.pdf | 134106 | no | 4 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 4 | NPL Documents | SFX9F1.pdf | 2947767 | no | 62 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 5 | NPL Documents | SFXA5A.pdf | 7316979 | no | 104 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| **Total Files Size (in bytes):** | | | 11438923 | | |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 277 | (synchronization adj markup syncml) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 11:08 |
| S2 | 31 | S1 with (bluetooth wireless adj lan wlan) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 08:38 |
| S4 | 64 | S1 and (sms short adj message) and (bluetooth wireless adj lan wlan short adj range) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 11:08 |
| S9 | 277 | (synchronization adj markup syncml) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 11:43 |

# EAST Search History

| S10 | 110 | S9 and (sms short adj message) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 11:41 |
|-----|-----|--------------------------------|--------------------------------------------------|----|----|-------------------|
| S11 | 104 | S9 and (sms short adj message adj service) | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 11:41 |
| S13 | 47 | (synchronization adj markup syncml) | USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 13:52 |
| S15 | 14 | vcal same vcard | US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2006/05/18 13:53 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

22907        7590        05/30/2006

BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON, DC  20001

| EXAMINER |
|---|
| GAUTHIER, GERALD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

DATE MAILED: 05/30/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 09/941,851 | LARIKKA ET AL. |
| | Examiner | Art Unit |
| | Gerald Gauthier | 2614 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *24 April 2006*.

2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-33,35-38 and 40-47* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-33,35-38 and 40-47* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
Paper No(s)/Mail Date *4/24/06*

4)☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 09/941,851                                    Page 2
Art Unit: 2614

## DETAILED ACTION

### *Claim Objections*

1.   **Claim(s) 35, 37 and 42** are objected to because of the following informalities:

claim(s) 35 and 37, line1 "claim 34" should be "claim 33".

   Claim(s) 42, line 1 "claim 39" should be "claim 38").   Correction is required.

### *Claim Rejections - 35 USC § 103*

2.   The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

3.   The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

   1.   Determining the scope and contents of the prior art.
   2.   Ascertaining the differences between the prior art and the claims at issue.
   3.   Resolving the level of ordinary skill in the pertinent art.
   4.   Considering objective evidence present in the application indicating obviousness or nonobviousness.

4.   This application currently names joint inventors.  In considering patentability of

the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of

the various claims was commonly owned at the time any inventions covered therein

were made absent any evidence to the contrary.  Applicant is advised of the obligation

under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was

not commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)

prior art under 35 U.S.C. 103(a).

5.      **Claim(s) 1-7, 13-16, 21-27, 33, 38, 11, 12, 20, 31, 32, 36, 37, 41, 42 and 43-47**

are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi (US

6,633,759) in view of Lewontin (US 2002/0087596 A1).


        Regarding **claims 1, 3, 13, 21, 23, 33 and 38**, Kobayashi discloses on column 13

line 62 to column 14 line 6, message data is entered in the PC (claimed "first terminal

device") and send the message data to the cellular phone (claimed "intermediate

terminal device"). The sending of same message data from the PC to the cellular phone

is synchronization. Kobayashi discloses Fig. 9, short-range wireless communication

between the PC and the cellular phone (reads on claimed "remotely located").

        Kobayashi fails to disclose "formatting the data to be synchronized into at least

one SMS message in the intermediate terminal device".

        However, Lewontin teaches (paragraphs 0025 and 0098), transmit the received

data from the intermediate terminal to a third terminal. Kobayashi discloses the

intermediate terminal is a cellular phone (reads on claimed "through a cellular network

connection").

        It would have been obvious to one skilled at the time the invention was made to

modify Kobayashi to have the formatting the data to be synchronized into at least one

Application/Control Number: 09/941,851                                    Page 4
Art Unit: 2614

SMS message in the intermediate terminal device as taught by Lewontin such that the

modified intermediate terminal of Kobayashi would be able to support the formatting

data message into SMS to the system users.

Regarding **claim(s) 2, 14 and 22** Lewontin teaches a method, wherein formatting

the data message comprises formatting the data in a SyncML format (paragraph 0098).


Regarding **claim(s) 4-6, 15, 24-26, 35 and 40** Lewontin teaches a method,

wherein the at least one SMS message is transmitted via a mobile network including an

SMS message center (paragraph 0025).


Regarding **claim(s) 7, 16 and 27** Lewontin teaches a method, wherein the

compressed SMS message comprises a WBXML encoded message (paragraph 0031).


Regarding **claims 11, 12, 20, 31, 32, 36, 37, 41 and 42**, Kobayashi discloses on

column 4 line 55-64 the PC (claimed "first terminal device") and the cellular phone

(claimed "intermediate terminal") are connected via Bluetooth interface (claimed "a short

range communication link").


Regarding **claims 43-47**, Kobayashi discloses on column 14 lines 25-31 the data

can be transmitted and received among multiple devices (reads on claimed "from the

second terminal device to the first terminal device").

Application/Control Number: 09/941,851                                    Page 5
Art Unit: 2614

6.      **Claims 4, 24, 35, 40, 5 and 25** are rejected under 35 U.S.C. 103(a) as being

unpatentable over Kobayashi, and in view of Lewontin as applied to claim(s) 3 above

and further in view of, Lohtia et al (US 6,560,456).


        Regarding **claim 4, 24, 35 and 40**, Kobayashi in combination with Lewontin as

stated in claim 3 above fail to disclose "SMS message center".

        However, Lohtia teaches on item 16 Fig. 1 and column 12 line 20 a SMS

message center.

        It would have been obvious to one skilled at the time the invention was made to

modify in combination with Lewontin to have the SMS message center as taught by

Lohtia such that the modified system of in combination with Lewontin would be able to

support the SMS message center to the system users.


        Regarding **claims 5 and 25**, Kobayashi in combination with Lewontin and Lohtia

as stated in claim 4 above fail to disclose "the at least one…..and the internet".

        However, Lohtia teaches on item 304 Fig. 3 MSC (claimed "mobile network").,

item 302 Fig. 3 WWIS Gateway, item 303 Fig. 3 Internet.

        It would have been obvious to one skilled at the time the invention was made to

modify Kobayashi in combination with Lewontin and Lohtia to have the at least

one…..and the internet as taught by Lohtia such that the modified system of Kobayashi

in combination with Lewontin and Lohtia would be able to support the mobile network,

gateway, and Internet for transmitting SMS messages to the system users.

Application/Control Number: 09/941,851                                              Page 6
Art Unit: 2614

7.    **Claims 6, 15 and 26** are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi in combination with Lewontin as applied to claim(s) 1 above and further in view of Alanara et al (US 6,097,961).

Kobayashi in combination with Lewontin as stated in claim 1 above fail to disclose "the at least.....SMS message".

However, Alanara teaches on column 15 lines 24-25 a controller on the mobile station to compress SMS messages.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi in combination with Lewontin to have the at least.....SMS message as taught by Alanara such that the modified system of Kobayashi in combination with Lewontin would be able to support the compressed SMS message to the system users.

8.    **Claims 8-10, 17-19 and 28-30** are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi in combination with Lewontin as applied to claim(s) 1 above and further in view of Winarski (US 2002/0123307 A1).

Regarding **claim(s) 8-10, 17-19 and 28-30** Kobayashi in combination with Lewontin as stated in claim 1 above fail to disclose "data formatted in a SyncML format comprises one of two MIME formats".

However, Winarski teaches a method, wherein the data formatted in a SyncML format comprises one of two MIME formats (paragraph 0035).

Application/Control Number: 09/941,851                                    Page 7
Art Unit: 2614

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi in combination with Lewontin to have the at least…..SMS message as taught by Winarski such that the modified system of Kobayashi in combination with Lewontin would be able to support the compressed SMS message to the system users.

9.    **Claims 10, 19 and 30** are rejected under 35 U.S.C. 103(a) as being unpatentable over Kobayashi in combination with Lewontin.

Kobayashi in combination with Lewontin as stated in claim 1 above fail to disclose "the data message…..contact information".

However, "Official Notice" is taken that content of data message is a decide choice.

It would have been obvious to one skilled at the time the invention was made to modify Kobayashi in combination with Lewontin to have the "the data message…..contact information" such that the modified system of Kobayashi in combination with Lewontin would be able to support the calendar, to-do list, personal information, or contact information to the system users.

Application/Control Number: 09/941,851                                      Page 8
Art Unit: 2614

### *Response to Arguments*

10.     Applicant's arguments with respect to **claim(s) 1-33, 35-38 and 40-47** have been

considered but are moot in view of the new ground(s) of rejection.


### *Conclusion*

11.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Gerald Gauthier whose telephone number is (571) 272-

7539.  The examiner can normally be reached on 8:00 AM to 4:30 PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Fan Tsang can be reached on (571) 272-7547.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).


GERALD GAUTHIER
PATENT EXAMINER                                     Gerald Gauthier
                                                   Examiner
GG                                                 Art Unit 2614
May 18, 2006

| | | | | | |
|---|---|---|---|---|---|
| ***Notice of References Cited*** | | Application/Control No.<br>09/941,851 | | Applicant(s)/Patent Under Reexamination<br>LARIKKA ET AL. | |
| | | Examiner<br>Gerald Gauthier | | Art Unit<br>2614 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2002/0123307 A1 | 09-2002 | Winarski, Tyson | 455/41 |
| * | B | US-2002/0087596 A1 | 07-2002 | Lewontin, Steve | 707/513 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 05182006

PTO/SB/08a (08-03 )
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

IDS - 04/24/2006

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 09941851 |
| --- | --- | --- |
| | Filing Date | 2001-08-30 |
| | First Named Inventor | Tapani Larikka |
| | Art Unit | 2645 |
| | Examiner Name | Chow, Ming |
| | Attorney Docket  Number | 004770.00538 |

| U.S.PATENTS | | | | | | Remove |
| --- | --- | --- | --- | --- | --- | --- |
| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.  | Add |

| U.S.PATENT APPLICATION PUBLICATIONS | | | | | | Remove |
| --- | --- | --- | --- | --- | --- | --- |
| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button. | Add |

| FOREIGN PATENT DOCUMENTS | | | | | | | Remove |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
| GG | 1 | WO9857507 | WO | | 1998-12-17 | Telia AB | | ☐ |
| GG | 2 | WO9847270 | WO | | 1998-10-22 | Nokia Telecommunications | | ☐ |
| GG | 3 | WO9961984 | WO | | 1999-12-02 | 3COM Corporation | | ☐ |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 09941851 |
|---|---|---|
| | Filing Date | 2001-08-30 |
| | First Named Inventor | Tapani Larikka |
| | Art Unit | 2645 |
| | Examiner Name | Chow, Ming |
| | Attorney Docket  Number | 004770.00538 |

| GG | 4 | WO0057339 | WO | | 2000-09-28 | Koninklijke Philips Electronics | | ☐ |
|---|---|---|---|---|---|---|---|---|
| GG | 5 | EP1039768 | EP | | 2000-09-27 | Samsung Electronics | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |

## NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| GG | 1 | Supplementary European Search Report (02770138.2 dated 3/27/06) | ☐ |
| GG | 2 | SyncML Sync Protocol, version 1.0, 12/7/00, pages 1-60 | ☐ |
| GG | 3 | SyncML Representation Protocol, version 1.0, 12/7/00, pages 1-104 | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button | Add |

## EXAMINER SIGNATURE

| Examiner Signature | /Gerald Gauthier/ | Date Considered | 05/18/2006 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

| Search Notes  | | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|
| | | 09/941,851 | LARIKKA ET AL. |
| | | Examiner | Art Unit | |
| | | Gerald Gauthier | 2614 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| update search | | CHOW |
| EAST (US-PGPUB; USPAT; USOCR; EPO; JPO; DERWENT; IBM_TDB) | 5/18/2006 | GG |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

Part of Paper No.  05182006



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov



Bib Data Sheet

**CONFIRMATION NO. 7553**

| SERIAL NUMBER 09/941,851 | FILING DATE 08/30/2001 RULE | CLASS 455 | GROUP ART UNIT 2614 | ATTORNEY DOCKET NO. 017.40169X00 |
|---|---|---|---|---|

APPLICANTS

   Tapani Larikka, Vesilahti, FINLAND;

   Jari Juopperi, Helsinki, FINLAND;

** CONTINUING DATA .............NONE  GG

** FOREIGN APPLICATIONS ...........NONE  GG

IF REQUIRED, FOREIGN FILING LICENSE GRANTED
** 10/01/2001

| | | | | |
|---|---|---|---|---|
| Foreign Priority claimed ☐ yes ☑ no | STATE OR | SHEETS | TOTAL | INDEPENDENT |
| 35 USC 119 (a-d) conditions met ☐ yes ☑ no ☐ Met after Allowance | COUNTRY | DRAWING | CLAIMS | CLAIMS |
| Verified and Acknowledged  Gerald Gauthier  GG  Examiner's Signature  Initials | FINLAND | 3 | 47 | 5 |

ADDRESS
22907
BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON , DC
20001

TITLE
Message transfer from a source device via a mobile terminal device to a third device

| FILING FEE RECEIVED 1356 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |

| | *Index of Claims* | | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|---|
| | | | 09/941,851 | LARIKKA ET AL. |
| | | | Examiner | Art Unit | |
| | | | Gerald Gauthier | 2614 | |

| √ | Rejected | – | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| Claim | | Date | | | | | | | Claim | | Date | | | | | | | Claim | | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/3/04 | 7/11/05 | 12/18/05 | 5/18/06 | | | | Final | Original | | | | | | | | Final | Original | | | | | | | |
| | 1 | √ | √ | √ | √ | | | | | 51 | | | | | | | | | 101 | | | | | | | |
| | 2 | √ | √ | O | √ | | | | | 52 | | | | | | | | | 102 | | | | | | | |
| | 3 | √ | √ | √ | √ | | | | | 53 | | | | | | | | | 103 | | | | | | | |
| | 4 | √ | √ | √ | √ | | | | | 54 | | | | | | | | | 104 | | | | | | | |
| | 5 | √ | √ | √ | √ | | | | | 55 | | | | | | | | | 105 | | | | | | | |
| | 6 | √ | √ | √ | √ | | | | | 56 | | | | | | | | | 106 | | | | | | | |
| | 7 | √ | √ | O | √ | | | | | 57 | | | | | | | | | 107 | | | | | | | |
| | 8 | √ | √ | O | √ | | | | | 58 | | | | | | | | | 108 | | | | | | | |
| | 9 | √ | √ | O | √ | | | | | 59 | | | | | | | | | 109 | | | | | | | |
| | 10 | √ | √ | √ | √ | | | | | 60 | | | | | | | | | 110 | | | | | | | |
| | 11 | √ | √ | √ | √ | | | | | 61 | | | | | | | | | 111 | | | | | | | |
| | 12 | √ | √ | √ | √ | | | | | 62 | | | | | | | | | 112 | | | | | | | |
| | 13 | √ | √ | √ | √ | | | | | 63 | | | | | | | | | 113 | | | | | | | |
| | 14 | √ | √ | O | √ | | | | | 64 | | | | | | | | | 114 | | | | | | | |
| | 15 | √ | √ | √ | √ | | | | | 65 | | | | | | | | | 115 | | | | | | | |
| | 16 | √ | √ | O | √ | | | | | 66 | | | | | | | | | 116 | | | | | | | |
| | 17 | √ | √ | O | √ | | | | | 67 | | | | | | | | | 117 | | | | | | | |
| | 18 | √ | √ | O | √ | | | | | 68 | | | | | | | | | 118 | | | | | | | |
| | 19 | √ | √ | √ | √ | | | | | 69 | | | | | | | | | 119 | | | | | | | |
| | 20 | √ | √ | √ | √ | | | | | 70 | | | | | | | | | 120 | | | | | | | |
| | 21 | √ | √ | √ | √ | | | | | 71 | | | | | | | | | 121 | | | | | | | |
| | 22 | √ | √ | O | √ | | | | | 72 | | | | | | | | | 122 | | | | | | | |
| | 23 | √ | √ | √ | √ | | | | | 73 | | | | | | | | | 123 | | | | | | | |
| | 24 | √ | √ | √ | √ | | | | | 74 | | | | | | | | | 124 | | | | | | | |
| | 25 | √ | √ | √ | √ | | | | | 75 | | | | | | | | | 125 | | | | | | | |
| | 26 | √ | √ | √ | √ | | | | | 76 | | | | | | | | | 126 | | | | | | | |
| | 27 | √ | √ | O | √ | | | | | 77 | | | | | | | | | 127 | | | | | | | |
| | 28 | √ | √ | O | √ | | | | | 78 | | | | | | | | | 128 | | | | | | | |
| | 29 | √ | √ | O | √ | | | | | 79 | | | | | | | | | 129 | | | | | | | |
| | 30 | √ | √ | √ | √ | | | | | 80 | | | | | | | | | 130 | | | | | | | |
| | 31 | √ | √ | √ | √ | | | | | 81 | | | | | | | | | 131 | | | | | | | |
| | 32 | √ | √ | √ | √ | | | | | 82 | | | | | | | | | 132 | | | | | | | |
| | 33 | √ | √ | √ | √ | | | | | 83 | | | | | | | | | 133 | | | | | | | |
| | 34 | √ | – | – | – | | | | | 84 | | | | | | | | | 134 | | | | | | | |
| | 35 | √ | √ | √ | √ | | | | | 85 | | | | | | | | | 135 | | | | | | | |
| | 36 | √ | √ | √ | √ | | | | | 86 | | | | | | | | | 136 | | | | | | | |
| | 37 | √ | √ | √ | √ | | | | | 87 | | | | | | | | | 137 | | | | | | | |
| | 38 | √ | √ | √ | √ | | | | | 88 | | | | | | | | | 138 | | | | | | | |
| | 39 | √ | – | – | – | | | | | 89 | | | | | | | | | 139 | | | | | | | |
| | 40 | √ | √ | √ | √ | | | | | 90 | | | | | | | | | 140 | | | | | | | |
| | 41 | √ | √ | √ | √ | | | | | 91 | | | | | | | | | 141 | | | | | | | |
| | 42 | √ | √ | √ | √ | | | | | 92 | | | | | | | | | 142 | | | | | | | |
| | 43 | √ | √ | √ | √ | | | | | 93 | | | | | | | | | 143 | | | | | | | |
| | 44 | √ | √ | √ | √ | | | | | 94 | | | | | | | | | 144 | | | | | | | |
| | 45 | √ | √ | √ | √ | | | | | 95 | | | | | | | | | 145 | | | | | | | |
| | 46 | √ | √ | √ | √ | | | | | 96 | | | | | | | | | 146 | | | | | | | |
| | 47 | √ | √ | √ | √ | | | | | 97 | | | | | | | | | 147 | | | | | | | |
| | 48 | | | | | | | | | 98 | | | | | | | | | 148 | | | | | | | |
| | 49 | | | | | | | | | 99 | | | | | | | | | 149 | | | | | | | |
| | 50 | | | | | | | | | 100 | | | | | | | | | 150 | | | | | | | |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In re the Application of (first named inventor): | Atty. Docket No.:  004770.00538 |
| **Tapani Larikka** | |
| Serial No.:   09/941,851 | Group Art Unit:   2614 |
| Filed:       August 30, 2001 | Examiner:       Gauthier, Gerald |
| For:         Message Transfer From A Source Device Via A Mobile Terminal Device To A Third Device | Confirmation No.:   7553 |

**AMENDMENT AND REQUEST FOR RECONSIDERATION**

U.S. Patent and Trademark Office
Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

Sir:

In response to the Office Action mailed May 30, 2006, Applicants respectfully submit the following:

**Amendments to the Claims** are reflected in the Listing of Claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 9 of this paper.

If any fees are required or if an overpayment is made, the Commissioner is authorized to debit or credit our Deposit Account No. 19-0733, accordingly.

Appln. No.: 09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

This listing of claims will replace all prior versions, and listing, of claims in the application:

**Listing of Claims;**

1.      (Previously Presented)        A method for data synchronization between a first terminal device and a second, remotely located, terminal device via an intermediate terminal device, the method comprising:

obtaining, at the first terminal device, data to be synchronized with the second remotely located terminal device;

transmitting the data from the first terminal device to the intermediate terminal device through a short-range connection;

formatting the data to be synchronized into at least one SMS (Short Message Service) message in the intermediate terminal device; and

transmitting the at least one SMS message from the intermediate terminal device to the second remote located terminal device through cellular network connection.

2.      (Original)        The method of claim 1, wherein formatting the data message comprises formatting the data in a SyncML format.

3.      (Original)        The method of claim 1, wherein the intermediate terminal device comprises a mobile terminal device.

4.      (Original)        The method of claim 3, wherein the at least one SMS message is transmitted via a mobile network including an SMS message center.

5.      (Previously Presented)        The method of claim 4, wherein the at least one SMS message is transmitted from the intermediate terminal device to the second, remotely located, terminal device via the mobile network and a gateway and the Internet.

6.      (Original)        The method of claim 1, wherein the at least one SMS message comprises a compressed SMS message.

Appln. No.:  09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

7.    (Original)    The method of claim 6, wherein the compressed SMS message comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

8.    (Original)    The method of claim 2, wherein the data formatted in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

9.    (Original)    The method of claim 8, wherein the two MIME formats comprise vcal and vcard formats.

10.    (Original)    The method of claim 1, wherein the data message comprises one of a calendar, a to-do list, personal information, and contact information.

11.    (Original)    The method of claim 1, wherein the data message is transferred from the first terminal device to the intermediate terminal device via a short range communication link.

12.    (Original)    The method of claim 11, wherein the short range communication link comprises one of an IR (Infrared) or Bluetooth communication link.

13.    (Previously Presented)    A mobile terminal device comprising:
    a data message receiver to receive data from a first terminal device, which data is to be synchronized with a second, remotely located, terminal device via a short range communication link;
    a formatter to format the received data into at least one SMS (Short Message Service) message; and
    a transmitter to transmit the at least one SMS message to the second, remotely located, terminal device through a cellular network connection.

Appln. No.: 09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

14.    (Original)    The device of claim 13, wherein the formatter formats the data in a SyncML format.

15.    (Original)    The device of claim 13, wherein the at least one SMS message formatted by the formatter comprises a compressed SMS message.

16.    (Original)    The device of claim 15, wherein the compressed SMS message formatted by the formatter comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

17.    (Original)    The device of claim 13, wherein the data formatted by the formatter in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) formats.

18.    (Original)    The device of claim 17, wherein the two MIME formats formatted by the formatter comprise vcal and vcard.

19.    (Original)    The device of claim 13, wherein the data comprises one of a calendar, a to-do list, a personal information, and contact information.

20.    (Original)    The device of claim 13, wherein the data receiver receives data messages via one of an IR (Infrared) or Bluetooth communication link.

21.    (Previously Presented)    A program storage device, readable by machine, tangibly embodying a program of instructions executable by machine to perform a method of synchronization between a first terminal device and a second, remotely located, terminal device via an intermediate terminal device, the method comprising:

obtaining, at the first terminal device, data to be synchronized with the second remote located terminal device;

Appln. No.:  09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

transmitting the data from the first terminal device to the intermediate terminal device through a short-range connection;

formatting the data to be synchronized into at least one SMS (Short Message Service) message in the intermediate terminal device; and

transmitting the at least one SMS message from the intermediate terminal device to the second remote located terminal device through a cellular network connection.

22.    (Original)    The device of claim 21, wherein formatting the data message comprises formatting the data in a SyncML format.

23.    (Original)    The device of claim 21, wherein the intermediate terminal device comprises a mobile terminal device.

24.    (Original)    The device of claim 23, wherein the at least one SMS message is transmitted via a mobile network including an SMS message center.

25.    (Previously Presented)    The device of claim 24, wherein the at least one SMS message is transmitted from the intermediate terminal device to the second remotely located terminal device via the mobile network and a gateway and the Internet.

26.    (Original)    The device of claim 21, wherein the at least one SMS message comprises a compressed SMS message.

27.    (Original)    The device of claim 26, wherein the compressed SMS message comprises a WBXML (Wireless Application Protocol Binary Extensible Markup Language) encoded message.

28.    (Original)    The device of claim 22, wherein the data formatted in a SyncML format comprises one of two MIME (Multipurpose Internet Mail Extensions) format.

Appln. No.: 09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

29.    (Original)    The device of claim 28, wherein the two MIME formats comprise vcal and vcard formats.

30.    (Original)    The device of claim 21, wherein the data message comprises one of a calendar, a to-do list, personal information, and contact information.

31.    (Original)    The device of claim 21, wherein the data message is transferred from the first terminal device to the intermediate terminal device via a short range communication link.

32.    (Original)    The device of claim 31, wherein the short range communication link comprises one of an IR (Infrared) or Bluetooth communication link.

33.    (Previously Presented)    A method of data synchronization between a first terminal device and a, remote located, second terminal device via an intermediate terminal device, the method comprising:

obtaining, at the first terminal device, data to be synchronized with the second remotely located terminal device;

transmitting the data from the first terminal device to the intermediate terminal device through a short-range connection;

formatting the data into at least one SMS (Short Message Service) message in the intermediate terminal device;

transmitting the least one SMS message from the intermediate terminal device to a message center; and

transmitting the at least one message from the message center to the second remote located terminal device through a cellular network connection.

34.    (Canceled).

35.    (Currently Amended)  The method of ~~claim 34~~<u>claim 33</u>, wherein the message center comprises an SMS message center.

36.    (Original)       The method of claim 33, wherein the data is transmitted from the first terminal device to the intermediate terminal device via a short range communication link.

37.    (Currently Amended)  The method of ~~claim 34~~<u>claim 36</u>, wherein the short range communication link comprises one of either an IR (Infrared) or Bluetooth communication link.

38.    (Previously Presented)       A program storage device, readable by machine, tangibly embodying a program of instructions executable by machine to perform a method of data synchronization between first and second remote locate terminal devices via an intermediate terminal device, the method comprising:

obtaining, at the first terminal device, data to be synchronized with the second remotely located terminal device;

transmitting the data from the first terminal device to the intermediate terminal device through short-range connection;

formatting the data into at least one SMS (Short Message Service) message in the intermediate terminal device;

transmitting the least one message from the intermediate terminal device to a message center; and

transmitting the at least one message from the message center to the second remotely located terminal device through a cellular or network connection.

39.    (Canceled).

40.    (Original)       The device of claim 38, wherein the message center comprises an SMS message center.

Appln. No.: 09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

41.     (Original)      The device of claim 38, wherein the data is transmitted from the first terminal device to the intermediate terminal device via a short range communication link.

42.     (Currently Amended) The device of ~~claim 39~~<u>claim 41</u>, wherein the short range communication link comprises one of either an IR (Infrared) or Bluetooth communication link.

43.     (Original)      The method of claim 1, further comprising transmitting at least one other SMS message from the second terminal device to the first terminal device via the intermediate terminal device.

44.     (Original)      The method of claim 13, further comprising a receiver to receive at least one other SMS message from the another terminal device and a data message transmitter to transmit the at least one other SMS message to the first terminal device.

45.     (Original)      The device of claim 21, further comprising transmitting at least one other SMS message from the second terminal device ot the first terminal device via the intermediate terminal device.

46.     (Original)      The method of claim 33, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

47.     (Original)      The device of claim 38, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

Appln. No.: 09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

## REMARKS/ARGUMENTS

The Office Action of May 30, 2006, has been carefully reviewed and these remarks are responsive thereto. Claims 35, 37 and 42 have been amended. No new matter has been added. Claims 1-33, 35-38, and 40-47 remain pending after entry of the present amendment. Reconsideration and allowance of the instant application are respectfully requested.

### Claim Objections

Claims 35, 37 and 42 are objected to because of claim dependency informalities. Applicants have amendments claims 35, 37 and 42 to revise the claim dependencies. As such, these objections are rendered moot.

### Statement of Common Ownership

The present application and the Lewontin reference (U.S. Patent Pub. No. 2002/0087596 A1) were, at the time the invention was made, owned by, or subject to an obligation of assignment to Nokia Corporation or a wholly owned subsidiary thereof (i.e., Nokia Inc.).

### Rejections Under 35 U.S.C. § 103

Claims 1-7, 11-16, 21-27, 31-33, 36-38 and 41-47 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Kobayashi (U.S. Pat. No. 6,633,759) in view of Lewontin. Claims 4, 5, 24, 25, 35 and 40 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Kobayashi in view of Lewontin and further in view of Lohtia et al. (U.S. Patent No. 6,560,456, hereinafter "Lohtia"). Claims 6, 15 and 26 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Kobayashi in combination with Lewontin and further in view of Alanara et al. (U.S. Patent No. 6,097,961, hereinafter "Alanara"). Claims 8-10, 17-19 and 28-30 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Kobayashi in combination with Lewontin and further in view of Winarski (U.S. Patent Pub. No. 2002/0123307). Claims 10, 19 and 30 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Kobayashi in combination with Lewontin. The above Statement of Common Ownership removes Lewontin as an applicable reference for a rejection under 35 U.S.C. §103(a), and these rejections are therefore respectfully traversed for at least this reason.

Appln. No.:  09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

Further, as Applicants have discussed in previous responses, there is no motivation to combine Kobayashi with SMS messaging services such as those described in Lohtia, Alanara and Winarski.  Kobayshi describes a short range connection between a mobile telephone and a PC that requires establishing a dedicated and continuous wireless link between the mobile telephone and the PC.  Col. 2, ll. 31-40.  SMS messaging, on the other hand, is a store and forward service, wherein the short messages are not sent directly from the sender to the recipient via a continuous data connection.  Applicants' Specification, ¶¶ [0007] & [0023].  As such, using SMS messaging with Kobayashi would render Kobayashi unsatisfactory for its intended purpose.  In particular, Kobayashi relies upon a continuous direct wireless link to allow manipulation of software on one device by another and for the transmission of data (e.g., screen data as the result of a job) in *real time*.  Col. 8, ll. 64-67; Col. 12, ll. 27-32; Col. 13, ll. 14-17.  As such, using a SMS service, whereby the messages are stored and forwarded with no establishment of a dedicated wireless link, would hinder the real time manipulation and transmission methods of Kobayashi.  In other words, SMS service would not guarantee real time service, which, as evidenced above, is a critical component of Kobayashi.  Significantly, the Federal Circuit has clearly held that if a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, then there is no suggestion or motivation to make the proposed modification.  *In re Gordon,* 221 U.S.P.Q. 1125 (Fed. Cir. 1984).  Thus, there is no motivation or suggestion to make the proposed modification.

In addition, independent claims 1, 13, 21 and 33 disclose transmitting the SMS message from a message center to a second terminal device through a *cellular network connection*. Contrary to the Office Action's assertions, Kobayashi does not teach or suggest transmitting data over a cellular network connection.  At most, Kobayashi discloses that a device may be a cellular phone.  Col. 14, ll. 7-11.  In particular, Kobayashi specifically teaches transmitting data over a *short-range wireless* communication link using the cellular phone, not a cellular network connection.  Kobayashi even emphasizes the short-range wireless communication requirement by disclosing, at Col. 14, ll. 26-32, that data can be transmitted/received among more than two devices "*if* the device is provided with a similar wireless communication function (*a wireless LAN or Bluetooth System in 2.45 Ghz*)."  (emphasis added).  Bluetooth and wireless LAN's are both known to be short-range wireless communication protocols.  As such, not only does

Appln. No.:  09/941,851
Amendment dated September 7, 2006
Reply to Office Action of May 30, 2006

Kobayashi not teach or suggest transmitting data over a cellular network connection, Kobayashi, in fact, teaches away from using cellular network connections to transmit data such as an SMS message.   As such, independent claims 1, 13, 21 and 33 are allowable for these additional reasons.

Claims 3, 11, 12, 20, 23, 31, 32, 36, 37, 41, 42, and 43-47 are dependent on their respective base independent claims and are thus allowable for at least the same reasons as those claims and further in view of the novel and non-obvious features recited therein.

Applicants reserve the right to further attack the motivation to combine any or all of the cited references, but believe this is not necessary at this time based on the above-noted features lacking from each reference.

## CONCLUSION

All rejections having been addressed, Applicants respectfully submit that the instant application is in condition for allowance, and respectfully solicit prompt notification of the same. However, if for any reason the Examiner believes the application is not in condition for allowance or there are any questions, the Examiner is requested to contact the undersigned at (202) 824-3156.

Respectfully submitted,

BANNER & WITCOFF, LTD.

Dated this 7th day of September, 2006          By:          /Chunhsi Andy Mu/
                                                           Chunhsi Andy Mu, Registration No. 58,216
                                                           1001 G Street, N.W.
                                                           Washington, D.C.  20001-4597
                                                           Tel:    (202) 824-3000
                                                           Fax:   (202) 824-3001

PTO/SB/22 (12-04)
Approved for use through 7/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION FOR EXTENSION OF TIME UNDER 37 CFR 1.136(a) FY 2005 (fees effective on or after December 8, 2004) | Docket Number (Optional) 004770.00538 |
|---|---|

| Application Number   09/941,851 | Filed   August 30, 2001 |
|---|---|

| For   Message Transfer From A Source Device Via A Mobile Terminal Device To A Third Device |
|---|

| Art Unit   2614 | Examiner   Gerald GAUTHIER |
|---|---|

This is a request under the provisions of 37 CFR 1.136(a) to extend the period for filing a reply in the above identified application.

The requested extension and fee are as follows (check time period desired and enter the appropriate fee below):

| | | Fee | Small Entity Fee | |
|---|---|---|---|---|
| ☒ | One month (37 CFR 1.17(a)(1)) | $120 | $60 | $120 |
| ☐ | Two months (37 CFR 1.17(a)(2)) | $450 | $225 | $_____ |
| ☐ | Three months (37 CFR 1.17(a)(3)) | $1020 | $510 | $_____ |
| ☐ | Four months (37 CFR 1.17(a)(4)) | $1590 | $795 | $_____ |
| ☐ | Five months (37 CFR 1.17(a)(5)) | $2160 | $1080 | $_____ |

☐  Applicant claims small entity status.  See 37 CFR 1.27.

☐  A check in the amount of the fee is enclosed.

☐  Payment by credit card.  Form PTO-2038 is attached.

☐  The Director has already been authorized to charge fees in this application to a Deposit Account.

☒  The Director is hereby authorized to charge any fees which may be required, or credit any overpayment, to Deposit Account Number  19-0733 . I have enclosed a duplicate copy of this sheet.

**WARNING: Information on this form may become public.  Credit card information should be included on this form.  Provide credit card information and authorization on PTO-2038.**

I am the        ☐ applicant/inventor.

☐ assignee of record of the entire interest.  See 37 CFR 3.71

        Statement under 37 CFR 3.73(b) is enclosed.  (Form PTO/SB/96).

☒ attorney or agent of record.  Registration Number 58,216

☐ attorney or agent under 37 CFR 1.34.

        Registration number if acting under 37 CFR 1.34. _____ .

| /Chunhsi Andy Mu/ | September 7, 2006 |
|---|---|
| Signature | Date |
| Chunhsi Andy Mu | (202) 824-3156 |
| Typed or printed name | Telephone Number |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required.  Submit multiple forms if more than one signature is required, see below.

☒ Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.136(a). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 6 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 09941851 |
| **Filing Date:** | 30-Aug-2001 |
| **Title of Invention:** | Message transfer from a source device via a mobile terminal device to a third device |
| **First Named Inventor:** | Tapani Larikka |
| **Filer:** | Chunhsi Andy Mu/JANNA ASHTON |
| **Attorney Docket Number:** | 017.40169X00 |

Filed as Large Entity

## Utility     Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| Post-Allowance-and-Post-Issuance: | | | | |
| **Extension-of-Time:** | | | | |
| Extension - 1 month with $0 paid | 1251 | 1 | 120 | 120 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **120** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1189108 |
| **Application Number:** | 09941851 |
| **Confirmation Number:** | 7553 |
| **Title of Invention:** | Message transfer from a source device via a mobile terminal device to a third device |
| **First Named Inventor:** | Tapani Larikka |
| **Customer Number:** | 22907 |
| **Filer:** | Chunhsi Andy Mu/JANNA ASHTON |
| **Filer Authorized By:** | Chunhsi Andy Mu |
| **Attorney Docket Number:** | 017.40169X00 |
| **Receipt Date:** | 07-SEP-2006 |
| **Filing Date:** | 30-AUG-2001 |
| **Time Stamp:** | 10:38:19 |
| **Application Type:** | Utility |
| **International Application Number:** | |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment was successfully received in RAM | $120 |
| RAM confirmation Number | 789 |
| Deposit Account | 190733 |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:<br>   Charge any Additional Fees required under 37 C.F.R. Section 1.16 and 1.17 | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part | Pages |
|---|---|---|---|---|---|
| 1 | Amendment - After Non-Final Rejection | 00477000538amendreqreconsideration.pdf | 147652 | no | 11 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Extension of Time | 00477000538Petitionforextensionoftime.pdf | 87916 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Fee Worksheet (PTO-875) | fee-info.pdf | 8173 | no | 2 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 243741 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 2000

Application or Docket Number
*09744851*
*017.40169X00*

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | *47* | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | *47* minus 20= | *27* |
| INDEPENDENT CLAIMS | *5* minus 3 = | *2* |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| BASIC FEE | 355.00 | OR | BASIC FEE | 710.00 |
| X$ 9= | | OR | X$18= | *486* |
| X40= | | OR | X60= | *180* |
| +135= | | OR | +270= | |
| TOTAL | | OR | TOTAL | *1356* |

## CLAIMS AS AMENDED - PART II

**3/16/06**

**AMENDMENT A**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | *47* | Minus | ** *47* | = |
| Independent | *5* | Minus | *** *5* | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**9/7/06**

**AMENDMENT B**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | *45* | Minus | ** *47* | = |
| Independent | *5* | Minus | *** *5* | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | *50* |
| X40= | | OR | X80= | *200* |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|
| Total | | Minus | ** | = |
| Independent | | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X40= | | OR | X80= | |
| +135= | | OR | +270= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 8/00)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

*BEST AVAILABLE COPY*

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 0 | format$3 with data with synchron$7 with (SMS Short adj Message adj Service) with intermediate with device with transmit$4 with second with device with (cellular adj network).clm. | US-PGPUB | OR | ON | 2006/11/10 06:54 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 22907      7590      12/05/2006 | | EXAMINER | |
|---|---|---|---|
| BANNER & WITCOFF | | GAUTHIER, GERALD | |
| 1001 G STREET N W | | ART UNIT | PAPER NUMBER |
| SUITE 1100 | | 2614 | |
| WASHINGTON, DC 20001 | | DATE MAILED: 12/05/2006 | |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

TITLE OF INVENTION: MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $0 | $0 | $1400 | 03/05/2007 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail** **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or Fax (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

| 22907 | 7590 | 12/05/2006 |

**BANNER & WITCOFF**
**1001 G STREET N W**
**SUITE 1100**
**WASHINGTON, DC 20001**

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

TITLE OF INVENTION: MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $0 | $0 | $1400 | 03/05/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| GAUTHIER, GERALD | 2614 | 455-466000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____          Date _____

Typed or printed name _____          Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

| | | |
|---|---|---|
| 22907 | 7590 | 12/05/2006 |

BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON, DC 20001

| EXAMINER |
|---|
| GAUTHIER, GERALD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

DATE MAILED: 12/05/2006

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 668 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 668 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702.  Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101   or (571)-272-4200.

PTOL-85  (Rev. 07/06) Approved for use through 04/30/2007.

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/941,851 | LARIKKA ET AL. |
| | Examiner | Art Unit |
| | Gerald Gauthier | 2614 |

-- **The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _9/7/2006 Amendment_.

2. ☒ The allowed claim(s) is/are _1-33,35-38 and 40-47_.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

       1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of

       Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO/SB/08),
    Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413),
    Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

GERALD GAUTHIER
PRIMARY EXAMINER
ART UNIT 2614

Application/Control Number: 09/941,851                                    Page 2
Art Unit: 2614

## DETAILED ACTION

### *Allowable*

1.     **Claim(s) 1-33, 35-38 and 40-47** are allowed.


2.     The following is an examiner's statement of reasons for allowance:

Regarding **claim(s) 1, 13, 21, and 38**, in combination with other limitations of the

claims, the prior art of record fails to disclose or specifically suggested formatting a data

to be synchronized into at least one SMS message in an intermediate terminal device

and transmitting the at least one SMS message from the intermediate terminal device to

a second remote located terminal device through cellular network connection.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."


### *Conclusion*

3.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Gerald Gauthier whose telephone number is (571) 272-

7539.  The examiner can normally be reached on 8:00 AM to 4:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Fan Tsang can be reached on (571) 272-7547.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 09/941,851                                    Page 3
Art Unit: 2614

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Gerald Gauthier
Primary Examiner
Art Unit 2614

GG
November 10, 2006

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 09941851 | LARIKKA ET AL. |
| | **Examiner** | **Art Unit** |
| | Gauthier, Gerald | 2614 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/03/2004 | 07/11/2005 | 12/18/2005 | 05/18/2006 | 11/10/2006 | | | |
| 1 | 1 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 2 | 2 | ✓ | ✓ | O | ✓ | = | | | |
| 3 | 3 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 4 | 4 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 5 | 5 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 6 | 6 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 7 | 7 | ✓ | ✓ | O | ✓ | = | | | |
| 8 | 8 | ✓ | ✓ | O | ✓ | = | | | |
| 9 | 9 | ✓ | ✓ | O | ✓ | = | | | |
| 10 | 10 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 11 | 11 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 12 | 12 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 14 | 13 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 15 | 14 | ✓ | ✓ | O | ✓ | = | | | |
| 16 | 15 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 17 | 16 | ✓ | ✓ | O | ✓ | = | | | |
| 18 | 17 | ✓ | ✓ | O | ✓ | = | | | |
| 19 | 18 | ✓ | ✓ | O | ✓ | = | | | |
| 20 | 19 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 21 | 20 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 23 | 21 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 24 | 22 | ✓ | ✓ | O | ✓ | = | | | |
| 25 | 23 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 26 | 24 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 27 | 25 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 28 | 26 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 29 | 27 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 30 | 28 | ✓ | ✓ | O | ✓ | = | | | |
| 31 | 29 | ✓ | ✓ | O | ✓ | = | | | |
| 32 | 30 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 33 | 31 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 34 | 32 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 36 | 33 | ✓ | ✓ | ✓ | ✓ | = | | | |
| | 34 | ✓ | - | - | - | - | | | |
| 37 | 35 | ✓ | ✓ | ✓ | ✓ | = | | | |
| 38 | 36 | ✓ | ✓ | ✓ | ✓ | = | | | |

| *Index of Claims* | Application/Control No.<br><br>09941851 | Applicant(s)/Patent Under Reexamination<br><br>LARIKKA ET AL. |
|---|---|---|
| | Examiner<br><br>Gauthier, Gerald | Art Unit<br><br>2614 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| ☐ Claims renumbered in the same order as presented by applicant | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 12/03/2004 | 07/11/2005 | 12/18/2005 | 05/18/2006 | 11/10/2006 | | | | |
| 39 | 37 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 41 | 38 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| | 39 | ✓ | - | - | - | - | | | | |
| 42 | 40 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 43 | 41 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 44 | 42 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 13 | 43 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 22 | 44 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 35 | 45 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 40 | 46 | ✓ | ✓ | ✓ | ✓ | = | | | | |
| 45 | 47 | ✓ | ✓ | ✓ | ✓ | = | | | | |

# Issue Classification

| Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|
| 09941851 | LARIKKA ET AL. |
| **Examiner** | **Art Unit** |
| Gauthier, Gerald | 2614 |

## ORIGINAL

| CLASS | SUBCLASS |
|---|---|
| 455 | 466 |

### CROSS REFERENCE(S)

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
|---|---|
| 715 | 513 |
| 705 | 51 |
| 707 | 10 |

## INTERNATIONAL CLASSIFICATION

| | CLAIMED | | | | | NON-CLAIMED |
|---|---|---|---|---|---|---|
| H | 0 | 4 | Q | | 7 / 22 | |

| NONE | |
|---|---|
| (Assistant Examiner) | (Date) |

*Gerald Gauthier*
**GERALD GAUTHIER**
**PATENT EXAMINER**

GERALD GAUTHIER
(Primary Examiner)

11/10/2006
(Date)

11/13/06
(Legal Instruments Examiner)   (Date)

**Total Claims Allowed:**
45

| O.G. Print Claim(s) | O.G. Print Figure |
|---|---|
| 1 | 1 |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 0994185109941851 | LARIKKA ET AL.LARIKKA ET AL. |
| ‖‖‖‖‖‖‖‖‖‖ | **Examiner** | **Art Unit** |
| | Gauthier, Gerald Gauthier, Gerald | 26142614 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 455 | 41, 414.1, 419, 445, 466, 558 | 11/10/2006 | GG |
| 705 | 51 | 11/10/2006 | GG |
| 707 | 10 | 11/10/2006 | GG |
| 715 | 513 | 11/10/2006 | GG |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST (US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB) | 11/10/2006 | GG |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 455 | 41, 414.1, 419, 445, 466, 558 | 11/10/2006 | GG |
| 705 | 51 | 11/10/2006 | GG |
| 707 | 10 | 11/10/2006 | GG |
| 715 | 513 | 11/10/2006 | GG |
| | INTERFERENCE HISTORY SEARCH (see attached) | 11/10/2006 | GG |



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov



Bib Data Sheet

CONFIRMATION NO. 7553

| SERIAL NUMBER 09/941,851 | FILING OR 371(c) DATE 08/30/2001 RULE | CLASS 455 | GROUP ART UNIT 2614 | ATTORNEY DOCKET NO. 017.40169X00 |
|---|---|---|---|---|

**APPLICANTS**

Tapani Larikka, Vesilahti, FINLAND;
Jari Juopperi, Helsinki, FINLAND;

** CONTINUING DATA ****************  NONE GG

** FOREIGN APPLICATIONS ********  NONE GG

**IF REQUIRED, FOREIGN FILING LICENSE GRANTED**
** 10/01/2001

| Foreign Priority claimed ☐ yes ☒ no 35 USC 119 (a-d) conditions met ☐ yes ☒ no ☐ Met after Allowance Verified and Acknowledged    Examiner's Signature    Initials | STATE OR COUNTRY FINLAND | SHEETS DRAWING 3 | TOTAL CLAIMS 47 | INDEPENDENT CLAIMS 5 |
|---|---|---|---|---|

**ADDRESS**
22907

**TITLE**

Message transfer from a source device via a mobile terminal device to a third device

| FILING FEE RECEIVED 1356 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>    **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
    or <u>Fax</u>    **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

22907    7590    12/05/2006

BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON, DC 20001

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

TITLE OF INVENTION: MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $0 | $0 | $1400 | 03/05/2007 |

| EXAMINER | | ART UNIT | CLASS-SUBCLASS |
|---|---|---|---|
| GAUTHIER, GERALD | | 2614 | 455-466000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Banner & Witcoff, LTD.

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Nokia Corporation

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Espoo, Finland

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:

☒ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number 19-0733 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

| | | |
|---|---|---|
| Authorized Signature | /Chunhsi Andy Mu/ | Date 3/5/2007 |
| Typed or printed name | Chunhsi Andy Mu | Registration No. 58,216 |

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 09941851 |
| **Filing Date:** | 30-Aug-2001 |
| **Title of Invention:** | MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE |
| First Named Inventor/Applicant Name: | Tapani Larikka |
| **Filer:** | Chunhsi Andy Mu/Allison Anderson |
| **Attorney Docket Number:** | 017.40169X00 |

Filed as Large Entity

## Utility       Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| Post-Allowance-and-Post-Issuance: | | | | |
| Utility Appl issue fee | 1501 | 1 | 1400 | 1400 |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **1400** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1563785 |
| **Application Number:** | 09941851 |
| **International Application Number:** | |
| **Confirmation Number:** | 7553 |
| **Title of Invention:** | MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE |
| **First Named Inventor/Applicant Name:** | Tapani  Larikka |
| **Customer Number:** | 22907 |
| **Filer:** | Chunhsi Andy Mu/Allison Anderson |
| **Filer Authorized By:** | Chunhsi Andy Mu |
| **Attorney Docket Number:** | 017.40169X00 |
| **Receipt Date:** | 05-MAR-2007 |
| **Filing Date:** | 30-AUG-2001 |
| **Time Stamp:** | 14:16:22 |
| **Application Type:** | Utility |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment was successfully received in RAM | $ 1400 |
| RAM confirmation Number | 1897 |
| Deposit Account | 190733 |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: Charge any Additional Fees required under 37 C.F.R. Section 1.16 and 1.17 | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | 004770-00538-IssueFee.pdf | 347633 | no | 1 |

| Warnings: |
|---|
| Information: |

| 2 | Fee Worksheet (PTO-06) | fee-info.pdf | 8190 | no | 2 |
|---|---|---|---|---|---|

| Warnings: |
|---|
| Information: |

| Total Files Size (in bytes): | 355823 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

**FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: ☒ **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or ☐ **Fax** (571)-273-2885

CANCELLED

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

22907    7590    12/05/2006

BANNER & WITCOFF
1001 G STREET N W
SUITE 1100
WASHINGTON, DC 20001

OIPE IAP7
MAR 0 5 2007
PATENT & TRADEMARK OFFICE

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

Certificate of Mailing or Transmission
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 | 7553 |

TITLE OF INVENTION: MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1400 | $0 | $0 | $1400 | 03/05/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| GAUTHIER, GERALD | 2614 | 455-466000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Banner & Witcoff, LTD.
2  _____
3  _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

Nokia Corporation

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Espoo, Finland

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☒ Corporation or other private group entity ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above):
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number 19-0733 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature  /Chunhsi Andy Mu/          Date  3/5/2007

Typed or printed name  Chunsi Andy Mu          Registration No.  58,216

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 07/06) Approved for use through 04/30/2007.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

03/05/2007 INTEFSU  00001097 09941851

01 FC:1501    1400.00 DA

BEST AVAILABLE COPY

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/941,851 | 04/10/2007 | 7203505 | 017.40169X00 | 7553 |

22907          7590          03/21/2007

BANNER & WITCOFF, LTD.
1100 13th STREET, N.W.
SUITE 1200
WASHINGTON, DC 20005-4051

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 843 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Tapani Larikka, Vesilahti, FINLAND;
Jari Juopperi, Helsinki, FINLAND;

IR103 (Rev. 11/05)

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re U.S. Patent No. 7,203,505 | ) Serial No. 09/941,851 |
| | ) |
| Inventor(s): Tapani Larikka et al. | ) Filed: August 30, 2001 |
| | ) |
| Issue Date: April 10, 2007 | ) Attorney Docket No. 004770.00538 |

For: MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE

## REQUEST FOR CERTIFICATE OF CORRECTION

U.S. Patent and Trademark Office
Customer Service Window
Randolph Building, Mail Stop: Certificate of Correction Branch
401 Dulany Street
Alexandria, VA 22314

**Certificate**

AUG 1 5 2007

**of Correction**

Sir:

Pursuant to 35 U.S.C. § 254 and 37 C.F.R. § 1.322, this is a request for the issuance of a Certificate of Correction in the above-identified patent. Two (2) copies of PTO Form 1050 are appended. The complete Certificate of Correction involves 1 page.

The mistake identified in the appended Form occurred through no fault of the Applicants, as clearly disclosed by the records of the application, which matured into this patent. Enclosed for your convenience are the relevant parts of the Amendment filed on September 7, 2006.

Issuance of the Certificate of Correction containing the correction is respectfully requested. Since this change is necessitated through no fault of the Applicants, no fee is believed to be associated with this request. Nonetheless, should the Patent and Trademark Office determine that a fee is required, please charge our Deposit Account No. 19-0733.

Respectfully submitted,

BANNER & WITCOFF, LTD.

By: _____

C. Andy Mu
Registration No. 58,216

Dated: August 13, 2007
Banner & Witcoff, Ltd
1100 13th Street, N.W., Suite 1200
Washington, D.C. 20005-4051
(202) 824-3000

AUG 1 5 2007

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.:          7,203,505

DATED:               April 10, 2007

INVENTOR(S):         Tapani Larikka et al.

It is certified that an error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In Claim 40, Column 7, Line 19:
      Please delete "Claim 31" and insert --Claim 36--

Mailing Address of Sender:

Banner & Witcoff, Ltd.
11th Floor
1001 G Street, N.W.
Washington, DC 20001-4597

FORM PTO 1050 (Rev.2-93)

U.S. PAT. NO 7,203,505

No. of add'l copies
@ $0.50 per page

AUG 15 2007  ☐



UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.:      7,203,505

DATED:           April 10, 2007

INVENTOR(S):     Tapani Larikka et al.

It is certified that an error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In Claim 40, Column 7, Line 19:
    Please delete "Claim 31" and insert --Claim 36--

Mailing Address of Sender:

Banner & Witcoff, Ltd.
11th Floor
1001 G Street, N.W.
Washington, DC 20001-4597

FORM PTO 1050 (Rev.2-93)

U.S. PAT. NO 7,203,505

No. of add'l copies
@ $0.50 per page

☐

AUG 15 2007

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1189108 |
| **Application Number:** | 09941851 |
| **Confirmation Number:** | 7553 |
| **Title of Invention:** | Message transfer from a source device via a mobile terminal device to a third device |
| **First Named Inventor:** | Tapani  Larikka |
| **Customer Number:** | 22907 |
| **Filer:** | Chunhsi Andy Mu/JANNA ASHTON |
| **Filer Authorized By:** | Chunhsi Andy Mu |
| **Attorney Docket Number:** | 017.40169X00 |
| **Receipt Date:** | 07-SEP-2006 |
| **Filing Date:** | 30-AUG-2001 |
| **Time Stamp:** | 10:38:19 |
| **Application Type:** | Utility |
| **International Application Number:** | |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment was successfully received in RAM | $ 120 |
| RAM confirmation Number | 789 |
| Deposit Account | 190733 |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:
    Charge any Additional Fees required under 37 C.F.R. Section 1.16 and 1.17

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part | Pages |
|---|---|---|---|---|---|
| 1 | Amendment - After Non-Final Rejection | 00477000538amendreqreconsideration.pdf | 147652 | no | 11 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Extension of Time | 00477000538Petitionforextensionoftime.pdf | 87916 | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Fee Worksheet (PTO-875) | fee-info.pdf | 8173 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | Total Files Size (in bytes): | 243741 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

AUG 15 2007

15 2007

42.     (Currently Amended) The device of ~~claim 39~~claim 41, wherein the short range communication link comprises one of either an IR (Infrared) or Bluetooth communication link.

43.     (Original)     The method of claim 1, further comprising transmitting at least one other SMS message from the second terminal device to the first terminal device via the intermediate terminal device.

44.     (Original)     The method of claim 13, further comprising a receiver to receive at least one other SMS message from the another terminal device and a data message transmitter to transmit the at least one other SMS message to the first terminal device.

45.     (Original)     The device of claim 21, further comprising transmitting at least one other SMS message from the second terminal device ot the first terminal device via the intermediate terminal device.

46.     (Original)     The method of ~~claim 33~~, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

47.     (Original)     The device of claim 38, further comprising transmitting other data from the second terminal device to the first terminal device via the intermediate terminal device.

AUG 15 2007

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO.          : 7,203,505 B1                          Page 1 of 1
APPLICATION NO.  : 09/941851
DATED                    : April 10, 2007
INVENTOR(S)        : Tapani Larikka et al.

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In Claim 40, Column 7, Line 19:
        Please delete "Claim 31" and insert --Claim 36--

Signed and Sealed this

Twenty-third Day of October, 2007

JON W. DUDAS
*Director of the United States Patent and Trademark Office*

 U̲nited S̲tates P̲atent and T̲rademark O̲ffice

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | PATENT NUMBER | GROUP ART UNIT | FILE WRAPPER LOCATION |
|---|---|---|---|
| 09/941,851 | 7203505 | 2614 | 9200 |

# Correspondence Address/Fee Address Change

**The following fields have been set to Customer Number 72165 on 11/17/2010**
- **Correspondence Address**
- **Power of Attorney Address**

**The address of record for Customer Number 72165 is:**

**72165**
**BANNER & WITCOFF, LTD**
**ATTORNEYS FOR CLIENT 004770**
**1100 13TH STREET**
**SUITE 1200**
**WASHINGTON, DC 20005-4051**

PTO/AIA/80 (07-17)
Approved for use through 01/31/2018. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no person is required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY TO PROSECUTE APPLICATIONS BEFORE THE USPTO

I hereby revoke all previous powers of attorney given in the application identified in the attached statement under 37 CFR 3.73(c).

I hereby appoint:

[✓] Practitioners associated with Customer Number:

**151091**

**OR**

[ ] Practitioner(s) named below (if more than ten patent practitioners are to be named, then a customer number must be used):

| Name | Registration Number | | Name | Registration Number |
|------|---------------------|---|------|---------------------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

As attorney(s) or agent(s) to represent the undersigned before the United States Patent and Trademark Office (USPTO) in connection with any and all patent applications assigned <u>only</u> to the undersigned according to the USPTO assignment records or assignment documents attached to this form in accordance with 37 CFR 3.73(c).

Please change the correspondence address for the application identified in the attached statement under 37 CFR 3.73(c) to:

[✓] The address associated with Customer Number: **151091**

**OR**

[ ] Firm or individual name

| Address | | |
|---------|---|---|
| City | State | Zip |
| Country | | |
| Telephone | Email | |

Assignee name and address:   WSOU Investments, LLC
11150 Santa Monica Blvd., Suite 1400
Los Angeles, CA 90025

A copy of this form, together with a statement under 37 CFR 3.73(c) (Form PTO/AIA/96 or equivalent) is required to be filed in each application in which this form is used. The statement under 37 CFR 3.73(c) may be completed by one of the practitioners appointed in this form, and must identify the application in which this Power of Attorney is to be filed.

**SIGNATURE of Assignee of Record**
The individual whose signature and title is supplied below is authorized to act on behalf of the assignee.

| Signature | Date  December 29, 2017 |
|-----------|--------------------------|
| Name  Stuart Shanus | Telephone   310-633-2327 |
| Title   President of WSOU Investments, LLC | |

This collection of information is required by 37 CFR 1.31, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public, which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 18 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

Applicant/Patent Owner: __WSOU Investments, LLC__

Application No./Patent No.: __7,203,505__          Filed/Issue Date: __04-10-2007__

Titled: __MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE__

__WSOU Investments, LLC_____, a __corporation_____

(Name of Assignee)                                      (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that, for the patent application/patent identified above, it is (choose **one** of options 1, 2, 3 or 4 below):

1. [X]  The assignee of the entire right, title, and interest.

2. [ ]  An assignee of less than the entire right, title, and interest (check applicable box):

   [ ]  The extent (by percentage) of its ownership interest is _____%. Additional Statement(s) by the owners holding the balance of the interest __must be submitted__ to account for 100% of the ownership interest.

   [ ]  There are unspecified percentages of ownership. The other parties, including inventors, who together own the entire right, title and interest are:

   
   Additional Statement(s) by the owner(s) holding the balance of the interest __must be submitted__ to account for the entire right, title, and interest.

3. [ ]  The assignee of an undivided interest in the entirety (a complete assignment from one of the joint inventors was made). The other parties, including inventors, who together own the entire right, title, and interest are:

   
   Additional Statement(s) by the owner(s) holding the balance of the interest __must be submitted__ to account for the entire right, title, and interest.

4. [ ]  The recipient, via a court proceeding or the like (*e.g.*, bankruptcy, probate), of an undivided interest in the entirety (a complete transfer of ownership interest was made). The certified document(s) showing the transfer is attached.

The interest identified in option 1, 2 or 3 above (not option 4) is evidenced by either (choose **one** of options A or B below):

A. [ ]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy thereof is attached.

B. [X]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From: _____Inventors_____          To: _____NOKIA CORP._____

      The document was recorded in the United States Patent and Trademark Office at
      Reel __012130____, Frame ____0651_____, or for which a copy thereof is attached.

   2. From: __NOKIA CORPORATION__          To: ____NOKIA TECHNOLOGIES OY____

      The document was recorded in the United States Patent and Trademark Office at
      Reel __035601____, Frame ____0901_____, or for which a copy thereof is attached.

[Page 1 of 2]

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/AIA/96 (08-12)
Approved for use through 01/31/2013. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(c)

3. From: __NOKIA TECHNOLOGIES OY__        To: __WSOU INVESTMENTS, LLC__

The document was recorded in the United States Patent and Trademark Office at

Reel __045084__ , Frame __0282__ , or for which a copy thereof is attached.

4. From: _____        To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

5. From: _____        To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

6. From: _____        To: _____

The document was recorded in the United States Patent and Trademark Office at

Reel _____ , Frame _____ , or for which a copy thereof is attached.

☐    Additional documents in the chain of title are listed on a supplemental sheet(s).

☒    As required by 37 CFR 3.73(c)(1)(i), the documentary evidence of the chain of title from the original owner to the assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

[NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP 302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

| | |
|---|---|
| _Sean D. Burdick (signature)_ | March 13, 2018 |
| Signature | Date |
| Sean D. Burdick | 51,513 |
| Printed or Typed Name | Title or Registration Number |

[Page 2 of 2]

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32040996 |
| **Application Number:** | 09941851 |
| **International Application Number:** | |
| **Confirmation Number:** | 7553 |
| **Title of Invention:** | MESSAGE TRANSFER FROM A SOURCE DEVICE VIA A MOBILE TERMINAL DEVICE TO A THIRD DEVICE |
| **First Named Inventor/Applicant Name:** | Tapani  Larikka |
| **Customer Number:** | 72165 |
| **Filer:** | Sean Dylan Burdick/Kris Pangan |
| **Filer Authorized By:** | Sean Dylan Burdick |
| **Attorney Docket Number:** | 017.40169X00 |
| **Receipt Date:** | 13-MAR-2018 |
| **Filing Date:** | 30-AUG-2001 |
| **Time Stamp:** | 16:51:49 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Power of Attorney | 09941851_POA.pdf | 346864 <br><br> 0ce241db9250e5283fa11147e0a418274937e5bd | no | 1 |

**Warnings:**

| Information: | | | | | |
|---|---|---|---|---|---|
| 2 | Assignee showing of ownership per 37 CFR 3.73 | 09941851_Statement.pdf | 248951<br><br>cf771042fa7e440ea51ea0d84ed76574cb07df70 | no | 2 |

| Warnings: |
|---|

| Information: |
|---|

| Total Files Size (in bytes): | 595815 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

 Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Pᴀᴛᴇɴᴛ ᴀɴᴅ Tʀᴀᴅᴇᴍᴀʀᴋ Oꜰꜰɪᴄᴇ

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 |

**CONFIRMATION NO. 7553**

151091
WSOU Investments, LLC
11150 Santa Monica Blvd., Suite 1400
Los Angeles, CA 90025

**POA ACCEPTANCE LETTER**

*OC000000098293655*

Date Mailed: 03/26/2018

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/13/2018.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/tmwilliams/
_____

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia  22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/941,851 | 08/30/2001 | Tapani Larikka | 017.40169X00 |

**CONFIRMATION NO. 7553**

72165
BANNER & WITCOFF, LTD
ATTORNEYS FOR CLIENT 004770
1100 13TH STREET
SUITE 1200
WASHINGTON, DC 20005-4051

**POWER OF ATTORNEY NOTICE**



Date Mailed: 03/26/2018

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/13/2018.

• The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

Questions about the contents of this notice and the
requirements it sets forth should be directed to the Office
of Data Management, Application Assistance Unit, at
**(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/tmwilliams/

_____

AO 120 (Rev. 08/10)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court     Western District of Texas     on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>6:20-cv-497 | DATE FILED<br>6/3/2020 | U.S. DISTRICT COURT<br>Western District of Texas |
|---|---|---|
| PLAINTIFF<br><br>WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT | | DEFENDANT<br><br>ZTE CORPORATION, ZTE (USA) INC.; ZTE (TX), INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | U.S. 7,203,505 | 4/10/2000 | WSOU Investments, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director**    **Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director**    **Copy 4—Case file copy**