FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC., AND ZTE (TX), INC.<br><br>Defendants. | CIVIL ACTION NO. 6:20-cv-487-ADA<br>CIVIL ACTION NO. 6:20-cv-488-ADA<br>CIVIL ACTION NO. 6:20-cv-489-ADA<br>CIVIL ACTION NO. 6:20-cv-490-ADA<br>CIVIL ACTION NO. 6:20-cv-491-ADA<br>CIVIL ACTION NO. 6:20-cv-492-ADA<br>CIVIL ACTION NO. 6:20-cv-493-ADA<br>CIVIL ACTION NO. 6:20-cv-494-ADA<br>CIVIL ACTION NO. 6:20-cv-495-ADA<br>CIVIL ACTION NO. 6:20-cv-496-ADA<br>CIVIL ACTION NO. 6:20-cv-497-ADA<br><br>JURY TRIAL DEMANDED<br><br>*FILED UNDER SEAL* |

**REPLY SUPPORTING MOTION FOR LEAVE TO FILE SUR-REPLY**

There is no merit to ZTE's argument that WSOU is somehow to blame for the delay in the addressing ███████████ The delay was caused by ZTE's failure to produce it. ███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

There is also no merit to ZTE's argument that it will be prejudiced by WSOU's sur-reply because WSOU allegedly failed to (a) timely produce ███████ or (b) respond to ZTE's request for "clarification" about the ███████ before ZTE's deadline to file its reply. *See* Resp. at 3. ███████████

███████████. ZTE could not possibly have been prejudiced by WSOU's alleged failure to timely produce ZTE's own document to ZTE. Regardless, there is no truth to ZTE's allegation. ███████████

███████████.[1]

ZTE also could not have been prejudiced by WSOU's alleged failure to give ZTE "clarification" about the ███████ before ZTE filed its reply brief. ZTE is a party to ███████████ Although WSOU *did* produce it to ZTE before ZTE's deadline to file a reply, ZTE did not need WSOU to produce

---

[1] To preserve resources, Exhibit A is being file only in the -487 case.

1

███████████ much less "clarify" to ZTE "the details of [its] production," to enable ZTE to address the substance ███████████ in its reply brief. Even if WSOU had not obtained █ ███████████ and produced it to ZTE, ZTE should have addressed ███████████ in its reply brief simply to satisfy its duty of candor.[2]

ZTE's arguments about ZTE's supposed confusion over ███████████ is merely an attempt to muddy a simple issue. ███████████████████████. It should have been produced *by ZTE* before WSOU filed its response. Instead, ZTE never produced it, and as a result, WSOU never saw it until after filing WSOU's response.

ZTE now opposes WSOU's attempt to bring this document to light and yet, ironically, alleges that WSOU is attempting to "silence" ZTE concerning the relevance of ███████████ by opposing a sur-sur-reply. ZTE had every opportunity to timely disclose, produce, and brief ███████████. Had ZTE timely produced the document, WSOU would have addressed it in WSOU's response and ZTE could have addressed it in ZTE's reply. Instead, ZTE concealed the existence of the document. *See* Mtn. at 2. ZTE should not be rewarded for such conduct with an opportunity to file a sur-sur-reply addressing ███████ ZTE *should* have addressed in its reply brief.

The sur-sur-reply arguments included in section III of ZTE's response brief (included without leave) should be disregarded or stricken. Even if considered, they lack merit. As explained in WSOU's proposed sur-reply, the written contents of ███████████████████████████.

Finally, ZTE is not prejudiced by the number of pages in WSOU's response. WSOU's response brief is within the page limits under the local rules. ███████████████ WSOU would still have remained within the page limits.

---

[2] WSOU's response addresses the substance of ███████████████████████████████████████████████████████████████████████████████████████████████████████.

Therefore, WSOU respectfully requests the Court grant WSOU's Motion for Leave to File Sur-Reply.

Dated: July 14, 2021                                Respectfully submitted,

                                             By:    */s/ Ryan Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court [LIVE]-Document Filing System to all counsel of record July 14, 2021.

                                                    */s/ Ryan Loveless*
Ryan S. Loveless