IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § | C.A. NO. 6:20-cv-00487-ADA C.A. NO. 6:20-cv-00488-ADA C.A. NO. 6:20-cv-00489-ADA C.A. NO. 6:20-cv-00490-ADA C.A. NO. 6:20-cv-00491-ADA C.A. NO. 6:20-cv-00492-ADA C.A. NO. 6:20-cv-00493-ADA C.A. NO. 6:20-cv-00494-ADA C.A. NO. 6:20-cv-00495-ADA C.A. NO. 6:20-cv-00496-ADA C.A. NO. 6:20-cv-00497-ADA |
| *Plaintiff*, | | |
| v. | | |
| ZTE CORPORATION | | |
| *Defendant*. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development ("WSOU") submits this Response to the Notice of Supplemental Authority (Dkt. No. 128)[1] (the "Notice") filed by Defendant ZTE Corporation ("ZTE"), in which ZTE claims that the Federal Circuit's slip opinion issued on October 26, 2021—*In re Netflix, Inc.*, Case 21-190, 2021 WL 4944826 (Fed. Cir. Oct. 26, 2021) (appeal of Eastern District of Texas No. 2:21-cv-00080-JRG-RSP) ("*Netflix*")—affects (A) ZTE's September 16, 2021, Supplemental Briefing on Transfer Under § 1404(a) (Dkt. No. 118), and (B) ZTE's December 30, 2020, Motion to Stay, Other than Venue Proceedings (Dkt. No. 49). ZTE's Notice may be disregarded because *Netflix* has no bearing on this case, and, regardless, ZTE has no live request before this Court for a stay pending resolution of venue proceedings in this matter.

First, ZTE's December 30, 2020, Motion to Stay was based on ZTE's Motion to Dismiss

---

[1] Citations herein refer to WDTX Case Nos. -00487 through -00497, and specific citations reference to the docket for WDTX Case No. -00487.

1

or in the Alternative Transfer Venue (Dkt. No. 47), which the Court denied as to ZTE on August 6, 2021 (Dkt. No. 105) and again upon reconsideration on September 3, 2021 (Dkt. No. 116). ZTE's December 30, 2020, Motion to Stay based on its denied venue motion is therefore moot.

Further, ZTE has never requested a stay pending resolution of its Supplemental Briefing on Transfer Under § 1404(a). ZTE's Supplemental Briefing on Transfer instead seeks, in the alternative, a stay pending resolution of parallel litigation in the NDTX. *See* Dkt. No. 118 at 5 ("Alternatively, the Court should stay these matters pending the resolution of the parallel litigation in the NDTX."). *Netflix* does not address a stay pending parallel litigation and, therefore, is irrelevant to the relief sought by ZTE's Supplemental Briefing on Transfer Under § 1404(a).

Even if ZTE had properly raised the issue of a stay pending resolution of its Supplemental Briefing on Transfer, *Netflix* is inapplicable here and ZTE misconstrues the authority's effect on this case. The Federal Circuit in *Netflix* **denied** Netflix's request for mandamus relief seeking to stay all proceedings pending resolution of its motion to dismiss or transfer because Netflix failed to show any delay by the district court in addressing its venue motion. *See* Dkt. No. 128-1, *2. Similarly, in the instant case, the Court timely addressed ZTE's original venue motion by denying the same, both on its first hearing (Dkt. No. 105) and again upon reconsideration (Dkt. No. 116). Furthermore, there is nothing to suggest the Court will not dispose of ZTE's Supplemental Briefing on Transfer with similar promptness. Moreover, ZTE's specific citations to the *Netflix* opinion in its Notice do not constitute "new authority" as the language quoted therein comes from prior Federal Circuit and 5th Circuit opinions that predate ZTE's Supplemental Briefing on Transfer. If ZTE is concerned about the pending motion to transfer, the proper course is to jointly request a hearing on its Supplemental Briefing on Transfer rather than request a stay with the obvious implication being to support ZTE's PTAB proceedings against WSOU.

Dated: November 2, 2021          Respectfully submitted,

                           By:    */s/ Mark D. Siegmund*
                                    James L. Etheridge
                                    Texas Bar No. 24059147
                                    Ryan S. Loveless
                                    Texas Bar No. 24036997
                                    Travis L. Richins
                                    Texas State Bar No. 24061296
                                    Brett A. Mangrum
                                    Texas State Bar No. 24065671
                                    **Etheridge Law Group, PLLC**
                                    2600 E. Southlake Blvd., Suite 120 / 324
                                    Southlake, TX 76092
                                    Tel.: (817) 470-7249
                                    Fax: (817) 887-5950
                                    Jim@EtheridgeLaw.com
                                    Ryan@EtheridgeLaw.com
                                    Travis@etheridgelaw.com
                                    Brett@etheridgelaw.com

                                    Craig D. Cherry
                                    State Bar No. 24012419
                                    Mark D. Siegmund
                                    State Bar No. 24117055
                                    Justin Allen
                                    State Bar No.  24081977
                                    **STECKLER WAYNE COCHRAN CHERRY, PLLC**
                                    8416 Old McGregor Rd.
                                    Waco, Texas 76712
                                    Telephone: (254) 651-3690
                                    Facsimile: (254) 651-3689
                                    Craig@swclaw.com
                                    Mark@swclaw.com
                                    Justin@swclaw.com

                                    *Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court [LIVE]-Document Filing System to all counsel of record November 2, 2021.

                                                */s/ Mark D. Siegmund*
                                                Mark D. Siegmund